UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

|  |  |
|---|---|
| DARREN HEYMAN, ) <br> ) <br> Plaintiff, ) <br> ) <br> vs. ) <br> ) <br> STATE OF NEVADA EX REL. BOARD OF ) <br> REGENTS OF THE NEVADA SYSTEM OF ) <br> HIGHER EDUCATION ON BEHALF OF ) <br> UNIVERSITY OF NEVADA, LAS VEGAS, et al. ) <br> ) <br> Defendant. ) <br> _____) | Case No. 2:15-cv-01228-RFB-GWF <br><br> **ORDER** |

This matter is before the Court on Defendants' Joint Motion to Strike Fugitive Documents and to Deny Plaintiff's Motions for Partial Default Against Defendants (#63), filed on May 17, 2016. Plaintiff filed a Response (#77) on May 20, 2016.

On May 17, 2016, Plaintiff filed fifteen (15) Motions for Partial Default against Defendants the State of Nevada ex rel. Board of Regents of the Nevada System of Higher Education on behalf of the University of Nevada, Las Vegas, Curtis Love, Kristin Malek, Phillip Burns, Lisa Cain, Sarah Tanford, Donald Snyder, Rhonda Montgomery, and Stowe Shoemaker ("Defendants"). *See Dkt. Nos. 48, 49, 50, 51, 52, 53, 54, 55, 56, 57, 58, 59, 60, 61, and 62.* Plaintiff argues that partial default is warranted because Defendants have failed to file an answer to his Amended Complaint (#28). *See id.* Defendants disagree. Defendants represent that they filed a Joint Motion to Dismiss Partially the Claims in Plaintiff's "First" (Second) Amended Complaint (#47) on May 13, 2016 — the agreed upon response date. *See Stipulation and Order to Extend Deadline (#33).* While Defendants admit that they did not otherwise answer Plaintiff's Amended Complaint, they argue that Plaintiff's Motions for Partial Default Judgment should be denied because they run afoul of Rule 12(a)(4) of the Federal Rules of Civil Procedure, which provides that filing a partial motion to

dismiss will suspend the time to answer those claims or counterclaims that are not subject to the motion. The Court rejects this position.

Responses to amended complaints are governed by Rule 15 of the Federal Rule of Civil Procedure. Under Rule 15, Defendants had fourteen (14) days after service of Plaintiff's Amended Complaint to file an answer. *See* Fed. R. Civ. P. 15(a)(3). Defendants failed to do so. Instead, Defendants filed a partial motion to dismiss, which they presumed would automatically extend the time for answering Plaintiff's Amended Complaint under Rule 12(a)(4). Defendants cite to *Gamble v. Boyd Gaming* Corp., 2014 WL 1331034 (D. Nev. Mar. 31, 2014) to support their position. That case is inapposite here. In *Gamble*, the parties stipulated to consolidate three related cases. *Id.* at *1. Following consolidation, the plaintiff filed a "Master Second Amended Complaint" ("MSAC") and the defendant answered by filing a partial motion to dismiss the plaintiff's fourth and fifth claims. *Id.* The plaintiff subsequently filed a motion to strike any potential affirmative defenses defendant may have had to the plaintiff's first through third claims because the defendant failed to answer those claims. *Id.* The defendant opposed the plaintiff's motion to dismiss based on the tolling provision of Rule 12(a)(4) and based on the assertion that the MSAC was a consolidated complaint rather than an amended complaint subject to Rule 15. *Id.* at *2. The *Gamble* court held that the MSAC was not an amended complaint but rather a consolidated complaint. *Id.* at *3. Therefore, the tolling provision contained in Rule 12(a)(4) applied. *Id.*

Here, there is no question that Plaintiff filed an amended complaint and, as such, Rule 15—not Rule 12— applies. "Rule 12 dictates the time for responding to the *initial* summons and complaint, Rule 15(a)(3) specifically addresses responses to *amended* pleadings." *Coppola v. Proulx*, 2012 WL 3068792, at *6 (D. Nev. July 26, 2012) (Emphasis in original). The tolling provision contained in Rule 12(a)(4) expressly alters the response time to pleadings contemplated by Rule 12, *i.e.* initial summonses and complaints. *See* Fed. R. Civ. P. 12(a)(4) ("Unless the court sets a different time, serving a motion under this rule alters *these periods* as follows . . .") (Emphasis supplied). Under Rule 15 however, "the filing of a motion to dismiss does not extend the time for filing an answer to an amended complaint, at least in the circumstances here where the

2

time for responding to the original complaint has already run." *General Mills, Inc. v. Kraft Foods Global, Inc.*, 487 F.3d 1368, 1376 (Fed. Cir. 2007), *as clarified on denial of rehearing*, 495 F.3d 1378, 1380–81 (Fed. Cir. 2007).  The time to respond to Plaintiff's original complaint in this case has long since run.  Therefore, Defendants' Partial Motion to Dismiss did not toll the deadline for answering the remaining claims contained in Plaintiff's Amended Complaint.  As such, Plaintiff's Motions for Partial Default Judgment were properly filed.  Accordingly,

## ORDER

**IT IS HEREBY ORDERED** that Defendants' Joint Motion to Strike Fugitive Documents and to Deny Plaintiff's Motions for Partial Default Against Defendants (#63) is **denied**.

DATED this 31st day of May, 2016.

_____
GEORGE FOLEY, JR.
United States Magistrate Judge