# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| DARREN HEYMAN, ) | |
| ) | |
| Plaintiff, ) | Case No. 2:15-cv-01228-RFB-GWF |
| ) | |
| vs. ) | **ORDER** |
| ) | |
| STATE OF NEVADA EX REL. BOARD OF ) REGENTS OF THE NEVADA SYSTEM OF ) HIGHER EDUCATION ON BEHALF OF ) UNIVERSITY OF NEVADA, LAS VEGAS, et al. ) ) | |
| Defendant. ) | |

This matter is before the Court on the Defendants' Motion to Strike (ECF No. 113), filed on June 13, 2016. Plaintiff filed his Opposition on June 28, 2016. (ECF No. 114). Defendants filed their Reply on July 5, 2016. (ECF No. 116).

Defendants request that the Court strike paragraphs from Plaintiff's amended complaint for being immaterial and scandalous. *Defendants' Motion to Strike* (ECF No. 113), pg. 2. Defendants argue that Plaintiff's allegations that Defendant Montgomery engaged in drug use and sexual relationships and that Defendant Burns was found guilty of a crime do not relate to Plaintiff's Title IX or negligent hiring, supervision, and training claims of relief. *Id.* at pg. 9-14. Plaintiff argues that these allegations are relevant to his claims of relief because the state should have known that Defendants were more prone to discriminate based upon sex because of the Defendants' alleged past actions. *Plaintiff's Opposition* (ECF No. 114), pg. 10-14. As a threshold matter, Plaintiff argues that Defendants' Motion to Strike should be denied because it is untimely as Defendants filed their motion after Defendants responded to Plaintiff's complaint. *Id.* at pg. 8.

. . .

. . .

Rule 12(f) of the Federal Rules of Civil Procedure provides that:

The Court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter. The court may act:

(1) on its own; or

(2) on motion made by a party either before responding to the pleading or, if a response is not allowed, within 21 days after being served with the pleading.

Fed. R. Civ. P. 12(f).

The essential function of a Rule 12(f) motion is to avoid the expenditure of time and money that must arise from litigating spurious issues by dispensing with those issues prior to trial. *Fantasy, Inc. v. Fogerty*, 984 F.2d 1524, 1527 (9th cir. 1993), *rev'd on other grounds*, 510 U.S. 517, 114 S. Ct. 1023. Matter is immaterial if it lacks an essential or important relationship to the claim for relief or the defenses being pleaded. *Fantasy, Inc.*, 984 F.2d at 1527. Scandalous matter is that which casts a cruelly derogatory light on a party or other person. *Mazzeo v. Gibbons*, 649 F. Supp. 2d 1182, 1202 (D. Nev. 2009). Superfluous historical allegations are properly subject to a motion to strike. *Fantasy, Inc.*, 984 F.2d at 1527. However, striking material pursuant to Rule 12(f) is considered a "drastic remedy" that is "generally disfavored." *Nevada Fair Housing Center, Inc. V. Clark County*, 565 F. Supp.2d 1178 (D. Nev. 2008).

Although Rule 12(f) allows a court to strike material on its own initiative, the court may not do so if the moving party filed a responsive pleading before filing its Rule 12(f) motion. *See Culinary & Serv. Emps. Union v. Hawaii Emp. Benefit Admin.*, 688 F.2d 1228, 1232 (9th Cir. 1982). In *Culinary and Service Employees Union v. Hawaii Employee Benefit Administration*, the Ninth Circuit determined that the district court committed error because "the district court has authority under Rule 12(f) to strike a pleading, in whole or in part, only if a motion is made before the moving party has filed a responsive pleading, unless the court strikes the pleading on its own initiative or no responsive pleading is permitted." *Id. See also Winnemem Wintu Tribe v. U.S. Forest Serv.*, 2013 WL 1325423, at *3 (E.D. Cal. 2013) (finding that *Culinary* requires a motion to strike to precede the filing of a responsive pleading to be timely); *Brooks v. Caswell*, 2015 WL 5178080, at *4 (D. Or. 2015).

On March 31, 2016, the Court granted Plaintiff leave to file his amended complaint. (ECF

1  No. 27).  On April 13, 2016, Plaintiff filed his amended complaint.  (ECF No. 28).  On May 13,
2  2016, Defendants filed jointly their partial motion to dismiss under the assumption that it tolled the
3  time to answer Plaintiff's amended complaint.  (ECF No. 47).  On May 31, 2016, upon
4  consideration of Defendants' joint motion to strike fugitive documents (ECF No. 63), the Court
5  held that, pursuant to Rule 15, Defendants' partial motion to dismiss did not toll the deadline for
6  answering the remaining claims in Plaintiff's amended complaint.  (ECF No. 102).  On June 13,
7  2016, Defendants filed their answer to Plaintiff's amended complaint as well as their motion to
8  strike.  (ECF No. 112 and No. 113).  Because Defendants' motion to strike did not precede the
9  filing of its answer, Defendants' motion to strike is untimely.  Accordingly,

10        **IT IS HEREBY ORDERED** that Defendants' Motion to Strike (ECF No. 113) is **denied**.
11        DATED this 20th day of July, 2016.

                                    _____
                                    GEORGE FOLEY, JR.
                                    United States Magistrate Judge