**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| DARREN HEYMAN, ) | |
| ) | |
| Plaintiff, ) | Case No. 2:15-cv-01228-RFB-GWF |
| ) | |
| vs. ) | **ORDER** |
| ) | |
| STATE OF NEVADA EX REL. BOARD OF ) | |
| REGENTS OF THE NEVADA SYSTEM OF ) | |
| HIGHER EDUCATION ON BEHALF OF ) | |
| UNIVERSITY OF NEVADA, LAS VEGAS, et al. ) | |
| ) | |
| Defendant. ) | |

This matter is before the Court on the Plaintiff's Motion to Strike (ECF No. 115), filed on June 28, 2016. Defendants filed their Response on July 14, 2016. (ECF No. 119).

Plaintiff requests that the Court strike the twenty-three affirmative defenses that Defendants list in their answer (ECF No. 112) to the amended complaint. Plaintiff argues that Defendants' affirmative defenses should be stricken for failing to plead the requisite factual basis to provide Plaintiff fair notice under Fed. R. Civ. P. 8 and because Defendants did not file their answer timely. *Motion to Strike* (ECF No. 115), pg. 8-10. Defendants argue that the heightened pleading standard articulated by the Supreme Court in *Iqbal* and *Twombly* does not apply to affirmative defenses. *Response* (ECF No. 119), pg. 4-7.

Under Rule 12(f) of the Federal Rules of Civil Procedure, the Court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter. Fed. R. Civ. P. 12(f). The essential function of a Rule 12(f) motion is to avoid the expenditure of time and money that must arise from litigating spurious issues by dispensing with those issues prior to trial. *Fantasy, Inc. v. Fogerty*, 984 F.2d 1524, 1527 (9th cir. 1993), *rev'd on other grounds*, 510 U.S. 517, 114 S. Ct. 1023. Striking material pursuant to Rule 12(f) is considered a "drastic

remedy" that is "generally disfavored." *Nevada Fair Housing Center, Inc. V. Clark County*, 565 F. Supp.2d 1178 (D. Nev. 2008). Given their disfavored status, courts often require a showing of prejudice by the moving party before granting the requested relief. *Roadhouse v. Las Vegas Metro. Police Dep't*, 290 F.R.D. 535, 543 (D. Nev. 2013). Whether to grant a motion to strike lies within the sound discretion of the district court. *Id.* Because courts strike affirmative defenses only when clearly warranted by facts, motions to strike should be denied if "substantial questions of fact appear at the pleading stage." *F.T.C. v. Johnson*, 2013 WL 4039069, at *3 (D. Nev. Aug. 5, 2013).

This district has ruled that the *Iqbal* pleading standard does not apply to affirmative defenses. *See Rockwell Automation, Inc. v. Beckhoff Automation, LLC*, 23 F. Supp. 3d 1236, 1241-42 (D. Nev. 2014); *Terrance Walker* v. *Charter Communications, Inc.*, 2016 WL 3563483, at *3 (D. Nev. 2016). In *Terrance Walker v. Charter Communications, Inc.*, the Court declined to strike the affirmative defenses on the grounds that the defendants gave the plaintiff fair notice, even when the defendants allegedly failed to provide specific facts pertaining to a defense. *Walker,* 2016 WL 3563483 at *3. The Court determined that "an affirmative statement need not contain facts making the defense plausible, as under *Iqbal*, because Rule 8(c) does not require a 'showing,' as does Rule 8(a), but an affirmative defense must at least fairly identify the legal theory upon which it rests." *Id.* at *3. (quoting *Rockwell Automation*, 23 F. Supp. 3d at 1241). To satisfy the pleading standard for an affirmative defense, a defendant need only give the plaintiff fair notice of the defense by affirmatively stating what the defense is. *Id. See also Wyshak v. City Nat. Bank,* 607 F.2d 824, 827 (9th Cir. 1979). An affirmative defense need not be plausible to survive; it must merely provide fair notice of the issues involved. *Rockwell Automation*, 23 F. Supp. 3d at 1241. (quoting *Tyco Fire Prods. LP v. Victaulic Co.*, 777 F.Supp. 2d 893, 900 (E. D. Pa. 2011).

Plaintiff argues that Defendants failed to properly plead their twenty-three affirmative defenses because they are implausible, conclusory allegations that should be rejected under the *Iqbal* and *Twombly* standard. *Motion to Strike* (ECF No. 115), pg. 8. Because Defendants need only provide fair notice of their affirmative defenses, the Court finds that the affirmative defenses should not be stricken for being improperly plead. Plaintiff further argues that Defendants' affirmative defenses should be stricken because Defendants failed to file them timely and did not

request an extension of time specifically for filing their affirmative defenses. *Motion to Strike* (ECF No. 115), pg. 8. On July 8, 2016, the Court granted Defendants' motion for enlargement of time to answer Plaintiff's amended complaint. (ECF No. 104). Fed. R. Civ. P. 8 requires affirmative defenses to be included in responsive pleadings, although absent prejudice to the plaintiff, the district court has discretion to allow a defendant to plead an affirmative defense in a subsequent motion. *Simmons v. Navajo County, Ariz.*, 609 F.3d 1011 (9th Cir. 2010). Because the Court granted Defendants' motion for enlargement of time to answer and because Defendants' affirmative defenses were included in their responsive pleading, Defendants' affirmative defenses are not stricken as untimely.

     Plaintiff argues that Defendants' #2-4 and #8-23 affirmative defenses should be stricken because they cannot be categorized as affirmative defenses. *Motion to Strike* (ECF No. 115), pg. 23-25. The Court declines to strike Defendants' #3-4 and #8-23 affirmative defenses as being "direct defenses" as argued by Plaintiff because it is not clearly warranted by facts. *Id.* at pg. 25. Defendants' second affirmative defense states that plaintiff failed to state a claim upon which relief may be granted. *Answer* (ECF No. 112), pg. 115. Although Courts have held that a failure to state a claim assertion is a defect in a plaintiff's prima facie case, and not a real affirmative defense[1], other Courts have also recognized that the inclusion of a failure to state a claim assertion as an affirmative defense is authorized by Fed. R. Civ. P. 12(h)(2), which states that "[f]ailure to state a claim upon which relief can be granted...may be raised" in an answer." *Wright v. Jacob Transp., LLC*, 2015 WL 3916001, at *5 (D. Nev. June 24, 2015); *Biscayne Cove Condo. Ass'n, Inc. v. QBE Ins. Corp.*, 951 F.Supp. 2d 1292, 1304-5 (S.D. Fla. 2013); Fed. R. Civ. P. 12(h)(2). Because Fed. R. Civ. P. 12(h)(2) permits a failure to state a claim assertion in an answer, the Court will permit Defendants' second affirmative defense to stand. Accordingly,

. . .

. . .

---

[1] *FTC v. Johnson*, 2013 WL 2460359, at *9 (D. Nev. June 6, 2013); see also *Vogel v. OM ABS, Inc.*, 2014 WL 340662, at *2 (C.D. Cal. Jan. 30, 2014).

**IT IS HEREBY ORDERED** that Plaintiff's Motion to Strike (ECF No. 115) is **denied**.

DATED this 22nd day of July, 2016.

_____
GEORGE FOLEY, JR.
United States Magistrate Judge