4 **UNITED STATES DISTRICT COURT**

5 **DISTRICT OF NEVADA**

6

| | |
|---|---|
| 7 DARREN HEYMAN, | ) |
| 8     Plaintiff, | ) Case No. 2:15-cv-01228-RFB-GWF |
| 9 vs. | ) **ORDER** |
| 10 STATE OF NEVADA EX REL. BOARD OF REGENTS OF THE NEVADA SYSTEM OF HIGHER EDUCATION ON BEHALF OF UNIVERSITY OF NEVADA, LAS VEGAS, et al. | ) |
| 12     Defendant. | ) |

This matter is before the Court on Plaintiff's Motion to Compel (ECF No. 134), filed on January 13, 2017. Defendants filed their Response (ECF No. 135) on January 27, 2017. Plaintiff filed his Reply (ECF No. 136) on February 3, 2017. Also before the Court is Plaintiff's Second Motion to Compel (ECF No. 145), filed on April 18, 2017. Defendants filed their Response (ECF No. 147) on May 2, 2017. Plaintiff filed his Reply (ECF No. 148) on May 8, 2017.

**BACKGROUND**

Plaintiff requests an order compelling Defendants to respond to Plaintiff's first set of written discovery including interrogatories, requests for production, and requests for admission. Plaintiff's written discovery requests were served separately upon multiple Defendants and span a litany of topics including personnel records, disciplinary records, communications among Defendants, records of discriminatory complaints, and employment contracts. Plaintiff argues that Defendants' objections under the Family Educational Rights and Privacy Act ("FERPA"), Title II of the Nevada System of Higher Education, and Nev. Admin. Code § 248.718 do not protect them from responding to his written discovery requests. Defendants argue that Plaintiff's motion fails to comply with LR 26-7(b) and (c) because Plaintiff did not set forth the complete test of the discovery originally sought and did

not adequately meet and confer prior to filing the motion. Defendants further argue that Plaintiff's discovery requests regarding sexual history or use of alcohol are not relevant.

**DISCUSSION**

Rule 37 of the Federal Rules of Civil Procedure allows a party to move for an order compelling discovery and requires certification that the movant has "in good faith conferred or attempted to confer with the person or party failing to make the discovery in an effort to secure the information or material without court action." Fed. R. Civ. P. 37(a)(2)(B). There are two components to the meet and confer requirement of Rule 37 that must be met. *Shuffle Master, Inc. v. Progressive Games, Inc.*, 170 F.R.D. 166, 170 (D. Nev. 1996). First, the moving party must provide a certification that "accurately and specifically conveys to the court who, where, how, and when the respective parties attempted to personally resolve the discovery dispute." *Id.* This is generally accomplished by the attachment of an affidavit certifying such. *Taylor v. Aria Resort & Casino, LLC*, No. 2:11-CV-01360-KJD, 2013 WL 2355462, at *3 (D. Nev. May 29, 2013). Second, the moving party must actually confer or attempt to confer in good faith. *Shuffle Master*, 170 F.R.D. at 170. A good faith attempt requires more than the "perfunctory parroting of statutory language," it requires a "genuine attempt to resolve the discovery dispute through non judicial means." *Id.* at 171. LR 26-7(c) also requires good-faith meet and confer efforts and a declaration setting forth the details of such efforts.

In his declaration, Plaintiff was required to set forth essential facts to enable the court to pass a preliminary judgment on the adequacy and sincerity of the good faith conferment between the parties. Plaintiff provided only a cursory review of the meet and confer efforts between the parties in his motion. Although it appears the parties have made two attempts to resolve this dispute, there is disagreement regarding the breakdown of communication between the parties and the extent of the topics discussed. Defendants represent that the parties did not meet and confer on all of the topics that are in dispute. Based upon the emails attached to each parties' briefs and considering the extent of the requests, it is unlikely that the parties were able to meaningfully discuss each discovery dispute. Therefore, Plaintiff fails to provide adequate certification regarding the parties' meet and confer efforts and the Court does not have sufficient information to determine the adequacy of the meet and

confer attempts.

LR 26-7(b) requires the moving party "to set forth in full the text of the discovery originally sought and any response to it." The burden is on Plaintiff to demonstrate that he is entitled to relief. *Agarwal v. Oregon Mut. Ins. Co.*, No. 2:11-CV-01384-LDG, 2013 WL 211093, at *3 (D. Nev. Jan. 18, 2013). Generally, it is insufficient to merely attach voluminous discovery requests and responses as exhibits to satisfy the requirements of LR 26-7(b). *Taylor*, 2013 WL 2355462 at *4. This essentially shifts the burden to the Court to sift through and root for issues that should be clear on the face of a discovery motion. *Id.*

Here, Plaintiff has simply attached more than 300 pages of propounded discovery and responses as exhibits. Although Plaintiff broadly discusses the categories of the information sought, he fails to adequately link his arguments to specific discovery requests. This is not sufficient to allow the Court to evaluate whether the information sought is relevant and discoverable and whether the responses are sufficient or require supplementation. The Court, therefore, denies Plaintiff's motions for failure to comply with LR 26-7(b), (c), and Rule 37 of the Federal Rules of Civil Procedure. Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's Motion to Compel (ECF No. 134) and Second Motion to Compel (ECF No. 145) are **denied**, without prejudice.

DATED this 2nd day of June, 2017.

_____
GEORGE FOLEY, JR.
United States Magistrate Judge