**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| DARREN HEYMAN, | ) |
| Plaintiff, | ) Case No. 2:15-cv-01228-RFB-GWF |
| vs. | ) **ORDER** |
| STATE OF NEVADA EX REL. BOARD OF REGENTS OF THE NEVADA SYSTEM OF HIGHER EDUCATION ON BEHALF OF UNIVERSITY OF NEVADA, LAS VEGAS, et al. | ) |
| Defendant. | ) |

This matter is before the Court on Plaintiff's Third Motion to Compel (ECF No. 146), filed on April 24, 2017.

Plaintiff requests an order compelling Defendant Rhonda Montgomery to respond to his first set of written discovery including interrogatories, requests for production of documents, and requests for admission. LR 26-7(b) requires the moving party "to set forth in full the text of the discovery originally sought and any response to it." The burden is on Plaintiff to demonstrate that he is entitled to relief. *Agarwal v. Oregon Mut. Ins. Co.*, No. 2:11-CV-01384-LDG, 2013 WL 211093, at *3 (D. Nev. Jan. 18, 2013). Generally, it is insufficient to merely attach voluminous discovery requests and responses as exhibits to satisfy the requirements of LR 26-7(b). *Taylor*, 2013 WL 2355462 at *4. This essentially shifts the burden to the Court to sift through and root for issues that should be clear on the face of a discovery motion. *Id.*

Although Plaintiff provides detailed information regarding his meet and confer efforts with Defendant, he fails to set forth sufficient information or legal authority to allow the Court to make a determination as to specific discovery requests. Plaintiff simply attaches all of his discovery requests as exhibits. He fails to provide any arguments or legal authority as to why Defendant's responses are

inadequate pursuant to the Federal Rules of Civil Procedure.  The Court is, therefore, unable to evaluate the adequacy of Defendant's responses on the merits.  Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's Third Motion to Compel (ECF No. 146) is **denied**.

DATED this 11th day of July, 2017.

GEORGE FOLEY, JR.
United States Magistrate Judge