# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

\* \* \*

DARREN HEYMAN,

        Plaintiff,

v.

THE STATE OF NEVADA EX REL. BOARD OF REGENTS OF THE NEVADA SYSTEM OF HIGHER EDUCATION ON BEHALF OF THE UNIVERSITY OF NEVADA, LAS VEGAS; NEAL SMATRESK; DONALD SNYDER; STOWE SHOEMAKER; RHONDA MONTGOMERY; CURTIS LOVE; SARAH TANFORD; PHILLIP BURNS; KRISTIN MALEK; LISA MOLL-CAIN; DEBRA PIERUSCHKA; ELSA SIDHU AND DOES I - X INCLUSIVE,,

        Defendants.

Case No. 2:15-cv-01228-RFB-GWF

**ORDER**

Defendant Smatresk's Motion to Dismiss and Defendants' Joint Motion to Dismiss

## I. INTRODUCTION

Before the Court are two Motions to Dismiss. The first was filed by Defendant Neal Smatresk ("Smatresk") (ECF No. 45), and the second was jointly filed by all Defendants in the case (ECF No. 47). After reviewing the parties' submissions, for the reasons discussed below, the Court GRANTS both Motions to Dismiss.

## II. BACKGROUND

Plaintiff Darren Heyman ("Plaintiff") filed his original Complaint in the Eighth Judicial

District Court of Clark County on May 11, 2015, and filed an Amended Complaint in the same court on June 10, 2015. (ECF No. 1). Plaintiff's Amended Complaint listed fifteen causes of action, including fourteen state law claims and one Title IX claim. The Defendants named in the state court action were the State of Nevada ex rel. Board of Regents of the Nevada System of Higher Education on behalf of the University of Nevada, Las Vegas ("UNLV"), Neal Smatresk ("Smatresk"), Donald Snyder ("Snyder"), Stowe Shoemaker ("Shoemaker"), Rhonda Montgomery ("Montgomery"), Curtis Love ("Love"), Sarah Tanford ("Tanford"), Phillip Burns ("Burns"), Kristen Malek ("Malek"), and Lisa Moll-Cain ("Moll-Cain") (collectively, "Removing Defendants"). On June 29, 2015, the Removing Defendants removed the case to this Court, arguing that Plaintiff's Amended Complaint added a federal law claim. (ECF No. 1). Removing Defendants filed a First Motion to Dismiss on July 13, 2015. (ECF No. 9). Plaintiff filed a First Motion for Leave to File Amended Complaint on August 10, 2015. (ECF No. 18). Removing Defendants filed a Response on August 18, 2015. (ECF No. 20). Plaintiff filed a Response to the First Motion to Dismiss on August 24, 2015. (ECF No. 21). The next day, Plaintiff filed a Reply to the Response to the First Motion for Leave to File Amended Complaint. (ECF No. 22). Removing Defendants filed a Reply to Plaintiff's Response to the First Motion to Dismiss on September 3, 2015. (ECF No. 24). On March 31, 2016, the Court entered a Minute Order granting Plaintiff's Motion for Leave to File Amended Complaint, and denying Removing Defendants' Motion to Dismiss without prejudice.

Plaintiff filed the operative Amended Complaint on April 13, 2016. (ECF No. 28).[1] In addition to the fifteen causes of action alleged in the First Amended Complaint, Plaintiff pleads sixteen other causes of action in the SAC. The SAC also added two new defendants, Debra Pieruschka ("Pieruschka") and Elda Sidhu ("Sidhu"). Defendant Smatresk filed a Motion to Dismiss on May 13, 2016. (ECF No. 45). All Defendants, including Pieruschka and Sidhu, also filed a Joint Motion to Dismiss on May 13, 2016. (ECF No. 47). On May 30, 2016, Plaintiff filed

---

[1] In the Motion papers, the parties agree that this Amended Complaint should be referred to as the "Second Amended Complaint," as Plaintiff has filed a First Amended Complaint in state court. Therefore, the Court will refer to the document as the "Second Amended Complaint" or "SAC".

Responses to the Motions to Dismiss. (ECF Nos. 99, 100). On June 9, 2016, Defendants filed Replies to the Responses. (ECF Nos. 109, 110).

