1

2

3

4

5 **UNITED STATES DISTRICT COURT**

6 **DISTRICT OF NEVADA**

7

8 DARREN HEYMAN, )
  )
9                  Plaintiff, )    Case No. 2:15-cv-01228-RFB-GWF
  )
10 vs. )    **OMNIBUS ORDER**
  )
11 STATE OF NEVADA EX REL. BOARD OF )
  REGENTS OF THE NEVADA SYSTEM OF )
12 HIGHER EDUCATION ON BEHALF OF )
  UNIVERSITY OF NEVADA, LAS VEGAS, et al. )
13                      )
                   Defendant. )
14 _____ )

15       This matter is before the Court on Plaintiff's Third Motion to Compel Defendant State of

16 Nevada ex rel. Board of Regents of the Nevada System of Higher Education on behalf of University

17 of Nevada, Las Vegas ("UNLV") (ECF No. 189), Defendant Phillip Burns (ECF No. 190), Defendant

18 Lisa Moll-Cain (ECF No. 191), Defendant Curtis Love (ECF No. 192), Defendant Kristin Malek

19 (ECF No. 193), Defendant Stowe Shoemaker (ECF No. 194), Defendant Donald Snyder (ECF No.

20 195), and Defendant Sarah Tanford (ECF No. 196) to Further Respond to Plaintiff's Discovery

21 Requests, filed on September 27, 2017. Defendants filed their Responses (ECF Nos. 207, 208, 209,

22 210, 211, 212, 213, 214, 215) on October 11, 2017. Plaintiff filed his Replies (ECF Nos. 217, 218,

23 219, 220, 221, 222, 223, 224) on October 18, 2017.

24       Plaintiff filed eight separate motions to compel against eight Defendants, but provided

25 identical substantive arguments in each motion for information sought by Plaintiff that is substantially

26 similar for each Defendant. The Court will address the eight separate motions to compel including

27 discovery requests that are particular to specific Defendants in this omnibus order.

28 . . .

**BACKGROUND**

Plaintiff Darren Heyman ("Heyman") filed his first amended complaint (ECF No. 28) on April 13, 2016. Heyman alleges a variety of causes of action against Defendants UNLV, former University President Neal Smatresk, Snyder, Shoemaker, Burns, Montgomery, Love, Tanford, Malek and Moll-Cain, arising from a false accusation of cheating and subsequent investigation, including defamation, false light, conspiracy, concert of action, intentional infliction of emotional distress, breach of contract based on violations of UNLV's Code of Conduct, contractual and tortious breach of the covenant of good faith and fair dealing, constructive fraud, deceit and misrepresentation, fraudulent inducement, fraud/intentional misrepresentation, negligence, and negligent hiring, training and retention. *Id.* at ¶¶ 292-812.

Heyman alleges that in 2013, he was enrolled in the Ph.D. program in the Hotel College at the University of Nevada Las Vegas ("UNLV"). As part of that program, he was required to pass the "Q-Exam." Heyman alleges that on May 3, 2013, he was informed that Defendants Kristin Malek and Lisa Moll-Cain, who were also Ph.D. students, and "faculty who they had aligned themselves with," were going to try to have Heyman "separated" from UNLV if he failed the Q-Exam on his first try. On May 13, 2013, Heyman met with Dean Busser who was the head of the Ph.D. program. Dean Busser asked Heyman if he planned to cheat on the Q-Exam. He informed Heyman that Professors Rhonda Montgomery and Curtis Love, and Defendant Malek, had accused him of planning to cheat on the exam. Heyman stated that the accusation was false. *First Amended Complaint*, at ¶¶ 102-125.

On May 13, 2013, Heyman sent an email to Defendant Donald Snyder, Dean of the Hotel College, regarding the accusation made against him. Snyder informed Heyman that he had just learned of the accusation and that it would be investigated. On May 16, 2013, one day before the Q-Exam, Snyder sent Heyman an email stating that the accusation was a student based rumor and was "clearly not the thinking or belief of the College or University." Snyder stated that an investigation into the rumor would be conducted. Snyder also offered Heyman up to one month to take the Q-Exam. Heyman took the examination on May 23-24, 2013 and passed it. *Id.* at ¶¶ 173-187.