The causes of action Plaintiff alleges are:

- 1) Defamation, against UNLV, Montgomery, Love, Tanford, Burns, Malek, and Moll-Cain;
- 2) Invasion of Privacy – False Light, against UNLV, Montgomery, Love, Tanford, Malek, and Moll-Cain;
- 3) Civil Conspiracy, against UNLV, Montgomery, Love, Tanford, Burns, Malek, and Moll-Cain;
- 4) Concerts of action, against UNLV, Montgomery, Love, Tanford, Burns, Malek, and Moll-Cain;
- 5) Intentional Infliction of Emotional Distress, against UNLV, Montgomery, Love, Tanford, Burns, Malek, and Moll-Cain;
- 6) Breach of Contract, against UNLV, Smatresk, Snyder, Montgomery, Love, Tanford, Burns, Malek, and Moll-Cain;
- 7) Contractual Breach of Implied Covenant of Good Faith and Fair Dealing, against UNLV, Smatresk, Snyder, Shoemaker, Montgomery, Love, Tanford, Burns, Malek, and Moll-Cain;
- 8) Tortious Breach of Implied Covenant of Good Faith and Fair Dealing, against UNLV, Smatresk, Snyder, Shoemaker, Montgomery, Love, Tanford, and Burns;
- 9) Constructive Fraud, against UNLV, Montgomery, Love, Tanford, Burns, Malek, and Moll-Cain;
- 10) Deceit or Misrepresentation, against UNLV, Snyder, Burns, and Shoemaker;
- 11) Detrimental Reliance, against UNLV, Snyder, Shoemaker, and Burns;
- 12) Fraud in the Inducement, against UNLV, Smatresk, Snyder, Shoemaker, and Burns;
- 13) Fraud / Intentional Misrepresentation, against UNLV, Montgomery, Love, Tanford, Burns, Malek, and Moll-Cain;

- 14) Sexual Harassment in violation of Nevada Fair Employment Practices Act, against UNLV, Montgomery, Love, Tanford, Burns, Malek, and Moll-Cain;
- 15) Sexual Harassment in violation of Title IX, against UNLV;
- 16) Negligence, against UNLV, Smetrask, Snyder, Shoemaker, Montgomery, Love, Tanford, Burns, Malek, and Moll-Cain;
- 17) Negligent Hiring, Training, Supervision, and Retention, against UNLV, Smatresk, Snyder, and Shoemaker;
- 18) Malicious Prosecution, against UNLV, Debra Pieruschk and Sidhu;
- 19) Defamation, against UNLV, Pieruschka, and Sidhu;
- 20) Invasion of Privacy – False Light, against UNLV, Pieruschka, and Sidhu;
- 21) Civil Conspiracy, against UNLV, Pieruschka, Sidhu, Snyder, Shoemaker, Montgomery, Love, Tanford, Burns, Malek, and Moll-Cain;
- 22) Concert of action, against UNLV, Pieruschka, Sidhu, Snyder, Shoemaker, Montgomery, Love, Tanford, Burns, Malek, and Moll-Cain;
- 23) Intentional Infliction of Emotional Distress, against UNLV, Pieruschka, and Sidhu;
- 24) Neglience, against UNLV, Pieruschka, and Sidhu;
- 25) Contractual Breach of the Implied Covenant of Good Faith and Fair Dealing, against UNLV, Pieruschka, and Sidhu;
- 26) Intentional Infliction of Emotional Distress, against UNLV;
- 27) Negligence, against UNLV;
- 28) Breach of Contract, against UNLV;
- 29) Contractual Breach of the Implied Covenant of Good Faith and Fair Dealing, against UNLV;
- 30) Tortious Breach of the Implied Covenant of Good Faith and Fair Dealing, against UNLV; and
- 31) Civil Conspiracy, against UNLV, Pieruschka, Sidhu, Snyder, Shoemaker, Montgomery, Love, Tanford, and Burns.