Snyder referred Heyman to Defendant Phillip Burns, the Director of the Office of Student Conduct. Heyman met with Burns on May 31, 2013. He asked Burns if he was friendly with

2

Montgomery, Love, Malek or Moll-Cain. Burns stated he was not. Burns indicated that he did not know any of these individuals by name. Heyman spent over two hours with Burns providing him with information about the sequence of events. He also sent Burns a detailed written account of names, dates, e-mails, times, and events. Heyman alleges that Burns purposefully did not inform him that he may have a Title IX claim against UNLV or the individuals involved in making the false accusation. *Id.* at ¶¶ 195-207. Heyman sent Burns several emails inquiring about the investigation. Burns informed Heyman that he could not question students or faculty who were not enrolled or present in school during the summer. Burns met with Heyman in September 2013 and informed him that he had completed the investigation. Burns stated that he only had authority over students and did not have authority over faculty. He indicated that he had determined that the investigation of the students was a "he-said, she-said" situation, and he recommended that no action be taken against any student. Burns also told Heyman that he was largely to blame for the accusation made against him. Burns refused to tell Heyman whom he had questioned and refused to provide Heyman with the investigation report. *Id.* at ¶¶ 211-227.

In June 2014, Heyman became aware that Burns actually did know Montgomery prior to his first meeting with Heyman, and that Burns had spoken to Montgomery's classes multiple times over the years and had also socialized with her. Heyman sent an email to Snyder informing him that Burns had failed to disclose his relationship with Montgomery. Snyder informed Heyman that he would no longer discuss the accusation with him. Heyman was notified by UNLV's in-house counsel that any further discussion about the accusation should go through counsel. Heyman met with UNLV's general counsel and recounted what had transpired. He requested that UNLV hire an outside investigator. However, no independent investigation was ever done. No one was disciplined for making the false accusation. Instead, Defendant Tanford received tenure, Defendant Montgomery was promoted, and Defendant Love retired with a full pension. *Id.* at ¶¶ 239-256.

Heyman alleges that on September 1, 2015, he filed a request for a leave of absence from UNLV until the fall of 2016 or 2017. On March 10, 2016, the UNLV Graduate College notified Heyman that he was being separated from the graduate program based on his failure to return from his leave of absence. On March 21, 2016, Heyman's leave of absence was reinstated and UNLV

apologized for any undue stress that the notice of separation caused him. Heyman's twenty-sixth

through thirtieth claims for relief allege claims against UNLV for intentional infliction of emotional

distress, negligence, breach of contract, and contractual and tortious breach of the covenant of good

faith and fair dealing relating to the letter of separation. His thirty-first claim for relief alleges a claim

for civil conspiracy against UNLV and several individual Defendants including Montgomery,

apparently on the grounds that they were involved in the decision to issue the separation letter. *First

Amended Complaint*, at ¶¶ 1009-1096.

Heyman also alleged causes of action for sexual harassment against UNLV, Montgomery,

Love, Tanford, Burns, Malek and Moll-Cain. These claims were dismissed by the Court on March

31, 2017. The Court also dismissed Heyman's claims against Defendant Smatresk and it dismissed

Heyman's eighteenth through twenty-fifth claims for relief which were based on the allegation that

UNLV's in-house counsel had filed a meritless complaint with the Nevada State Bar that Heyman

was practicing law without a license. *Order* (ECF No. 225); s*ee also First Amended Complaint.* at ¶¶

622-685. As a result of the Court's partial dismissal order, Plaintiff's complaint boils down to the

following factual claims: First, Heyman alleges that he was falsely accused of intending to cheat on

the Q-Exam in May 2013. Second, he alleges that UNLV and its administrators failed to conduct an

impartial investigation and properly discipline the faculty members and students responsible for

making the false accusation. Third, he alleges that Defendant improperly terminated him from the

Ph.D. program for failing to return from his leave of absence.

On July 28, 2017, Plaintiff filed his supplemental motion for extension of time for discovery

plan deadlines and for leave to enlarge deposition limit (ECF No. 159). On July 28, 2017,

Defendants filed their supplemental brief or motion for protective order (ECF No. 160) and Plaintiff

filed an additional supplemental brief (ECF No. 162). The Court granted, in part, Defendants' motion

for protective order and set forth provisions on discovery topics related to criminal convictions, civil

or administrative proceedings, sexual conduct, alcohol or controlled substance use, physical or mental

health, the investigation into the cheating accusation, the institutional review board, and other

students' leaves of absences. *See* ECF No. 188. On August 4, 2017, Plaintiff filed his second motion

to compel (ECF No. 165) Defendant Montgomery to further respond to Plaintiff's discovery requests.