1    Claims 1 through 17 involve an incident in which Plaintiff alleges that several named Defendants created and furthered a rumor that he would cheat on a Qualifying Exam, and other Defendants failed to properly investigate the rumor. Of those claims, Claims 1 through 15 were previously asserted in the First Amended Complaint. Claims 18 through 25 involve a Bar Complaint that Defendant Pieruschka filed against Plaintiff, which Plaintiff claims was done in retaliation for his filing the instant suit. Claims 26 through 31 are allegedly "subsequent actions" taken by Defendant UNLV following the incident asserted in Claims 1 through 17.

### III.    LEGAL STANDARD

An initial pleading must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a). The court may dismiss a complaint for failing to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). In ruling on a motion to dismiss, "[a]ll well-pleaded allegations of material fact in the complaint are accepted as true and are construed in the light most favorable to the non-moving party." Faulkner v. ADT Sec. Servs., Inc., 706 F.3d 1017, 1019 (9th Cir. 2013) (citations omitted). In addition, documents filed by a plaintiff who is proceeding without counsel (as is the case here) must be liberally construed, and a pro se complaint must be "held to less stringent standards than formal pleadings drafted by lawyers." Erickson v. Pardus, 551 U.S. 89 (2007) (quoting Estelle v. Gamble, 429 U.S. 97, 106 (1976)) (citations and internal quotation marks omitted); see also Butler v. Long, 752 F.3d 1177, 1180 (9th Cir. 2014).

To survive a motion to dismiss, a complaint need not contain "detailed factual allegations," but merely asserting "'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action'" is not sufficient. Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). In other words, a claim will not be dismissed if it contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face," meaning that the court can reasonably infer "that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678 (citation and quotation marks omitted). In elaborating on the pleading standard described in Twombly and Iqbal, the Ninth Circuit has held that for a complaint

to survive dismissal, the plaintiff must allege non-conclusory facts that, together with reasonable inferences from those facts, are "plausibly suggestive of a claim entitling the plaintiff to relief." Moss v. U.S. Secret Service, 572 F.3d 962, 969 (9th Cir. 2009).

"As a general rule, a district court may not consider any material beyond the pleadings in ruling on a Rule 12(b)(6) motion." Lee v. City of Los Angeles, 250 F.3d 668, 688 (9th Cir. 2001) (citation and internal quotation marks omitted). In deciding a motion to dismiss under Rule 12(b)(6), the district court's review is limited to the complaint itself; the court does not decide at this stage whether the plaintiff will ultimately prevail on her claims, but rather whether he or she may offer evidence to support those claims. Cervantes v. City of San Diego, 5 F.3d 1273, 1274 (9th Cir. 1993) (citing Scheuer v. Rhodes, 416 U.S. 232, 236 (1974)).

If the district court relies on materials outside the pleadings submitted by either party to the motion to dismiss, the motion must be treated as a Rule 56 motion for summary judgment. Anderson v. Angelone, 86 F.3d 932, 934 (9th Cir. 1996). However, two exceptions to this rule exist. First, the court may consider extrinsic material "properly submitted as part of the complaint," meaning documents either attached to the complaint or upon which the plaintiff's complaint necessarily relies and for which authenticity is not in question. Lee, 250 F.3d at 688 (citation omitted). Second, the court "may take judicial notice of matters of public record." Id. (citation and internal quotation marks omitted).

## IV. DISCUSSION

Because Defendants assert claims of immunity in both Motions to Dismiss, those grounds will be addressed first.

### A. Discretionary Immunity

Defendant Smatresk argues that all claims against him should be dismissed because Smatresk, as an officer of UNLV during the time of the alleged events, is immune from suit under the doctrine of discretionary immunity, pursuant to Nevada Revised Statute ("NRS") 41.032.[2] NRS 41.032 provides: "Except as provided in NRS 278.0233 no action may be brought under NRS

---

[2] The claims asserted against Defendant Smatresk are Claims 6, 7, 8, 12, 16, and 17,

41.031 or against an immune contractor or an officer or employee of the State or any of its agencies or political subdivisions which is . . . (2) Based upon the exercise or performance or the failure to exercise or perform a discretionary function or duty on the part of the State or any of its agencies or political subdivisions or of any officer, employee or immune contractor of any of these, whether or not the discretion involved is abused." The Nevada Supreme Court has held that "[p]ersonal deliberation, decision and judgment are requirements of a discretionary act. . . . Such a decision should not be second guessed by a court with the benefit of hindsight." Parker v. Mineral Cty., 729 P.2d 491, 493 (Nev. 1986) (citations omitted). To determine whether an action of a state officer falls within the scope of NRS Section 41.032(2), a court must consider whether the action "(1) involve[s] an element of individual judgment or choice and (2) [is] based on considerations of social, economic, or political policy." Martinez v. Maruszczak, 168 P.3d 720, 729 (Nev. 2007).