4

On September 27, 2017, the Court granted, in part, Plaintiff's second motion to compel and instructed

Defendant Montgomery to respond to specific interrogatories, requests for production, and requests

for admission that were reasonably limited to relevant and discoverable information as discussed in

the Order.

### DISCUSSION

Rule 26(b)(1) of the Federal Rules of Civil Procedure, as amended in 2015, provides that

"[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's

claim or defense and proportional to the needs of the case, considering the importance of the issues at

stake in the action, the amount in controversy, the parties' relative access to relevant information, the

parties' resources, and the importance of the discovery in resolving the issues, and whether the burden

and expense of the proposed discovery outweighs its likely benefit.  Information within the scope of

discovery need not be admissible in evidence to be discoverable."

The intent of the 2015 amendments to Rule 26(b) was to encourage trial courts to exercise

their broad discretion to limit and tailor discovery to avoid abuse and overuse, and to actively manage

discovery to accomplish the goal of Rule 1 "'to secure the just, speedy, and inexpensive

determination of every action and proceeding.'"  *Roberts v. Clark County School District*, 312 F.R.D.

594, 601–04 (D. Nev. 2016).  The court, quoting Chief Justice Roberts' 2015 Year-End Report,

states:

> The 2015 amendments to Rule 26(b)(1) emphasize the need to impose
> "reasonable limits on discovery through increased reliance on the
> common-sense concept of proportionality."  The fundamental principle
> of amended Rule 26(b)(1) is "that lawyers must size and shape their
> discovery requests to the requisites of a case."  The pretrial process
> must provide parties with efficient access to what is needed to prove a
> claim or defense, but eliminate unnecessary and wasteful discovery.
> This requires active involvement of federal judges to make decisions
> regarding the scope of discovery.

*Roberts*, 312 F.R.D. at 603.  *See also Nationstar Mortgage v. Flamingo Trails No. 7*, 316

F.R.D. 327, 331 (D.Nev. 2016).

In *In re Bard IVC Filters Products*, 317 F.R.D. 562, 563 (D.Ariz. 2016), the court noted that

prior to the 2015 amendments, Rule 26(b) provided that inadmissible evidence was discoverable if it

"appears reasonably calculated to lead to the discovery of admissible evidence" and that some courts,

1 and many lawyers, used this language to define the scope of discovery.  The 2015 amendments

2 eliminated the "reasonably calculated" language and replaced it with the more direct declaration that

3 "[i]nformation within this scope of discovery need not be admissible in evidence to be discoverable."

4 *Id.* at 563 (quoting rule).  *Bard* states:

> Relevancy alone is no longer sufficient—discovery must also be
> proportional to the needs of the case.  The Advisory Committee Note
> makes clear, however, that the amendment does not place the burden of
> proving proportionality on the party seeking discovery.  The
> amendment "does not change the existing responsibilities of the court
> and the parties to consider proportionality, and the change does not
> place on the party seeking discovery the burden of addressing all
> proportionality considerations."  Rule 26, Advis. Comm. Notes for
> 2015 Amends.  Rather, "[t]he parties and the court have a collective
> responsibility to consider the proportionality of all discovery and
> consider it in resolving discovery disputes."

11 *Bard*, 317 F.R.D. at 564.

12 Generally, the party opposing discovery has the burden of showing that it is irrelevant, overly

13 broad, or unduly burdensome.  *Graham v. Casey's General Stores*, 206 F.R.D.  251, 253-4 (S.D.Ind.

14 2000); *Fosbre v. Las Vegas Sands Corp.*, 2016 WL 54202, at \*4 (D.Nev. Jan. 5, 2016); *Izzo v. Wal-*

15 *Mart Stores, Inc.*, 2016 WL 593532, at \*2 (D.Nev. Feb. 11, 2016).  When a request is overly broad on

16 its face or when relevancy is not readily apparent, however, the party seeking discovery has the

17 burden to show the relevancy of the request.  *Desert Valley Painting & Drywall, Inv. v. United States*,

18 2012 WL 4792913, at \*2 (D.Nev. Oct. 9, 2012) (citing *Marook v. State Farm Mut. Auto. Ins. Co.* 259

19 F.R.D. 388, 394-95 (N.D. Iowa 2009)).  The 2015 amendments to Rule 26(b) have not changed these

20 basic rules, although they must now be applied with a greater degree of analysis and emphasis on

21 proportionality.