Plaintiff contends that Smatresk's role as President was operational or ministerial, based upon UNLV's Code of Conduct, and therefore discretionary immunity should not apply. Because claims 6 through 8 allege contract-related causes of action, the Court will examine the language of the Code of Conduct, attached to Smatresk's Reply Brief as Exhibit 1. Provisions related to the role of the President include:

- "The Nevada System of Higher Education (NSHE) Board of Regents reserves to the President of the University the authority and responsibility for matters of student discipline. This authority is delegated by the President to the Vice President for Student Affairs or his/her designee for the processing of conduct matters, hearings and appeals." (ECF No. 109-1 at 2).
- "The President of the University has the responsibility for student conduct and discipline and shall exercise this responsibility through established procedures as prescribed in the Code, which is authorized by Title 2, Chapter 6 of the NSHE Code. The President of UNLV delegates such authority to the Vice President for Student Affairs who, in turn, appoints the Office of Student Conduct to administer the Code . . . ." (ECF No. 109-1 at 10).
- "Depending upon the severity of the violation, and whether a repeat or multiple

violations are involved, sanctions may be imposed by [various other administrators] or the President of the University in any order or combination." (ECF No. 109-1 at 19).

Based upon the aforementioned provisions, and review of the Code of Conduct as a whole, the Court finds that Smatresk's role in enforcing the Code of Conduct was discretionary. Only when the delegated officers – namely, the Vice President of Student Affairs and members of the Office of Student Conduct – exercised their discretion to refer a case to the President for sanctions was Smatresk in the position to impose sanctions based upon his "personal deliberation, decision and judgment." Parker, 729 P.2d at 493. In circumstances in which cases were not referred to the President, no exercise of discretion is necessary.

The Court finds that Smatresk's characterization of University of Nevada v. Stacey is more persuasive than Plaintiff's characterization of the case. 997 P.2d 812 (Nev. 2000). In Stacey, the Nevada Supreme Court held that the University of Nevada, Reno ("UNR")'s decision not to award tenure to a professor was discretionary, despite plaintiff's arguments that the terms of his teaching agreement entitled him to tenure. 997 P.2d at 814. The court additionally examined other UNR policy documents, including several sets of bylaws and an administrative manual. Id. The Court agrees with Smatresk that the instant case is similar to Stacey, in which the court stated: "[w]e see nothing ministerial . . . in a university's subjective decision to grant one of its professor's lifetime employment." Id. at 816. This Court sees nothing ministerial in a university President's subjective decisions not to impose sanctions upon students or faculty, particular when neither sanctions nor further investigation has been recommended to him by the Vice President of Student Affairs or the Office of Student Conduct.

Further, the Court finds that the two-part Martinez test is satisfied: (1) the President may exercise his judgment to impose sanctions; and (2) that judgment is based upon considerations of the social policy underlying the Code of Conduct – fostering an ethical university environment. In Martinez, the Nevada Supreme Court held that a university-employed physician could not assert discretionary immunity, finding that "while a physician's diagnostic and treatment decisions involve judgment and choice, thus satisfying the test's first criterion, those decisions generally do

not include policy considerations, as required by the test's second criterion." 168 P.3d at 729. A physician treating an individual, however, does not occupy the same role as a university president. As President, Smatresk's role in enforcing the Code of Context involved considerations of policy, and balancing of the overall disciplinary, educational, community, and health priorities of UNLV. For example, certain sanctions are imposed more harshly if a violation of the Code of Conduct is motivated by race, gender, age, disability, or a number of other personal characteristics. (ECF No. 109-1 at 19).