22 Plaintiff's discovery requests span a variety of topics including criminal convictions, sexual

23 conduct, medical history, academic, personnel, and disciplinary records, civil or administrative

24 hearings, alcohol and controlled substance use, employment contracts, and discriminatory conduct.

25 Plaintiff argues that all of his discovery requests are relevant to his claims against Defendants.

26 Defendants object to Plaintiff's discovery requests on several grounds, including that they are not

27 proportional to the needs of the case, irrelevant, incoherent, harassing, overbroad, seek embarrassing

28 or private information, or have already been prohibited by the Court in its Order granting Defendants'

1 motion for protective order.

2        **1.**       **Criminal Convictions**

3       Plaintiff's Interrogatory No. 2 to Defendant UNLV inquires into its knowledge of any arrests

4 or criminal charges of Defendants and Requests for Admission Nos. 14, 15, and 18 inquire into an

5 alleged public indecency conviction of Defendant Burns. Requests for Admission Nos. 48, 49, 50,

6 51, 52, 53, 55, 56, and 57 to Defendant Burns relate to an alleged misdemeanor conviction. These

7 discovery requests are irrelevant and overbroad. As previously ordered by the Court, Defendants

8 need only respond to Plaintiff's discovery requests that are limited to whether Defendants have been

9 convicted of a crime punishable by death or imprisonment for more than one year (i.e. a felony) or of

10 any crime, regardless of punishment, that has as an element a dishonest act or false statement. *See*

11 ECF No. 188, pgs 12-13.

12        **2.**       **Sexual Conduct**

13       Plaintiff's Interrogatory No. 3 to Defendants UNLV, Moll-Cain, Shoemaker, and Snyder

14 inquire into the Defendants' awareness of other Defendants' sexual history with students. Requests

15 for Admission Nos. 1, 2, and 3 also relate to Defendants' sexual history with students or third parties.

16 Plaintiff argues that Defendants' knowledge of Defendants engaging in sexual relations with students

17 is related to his negligent hiring, training, supervision, and retention claim against Defendants UNLV

18 Smatresk, Snyder, and Shoemaker and that it may show bias. Defendants argue that such information

19 is irrelevant, that the request is overbroad temporally, and seeks private information.

20       There is no relevant basis for inquiring into the Defendants' sexual history and UNLV's

21 knowledge of Defendants' sexual history is not proportional to the needs of the case. Plaintiff's

22 claims are not based on any alleged sexual misconduct of the Defendants and his sexual harassment

23 claims were dismissed. Plaintiff is barred from inquiring into the Defendants' or witnesses's sexual

24 conduct except as it relates to Defendants' personal relationships with each other. *See* ECF No. 188,

25 pgs 14-15. Defendants' relationships with each other are relevant to bias, interest, or motive of

26 Defendants. *Id.* Responses to Plaintiff's requests for production of documents in this category

27 should be limited to communications between Defendants that relate to Plaintiff or Plaintiff's claims.

28 . . .

7

### 3.    Controlled Substance or Alcohol Use

Plaintiff inquires into any meetings Defendants had with other Defendants in which a Defendant was visibly intoxicated or under the influence of a controlled substance.  Requests for Admission Nos. 29 and 30 relate to Defendant UNLV's knowledge and alleged lack of discipline of Defendants consuming controlled substances.  Plaintiff also inquires into Defendants' alleged use of alcohol or controlled substances with each other at social gatherings and on the UNLV campus.

Evidence regarding a party's or witness's use of illegal controlled substances or alcohol abuse is not admissible to impeach his character for truthfulness.  *Solis-Marrufo v. Board of Comm'rs for County of Bernalillo*, 2013 WL 1658203, at *13 (D.N.M. March 28, 2013) ("[D]rug use is not probative of untruthfulness any more than other illegal conduct that does not involve deception."); *Casares v. Bernal*, 790 F.Supp.2d 769, 784 (N.D.Ill. 2011).  An individual's alcohol or controlled substance use may, however, be relevant to his memory or ability to understand events at issue.  *See* ECF No. 188, pgs 14-15.  Plaintiff's discovery requests are overbroad as they all appear to ask about Defendants' general consumption of alcohol or alleged general consumption of controlled substances and any "meetings" Defendants had in which a Defendant appeared to be under the influence. Therefore, as they stand, Plaintiff's requests related to Defendants' alleged alcohol or controlled substance use are not properly limited to whether Defendants were under the influence of alcohol or controlled substances at the time of the events at issue.  If Defendants were under the influence of alcohol or a controlled substance during the events at issue encompassed in Plaintiff's allegations, they should so state in response to any applicable discovery requests on this topic.