Therefore, the Court grants Smatresk's Motion to Dismiss claims 6, 7, 8, 12, 16, and 17 on the basis of discretionary immunity. As all claims against Smatresk can be dismissed on these grounds, the Court will not analyze in depth the other arguments made in Smatresk's Motion to Dismiss. With regard to the contractual claims, the Court does not find that Plaintiff was in a contract with the individually named parties, and agrees with Smatresk that there existed no binding agreement Plaintiff specifically to investigate alleged Code of Conduct violations in a particular fashion. With regard to the negligence and negligent hiring, training, supervision, and retention claims, the Court also agrees that the facts as pleaded do not specifically allege a breach of duty with regard to Defendant Smatresk.

**B. Absolute Immunity**

Defendants named in Claims 18 through 25 argue that the claims should be dismissed as grievants who file a complaint with the Nevada Bar are granted absolute immunity from liability. Nevada Supreme Court Rule ("NSCR") 106(1) provides: "All participants in the discipline process, including grievants, bar counsel staff, members of disciplinary panels, diversion and mentoring participants, and witnesses, shall be absolutely immune from civil liability. No action may be predicated upon the filing of a disciplinary complaint or grievance or any action taken in connection with such a filing by any of the participants. Except that any disclosures made pursuant to Rule 121(16) shall not be immune under this rule." NSCR 121(16) provides: "These rules shall not prohibit any complainant, the accused attorney, or any witnesses from discussing publicly the existence of the proceedings under these rules or the underlying facts related thereto. However, disclosures made under this subsection, in whatever form or by whatever means, outside the

disciplinary process shall not be covered by the civil immunity afforded in Rule 106(1)."

Plaintiff alleges that on May 20, 2015, Defendant Pieruschka filed a complaint with the State Bar of Nevada, claiming that Plaintiff was practicing Nevada law without a license. Plaintiff also alleges that on June 10, 2015, Brett Nicholls ("Nicholls"), a friend of Plaintiff's, went to UNLV to serve Pieruschka, on behalf of her clients, with copies of the First Amended Complaint. Plaintiff claims that Pieruschka told Nicholls that she was planning on filing a complaint with the Nevada Bar. Defendants contend that, as a matter of public policy, complainants to the Nevada Bar should be afforded absolute liability from civil actions.

Plaintiff counters that absolute liability should not apply to Defendants, as the Bar complaint was filed falsely and in bad faith. Plaintiff claims that he never practiced Nevada law in Nevada, and that the Bar complaint was maliciously filed, since Defendants knew that he was applying to the Nevada Bar and that his moral character would be on review. Plaintiff admits, however, that he received notification from the State Bar of Nevada indicating that no formal disciplinary file was open and the matter was closed. (ECF No. 28 at 93). Plaintiff also contends that Defendant Pieruschka told Nicholls, a disinterested third party, about a plan to file a complaint, and therefore immunity cannot be extended pursuant to NSCR 121(16).

The Court finds that absolute immunity applies in this case. Plaintiff alleges that Pieruschka told Nicholls that "since [Mr. Nicholls] had picked up the [service] documents from [Plaintiff] at his law office in Town Square, she was going to file a Complaint against Darren with the State of Nevada Bar . . . ." (ECF No. 28 at 89). Plaintiff does not allege that Pieruschka or any other Defendant spoke to Nicholls about a complaint already filed with the Nevada Bar. The plain language of NSCR 121(16) prevents absolute immunity only when the "existence of proceedings" or underlying facts related to an existing proceeding is publicized. Pieruschka's alleged plans to file a complaint against Plaintiff, spoken to Nicholls, did not indicate that a proceeding had in fact been initiated. Therefore, the Court finds that NSCR 106 affords Defendants immunity from civil liability based on the filing of the Bar complaint.

The Court has also reviewed the elements of the causes of action asserted in Claims 18 through 25, and agrees with Defendants that Plaintiff fails to state a claim for all such causes of

action. Specifically, Plaintiff fails to allege actual damage for these claims, as the State Bar of Nevada has not entered formal disciplinary proceedings against him. With regard to the defamation claim, the Court declines to find defamation per se, as the element of fault has not been sufficiently pleaded.