### 4.    Disciplinary/Administrative Records and Civil or Administrative Proceedings

Defendants object to Plaintiff's discovery requests regarding disciplinary actions as irrelevant. Defendants further object that state employee's disciplinary records are confidential pursuant to Nev. Admin. Code 284.718 and that student disciplinary records are confidential pursuant to the Family Educational Rights and Privacy Act, 20 U.S.C. § 1232(g).  Defendants argue that Plaintiff's requests exceed the limitations previously set by the Court for discovery related to civil or administrative proceedings and disciplinary records.

Wide ranging discovery into the disciplinary or administrative records of the Defendants is not

proportional to the needs of the case. Only disciplinary records for specified conduct related to the

issues of the case are potentially discoverable. Civil or administrative proceedings in which

Defendants were accused of acts of dishonesty or untruthfulness are also discoverable as probative of

Defendants' character for truthfulness. *See* Fed. R. Evid.. 608(b). As enumerated in the Court's

order granting, in part, Plaintiff's motion to compel Defendant Montgomery to respond to discovery,

Plaintiff's discovery should be limited to the issue of whether any of the Defendants that allegedly

accused him of cheating on the Q-Exam have been disciplined by UNLV for making false accusations

about another employee or student. *See* ECF No. 188, pg. 16. As for civil or administrative

proceedings, Defendants should identify if they have been a party to any civil or administrative

proceedings that involved an allegation or finding of dishonest or untruthful conduct by the

Defendant. *Id.* at pg. 14.

Further, Defendant Burns argues that Plaintiff seeks information related to his investigation of

the cheating accusation that is not proportional to the needs of this case and that is protected as

confidential. He argues that Plaintiff has not demonstrated that non-party individuals have

discoverable information. Requests for Admission Nos. 18, 21, and 22 request that Defendant Burns

admit that he did not interview specific individuals that are not parties to this matter and that the

Court presumes to be students. Plaintiff's allegations do not specifically pertain to these individuals

and Plaintiff has not demonstrated the involvement of such individuals. Accordingly, Plaintiff's

requests to Defendant Burns regarding his investigation into the cheating accusation involving such

individuals are not proportional to the needs of the case.

5. **Employment Contracts, Leaves of Absence, Previously Dismissed Claims, and Other Topics of Inquiry**

Plaintiff's sexual harassment claim was dismissed and he, therefore, cannot demonstrate the

relevancy of his discovery requests that inquire into this topic or the demographic information, such

as ethnicity, gender, and sexual orientation, of faculty or students. Plaintiff's claims for relief that

were premised on the allegation that UNLV's in-house counsel filed a complaint that Plaintiff was

practicing without a license to the Nevada State Bar were dismissed. Plaintiff's requests related to

such claims are, therefore, irrelevant. Plaintiff has not demonstrated the relevancy of Defendants'

9

1  employment contracts, other students' leaves of absences, and the institutional review board ("IRB").

2  Plaintiff, therefore, cannot seek discovery of the details of such topics.

3  **a.    Defendant UNLV**

4  Defendant UNLV is not required to answer Request for Admission Nos. 1, 2, 3, 4, 5, 6, 7, 8,

5  9, 10, 14, 15, 18, 19, 20, 23, 24, 25, 26, 27, 28, 29, 30, 31, 32, 33, 34, 35, 36, 48, 53, 54, 55, 56, 57,

6  58, 59, 60, 61, 62, 63, and 64 and Interrogatory Nos. 3 and 10.  Interrogatory No. 2 to Defendant

7  UNLV is limited to information regarding prior felony convictions or for any conviction of crimes

8  involving dishonesty or false statements.  Interrogatory Nos. 8, 13, 14 and 15 to Defendant UNLV are

9  also limited according to the foregoing provisions discussed herein.