### C. State Law Employment Discrimination Claim

The Nevada Fair Employment Practices Act, codified in Nevada Revised Statute 613.330, prohibits unlawful employment practices based on a person's sex or gender identity or expression, along with other protected characteristics. Plaintiff alleges that the individual former students, professors, and program director named as Defendants violated the statute by taking retaliatory and adverse action against Plaintiff when he was allegedly falsely accused of planning to cheat on the Qualifying Exams. Defendants argue that Plaintiff's claim under the Nevada Fair Employment Practices Act fails because Plaintiff has not exhausted administrative remedies. Defendants also argue that they were not "employers" within the meaning of the statute, and did not "personally" employ Plaintiff. Defendants also argue that the claim is time barred.

Plaintiff counters that administrative remedies under the statute are optional, not mandatory. He alternatively argues that he has filed an intake with the Equal Employment Opportunity Commission ("EEOC") and received a Notice of right to Sue. Plaintiff additionally argues that he timely reported Defendants' retaliatory actions to the EEOC on October 7, 2015, within 180 days of Plaintiff's awareness of the first and second retaliatory actions. He also alleges that he was made aware of UNLV's unilateral expulsion in March 2016, and has filed another EEOC complaint.

The Court finds that Plaintiff does not sufficiently allege facts to support a finding that he was an employee at the time of the discriminatory acts. A charge under the Nevada Fair Employment Practices Act necessarily requires, as a matter of law, a court to find an existing employment relationship between a plaintiff and defendant. Here, Plaintiff's allegations all occurred in the context of him being a student. He argues that, at the time the alleged events took place, he did not believe he was an employee, and Defendants either did not want him to know he had rights as an employee, or alternatively that Defendants also did not believe he was an

employee. Plaintiff claims in his Response that he learned that he was an employee since the action was filed; however, the Court finds this claim an unsupported legal conclusion, and therefore dismisses Claim 14. The Court declines to analyze Defendant's statute of limitations argument, but does acknowledge that the argument potentially provides further reason to dismiss the claim.

**D. Title IX Statute of Limitation**

Title IX of the Education Amendments of 1972 ("Title IX") prohibits any education program or activity receiving Federal financial assistance from discriminating on the basis of sex. 20 U.S.C. § 1681. The Supreme Court has held that Title IX contemplates a private right of action for claims of retaliation. Jackson v. Birmingham Bd. of Educ., 544 U.S. 167, 171 (2005). The Court has also held that Title IX's private right of action encompasses sex discrimination from teacher to student, and harassment from teacher to student or student to student, when an institution acts with deliberate indifference to harassment complaints. Jackson, 544 U.S. at 173-74. In order to establish a claim for deliberate indifference, a plaintiff must show that the institution failed to respond to known acts of harassment "so severe, pervasive, and objectively offensive that [such harassment] effectively bars the victim's access to an educational opportunity or benefit." Davis v. Monroe Cty. Bd. Of Educ., 526 U.S. 629, 633 (1999). Even if a plaintiff alleging Title IX discrimination cannot show that an institution was deliberately indifferent to one student's sexual harassment of another, plaintiff may still have a claim for retaliation.

Here, even construing the facts in the light most favorable to Plaintiff, neither retaliation nor deliberate indifference is sufficiently alleged. Plaintiff claims that Defendant Malek made an unwanted sexual advance toward Plaintiff while the two were graduate students at UNLV, prior to she and other Defendants spreading the rumor that Plaintiff would cheat on the Qualifying Exam. However, Plaintiff further alleges that he "thought nothing of Ms. Malek's unwanted sexual advances" at the time he discussed the cheating accusations with Defendant Burns. (ECF No. 28 at 71). Plaintiff does state that he told Burns that he believed the accusations were being perpetuated on the basis of Plaintiff's sex and/or gender – yet, he does not allege any facts that support a finding of Title IX retaliation following his discussion with Burns. Plaintiff took and passed the Qualifying Exam, and the results were not challenged by any of the Defendants.

Plaintiff has not shown that he was retaliated against for complaining about Malek's conduct, which he appears to have first done in this action, or for discussing with Burns his belief that the cheating accusations were spread with a discriminatory purpose.