10  **b.    Defendant Burns**

11  Defendant Burns is not required to answer Requests for Admission Nos. 8, 13, 18, 19, 20, 22,

12  44, 45, 46, 47, 48, 49, 50, 51, 52, 53, 55, 56, 57, 60, and 71.  Defendant Burns is not required to

13  answer Interrogatory Nos. 2, 4, 7, 8 and 12 and Request for Production Nos. 2, 3,6 and 9.  Request for

14  Production Nos. 4, 5**, 7**, and 10 and Interrogatory No. 9 to Defendant Burns are limited according to

15  the foregoing provisions.

16  **c.    Defendant Moll-Cain**

17  Defendant Moll-Cain is not required to answer Interrogatory No. 3, Request for Admission

18  Nos. 1, 2, 4, 5, 6, 7, 19, 20, 27, 41, 44, 68, 69, 72, 74, and 108 and Request for Production No. 9.

19  Interrogatory Nos. 2 and 4,  Request for Admission Nos. 26 and 73, and Request for Production Nos.

20  4 and 7 to Defendant Moll-Cain are limited according to the foregoing provisions.

21  **d.    Defendant Love**

22  Defendant Love is not required to answer Interrogatory Nos. 2, 4, and 7, Request for

23  Admission Nos. 1, 2, 8, 9, 10, 11, 12, 13, 24, 25, 40, 71, 72, 73, 74, 75, 76, 95, and 98, and Request

24  for Production No. 8.  Request for Production No. 4, 5, 6, and 10, Request for Admission No. 70, and

25  Interrogatory No. 9 to Defendant Love are limited according to the foregoing provisions.

26  **e.    Defendant Malek**

27  Defendant Malek is not required to answer Request for Production No. 10, Interrogatory Nos.

28  12 and 14 and Request for Admission Nos. 1, 2, 4, 5, 6, 7, 19, 20, 27, 29, 30, 31, 32, 33, 34, 35, 41,

42, 71, 72, 73, 74, 75, 76, 77, 78, 79, 114, 118, 119, 120, 122, and 128. Interrogatory Nos. 8, 10, and 11 to Defendant Malek and Request for Production Nos. 5 and 6 to Defendant Malek are limited according to the foregoing provisions.

### f. Defendant Shoemaker

Defendant Shoemaker is not required to answer Interrogatory No. 3 and Request for Admission Nos. 1, 2, 8, 9, 10, 11, 23, 24, 54, 55, 56, 57, 58, 59, and 86. Interrogatory Nos. 2, 4, 10, and 12 and Request for Production Nos. 4, 5, 6, 7, and 10 to Defendant Shoemaker are limited according to the foregoing provisions.

### g. Defendant Snyder

Defendant Snyder is not required to answer Interrogatory Nos. 3 and 11 and Request for Admission Nos. 1, 2, 3, 4, 5, 37, 54, 62, 63, and 64 and Request for Production No. 9. Interrogatory Nos. 2, 4, 10, and 12, Request for Admission No. 53, and Request for Production Nos. 4, 5, 6, 7, and 10 to Defendant Snyder are limited according to the foregoing provisions.

### h. Defendant Tanford

Defendant Tanford is not required to answer Request for Admission No. 1, 2, 8, 9, 10, 23, 24, 54, 55, 56, 57, 58, 59, 85, 90, 91, 92 and 93, Interrogatory Nos. 4, 9 and 12, and Request for Production No. 8. Interrogatory Nos. 2, 7, and 9, Request for Production Nos. 4, 6, and 10 and Interrogatory No. 9 to Defendant Tanford are limited according to the provisions discussed herein.
Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's Third Motion to Compel Defendant State of Nevada ex rel. Board of Regents of the Nevada System of Higher Education on behalf of University of Nevada, Las Vegas ("UNLV") (ECF No. 189), Defendant Phillip Burns (ECF No. 190), Defendant Lisa Moll-Cain (ECF No. 191), Defendant Curtis Love (ECF No. 192), Defendant Kristin Malek (ECF No. 193), Defendant Stowe Shoemaker (ECF No. 194), Defendant Donald Snyder (ECF No. 195), Defendant Sarah Tanford (ECF No. 196) to Further Respond to Plaintiff's Discovery Requests is **granted**, in part, and, **denied**, in part.

**IT IS FURTHER ORDERED** that Defendants shall respond to outstanding discovery requests in accordance with the foregoing provisions and as modified in this order. Defendant shall

11

1  serve their responses to these discovery requests within fourteen (14) days of the filing of this order.

2      DATED this 16th day of November, 2017.

4  _____
   GEORGE FOLEY, JR.

5  United States Magistrate Judge