With regard to Malek's unwanted conduct, the Court does not find that any Defendants acted with deliberate indifference. Again, the facts of the Second Amended Complaint do not establish that UNLV or its officials failed to act or otherwise subjected Plaintiff to further harassment after he made his initial complaint with Burns. Although Plaintiff alleges that Burns did not disclose that he was UNLV's Title IX officer, or advise Plaintiff of any rights he had pursuant to Title IX, the Court finds that such disclosures are not elements of the deliberate indifference test.

Further, based on the facts alleged, it is clear that the UNLV Defendants did not act with deliberate indifference. Plaintiff alleges that, on May 13, 2013, four days prior to the Qualifying Exam, he met with the Dean of the Ph.D. program at the Hotel College and was informed about the existence of the cheating accusations. (ECF No. 28 at 15). Plaintiff then emailed Defendant Snyder, then UNLV President, who responded the following day that the accusation would be investigated. (ECF No. 28 at 21). On May 16, 2013, the day before the scheduled Qualifying Exam, Snyder informed Plaintiff that the accusation was a "student based rumor" and was "clearly not the thinking or belief of the College or the University." (ECF No. 28 at 21). Defendant Love was removed as a proctor for the Qualifying Exam, at Plaintiff's request. (ECF No. 28 at 22). Plaintiff was given an extension to take the Qualifying Exam, on which he received a higher than passing score. (ECF No. 28 at 22). Snyder emailed Plaintiff to inform him that the accusations would be investigated pursuant to UNLV policies and procedures, and that the matter was referred to the Office of Student Conduct. (ECF No. 28 at 23). On May 31, 2013, Plaintiff met with Burns, then Director of the Office of Student Conduct, and Burns told Plaintiff that an investigation would begin immediately. (ECF No. 28 at 24). Plaintiff and Burns exchanged emails about the investigation over the course of Summer 2013. (ECF No. 28 at 24). In September 2013, Burns met with Plaintiff and informed Plaintiff that the investigation was completed. (ECF No. 28 at 25).

In light of the above facts, the Court finds that Claim 15 must be dismissed for failure to

state a claim. As no cause of action has been adequately pleaded, the Court declines to analyze Defendants' argument that the claim is time-barred.

### E. Punitive Damages

Plaintiff seeks punitive damages specifically for the sex-based discrimination he alleges, and generally in his prayer for relief. Defendants argue that, under NRS 41.035, punitive damages may not be awarded against government officers in tort actions. Defendants contend that all individually named Defendants were employees of UNLV during the time of the alleged incidents. Plaintiff counters that NRS 41.035 does not apply to actions government officers take outside the scope of their employment, and argues that the "purposeful dissemination of lies" is not within the scope of public duties. He also contends that the punitive damages bar of NRS 41.035 does not apply to any Defendants sued in their individual capacity.

The Court does not agree with Plaintiff that he alleges facts pertaining to actions taken outside the scope of Defendants' employment. His claims related to the cheating accusations and the filing of the Bar complaint appear to involve actions performed in the context of Defendants' employment. The Court does not interpret NRS 41.035 to permit requests of punitive damages when Nevada officers or employees are sued in their individual capacity acting within the scope of their employment. Because all tort actions alleged involve actions or omissions performed within the scope of Defendants' public duties or employment, the Court finds NRS 41.035 prohibits Plaintiff from requesting punitive damages on the surviving tort claims.

///
///
///
///
///
///
///
///
///

## IV. CONCLUSION

**IT IS THEREFORE ORDERED** that Defendant Smatresk's Motion to Dismiss (ECF No. 45) and Defendants' Joint Motion to Dismiss (ECF No. 47) are **GRANTED**. Claims 6, 7, 8, 12, 16, and 17 are dismissed with prejudice as to Defendant Smatresk. Claims 14, 15, 18, 19, 20, 21, 22, 23, 24, and 25 are dismissed with prejudice as to all Defendants.

DATED this 19th day of October, 2017.

_____
**RICHARD F. BOULWARE, II
UNITED STATES DISTRICT JUDGE**