**Marquis Aurbach Coffing**
Craig R. Anderson, Esq.
Nevada Bar No. 6882
Brianna Smith, Esq.
Nevada Bar No. 11795
10001 Park Run Drive
Las Vegas, Nevada 89145
Telephone: (702) 382-0711
Facsimile: (702) 382-5816
canderson@maclaw.com
bsmith@maclaw.com
　*Attorneys for Defendant*
　*Rhonda Montgomery*

## UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| DARREN HEYMAN, an individual,<br><br>　　　　　　　　Plaintiff,<br><br>vs.<br><br>THE STATE OF NEVADA EX REL. BOARD OF REGENTS OF THE NEVADA SYSTEM OF HIGHER EDUCATION ON BEHALF OF THE UNIVERSITY OF NEVADA, LAS VEGAS; NEAL SMATRESK; DONALD SNYDER; STOWE SHOEMAKER; RHONDA MONTGOMERY; CURTIS LOVE; SARAH TANFORD; PHILLIP BURNS; KRISTIN MALEK; LISA MOLL-CAIN; DEBRA PIERUSCHKA; ELSA SIDHU AND DOES I-X INCLUSIVE,<br><br>　　　　　　　　Defendants. | Case Number:<br>2:15-CV-01228-RFB-GWF<br><br>**<u>DEFENDANT RHONDA MONTGOMERY'S MOTION TO COMPEL DISCOVERY FROM PLAINTIFF DARREN HEYMAN, AND MOTION FOR SANCTIONS</u>** |

　　　　Defendant RHONDA MONTGOMERY ("Prof. Montgomery") by and through her counsel of record, Marquis Aurbach Coffing, hereby respectfully seeks an Order from this Court, compelling Plaintiff to: 1) respond to Prof. Montgomery's Second Set of Interrogatories and Second Set of Requests for Production; 2) provide a HIPAA release form with a HIPAA release for Plaintiff's mental health records; 3) supplement his response to Prof. Montgomery's Request for Production No. 60; and 4) provide to Prof.

MAC:14322-003 3236269_1

Montgomery's current counsel with Plaintiff's responses to Prof. Montgomery's First Set of Interrogatories.

Additionally, Prof. Montgomery asks this Court to sanction Plaintiff for his failure to properly participate in discovery and for forcing Prof. Montgomery to bring this Motion to Compel counsel attempted, on several occasions to resolve these disputes short of Court intervention, but those attempts were ignored by Plaintiff.

Dated: November 29, 2017

MARQUIS AURBACH COFFING

*(signature)*

Craig R. Anderson, Esq.
Nevada Bar No. 6882
Brianna Smith, Esq.
Nevada Bar No. 11795
10001 Park Run Drive
Las Vegas, Nevada 89145
*Attorneys for Defendant
Rhonda Montgomery*

MAC:14322-003 3236269_1

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

Plaintiff has forced Prof. Montgomery to come before this Court to seek an Order compelling Plaintiff to comply with basic discovery rules. Prof. Montgomery's counsel attempted to resolve these discovery disputes through meeting and conferring with Plaintiff prior to filing this motion but in many instances those efforts have been ignored by the Plaintiff. *See* Decl. of Brianna Smith, attached hereto as **Exhibit A** and incorporated herein.

In numerous ways, Plaintiff, a practicing attorney for more than 18 years, is knowingly thumbing his nose at his minimal discovery obligations in this case (despite filing numerous motions against the Defendants for purported discovery issues). Namely, Plaintiff has just blatantly failed to respond Prof. Montgomery's Second Set of Interrogatories and Second Set of Requests for Production. Plaintiff has refused to provide a HIPAA release form so that Defendants can obtain Plaintiff's mental health records. He has also refused to supplement his response to Prof. Montgomery's Request for Production No. 60 which is directed towards production of his mental health records. And, finally, and perhaps the most illustrative of Plaintiff's conduct, he won't even mail a copy of his responses to Prof. Montgomery's First Set of Interrogatories which were sent by prior counsel. Resultantly, the instant Motion has been necessary.

## II. STATEMENT OF RELEVANT FACTS

### A. MEET AND CONFERS & PLAINTIFF'S REFUSAL TO COMPLY WITH DISCOVERY RULES

On November 3, 2017, all counsel and Plaintiff conducted a meet and confer in which counsel for Prof. Montgomery requested a HIPAA release for mental health records and a supplemental response to Prof. Montgomery's Request for Production Number 60. Smith Decl. at Ex. A at ¶ 3. The parties agreed to limit the authorization for a 5 year time period, but reserved the right to go beyond five years if information was obtained that revealed more relevant records existed. In return, Plaintiff reluctantly agreed to provide a

MAC:14322-003 3236269_1

HIPAA authorization by November 10th. *Id.* ¶ 4. Defendant requested the supplemental response to Request for Production Number 60 by November 10th also. *Id.* ¶ 4.

Prof. Montgomery served her Second Set of Requests for Production and Second Set of Interrogatories ("Second Sets of Discovery") on Plaintiff, by mail, on October 11, 2017. *See* Second Set of Request for Production at 6 (Certificate of Mailing), attached hereto **Exhibit B** and incorporated herein, and Second Set of Interrogatories at 5 (Certificate of Mailing), attached hereto **Exhibit C** and incorporated herein.

To date, the deadline to respond to Prof. Montgomery's second set of requests (Exhibit B and C) expired over two weeks ago. The Plaintiff has not requested an extension and will not respond to email requests about the status of these responses. *See* Decl. of Brianna Smith, attached hereto as Exhibit A and incorporated herein.

After not receiving any timely response from Plaintiff, the Attorney General's Office arranged to meet and confer on November 16, 2017 with the Plaintiff to discuss their discovery issues which we intended to participate in to discuss Plaintiff's refusal to serve responses to Prof. Montgomery's Second Sets of Interrogatories and Requests for Production, but the Plaintiff unilaterally cancelled the meet and confer. *See* Decl. of Brianna Smith, attached hereto as Exhibit A and incorporated herein.

We attempted to arrange another meet and confer with Plaintiff concerning his responses to Prof. Montgomery's Second Set of Requests for Interrogatories and Requests for Production but the Plaintiff continues to delay by refusing to timely confer. Due to the fact that discovery closes January 15, 2018, we are now forced to file the instant Motion.

**B.   PLAINTIFF'S ATTEMPT TO USE HIS ALLEGED EMOTIONAL DISTRESS AND "SEVERE PSYCHOLOGICAL TRAUMA" AS A SWORD AND SHIELD**

Plaintiff is alleging that his damages include "severe psychological and emotional trauma,"[1] and "emotional, psychological . . . harm."[2] Plaintiff also includes intentional

---

[1] *See* First Amended Compl., ECF 28, at 36:13-16, 95:22-24, 97:10-13, 101:27-28, 103:25-26, and 108:4-6.

infliction of emotional distress among his many alleged causes of action.[3] Moreover, Plaintiff has identified his psychologist Dr. Robert Hunter as a witness. *See* witness no. 52 at page 11 of Plaintiff's First Supplemental Disclosure Pursuant to Fed. R. Civ. P. 26(A), attached hereto as **Exhibit D** and incorporated herein. Additionally, Plaintiff has stated to this Court "that he wants to depose his treating psychologist, Dr. Robert Hunter. *See* Order [ECF 188], 9:11.

### 1. Plaintiff's refusal to respond to Prof. Montgomery's RFP 60

Based upon the nature of Plaintiff's causes of actions and claimed damages, Prof. Montgomery served Request for Production ("RFP") No. 60 on Plaintiff, which required that Plaintiff:

> Produce copies of all medical records related to any psychological, psychiatric, or any other mental health related treatment you have received in the last ten (10) years.

Plaintiff, however, produced nothing in response to Prof. Montgomery's Request for Production No. 60. Plaintiff's response, instead, was merely:

> Plaintiff objects to this request because it is overly broad in scope and seeks information that is neither relevant nor proportional to the needs of the case. Furthermore, it is also protected by Plaintiff's right to privacy in protecting the confidentiality of Plaintiff's mental records. *Jaffee v. Redmond,* 518 U.S. 1 (1996).[4]

During a meet-and-confer that Prof. Montgomery's counsel conducted with Plaintiff on November 3, 2017, Plaintiff told Prof. Montgomery's counsel that he would be supplementing his response to Prof. Montgomery's Request for Production No. 60, but to

---

[2] *See id.,* at at 37:16-18, 38:19-21, 39:6-9, 39:9-11, 49:3-6, 52: 7-10, 55:26-28, 59:22-24, 61:22-26, 63:19-22, 64:26-28, 67:26-28, 70:12-15, 82:1-2, 86:21-23, 99:19-21, 103:21-23, 113:9-11, 114:12-15, 115:8-11, 116:12-15, and 117:24-27.

[3] *See id.,* at 38:14-17, 39:1-4, 39:13-49:6, 101:22-25, 103:15-18, 104:1-105:12., 111:3-112:7, 117:18-22, and 118:4-6.

[4] Pl. Darren Heyman's First Am. Resp. and Objections to Def.'s Req. for Produc. Of Docs. – Set One, at 18, attached hereto as **Exhibit G** and incorporated herein.

MAC:14322-003 3236269_1

date Plaintiff has not supplemented his response to Prof. Montgomery's Request for Production No. 60. *See* Decl. of Brianna Smith, attached hereto as **Exhibit A** and incorporated herein.

### 2. Plaintiff's refusal to execute a HIPAA release

Prof. Montgomery's counsel also has repeatedly requested of Plaintiff that he provide a HIPAA release for Plaintiff's mental health records. On October 25, 2017, Prof. Montgomery's counsel emailed and mailed a letter to Plaintiff requesting that he fill out an "attached authorization for each mental health care provider [he had] seen from August 19, 2008, to present." *See* Email re: and with attached HIPAA Letter, October 25, 2017, attached hereto as **Exhibit E** and incorporated herein.

On October 30, 2017, Prof. Montgomery's counsel emailed Plaintiff to inquire as to the status of the request for an executed HIPAA authorization, and Plaintiff responded that the request would not be granted. *See* Email Exchange of October 30, 2017, attached hereto as **Exhibit F** and incorporated herein.

When Prof. Montgomery's counsel met and conferred with Plaintiff regarding this discovery dispute on November 3, 2017, and during that meet-and-confer Plaintiff agreed to provide the HIPAA release by November 10th, but to date he has not produced it, and he will not respond to further inquiry about the release. *See* Decl. of Brianna Smith, attached hereto as Exhibit A and incorporated herein.

### 3. Plaintiff's refusal to provide Prof. Montgomery's current counsel with Plaintiff's Answers to Prof. Montgomery's First Set of Interrogatories

Plaintiff commenced this action in state court on May 11, 2015, and the case was removed to federal court on June 29, 2015. Initially, the Nevada Attorney General's office was counsel for Prof. Montgomery. On September 2, 2016, Timothy Mulliner, Esq., ("Mr. Mulliner") substituted in as Prof. Montgomery's counsel. *See* Order Granting Mot. to Substitute Att'y [ECF 129]. On September 7, 2017, this Court granted Prof. Montgomery's

MAC:14322-003 3236269_1

motion to substitute in her current counsel and terminate Mr. Mulliner. Order Granting Mot. to Substitute Att'y [ECF No. 179].

Since becoming Prof. Montgomery's counsel, we diligently sought and attempted to obtain all documents available from Prof. Montgomery's prior counsel. *See* Decl. of Brianna Smith, attached hereto as Exhibit A and incorporated herein. However, we have been unable to obtain a copy of Plaintiff's answers to Prof. Montgomery's First Set of Interrogatories. **Exhibit H**, Montgomery's First Set of Interrogatories to Plaintiff. *See* Decl. of Brianna Smith, attached hereto as Exhibit A and incorporated herein. Plaintiff claims he served those answers on Prof. Montgomery's prior counsel. *See* Decl. of Brianna Smith, attached hereto as Exhibit A and incorporated herein. But Prof. Montgomery's prior counsel has told Prof. Montgomery's current counsel that they do not have Plaintiff's answers to Prof. Montgomery's First Set of Interrogatories. *See* Decl. of Brianna Smith, attached hereto as Exhibit A and incorporated herein. The Attorney General's Office likewise does not show receipt of these responses, either. *Id.*

A seemingly benign request, Prof. Montgomery's current counsel asked Plaintiff to email or mail a copy of Plaintiff's Answers to Prof. Montgomery's First Set of Interrogatories, but Plaintiff refuses to provide them to Prof. Montgomery's current counsel. *See* Decl. of Brianna Smith, attached hereto as Exhibit A at ¶ 5 and incorporated herein. The reason he gives for his refusal to simply mail another copy (assuming in fact he actually served them to begin with) is that he claims he gave them to Prof. Montgomery's prior counsel. *Id.*

## III. LEGAL ARGUMENT

### A. THE MOTION TO COMPEL STANDARD IS MET HERE

Prof. Montgomery brings this Motion to Compel to obtain documents and answers to interrogatories properly requested from Plaintiff, which Plaintiff has refused to produce or provide.

MAC:14322-003 3236269_1

> On notice to other parties and all affected persons, a party may move for an order compelling disclosure or discovery. The motion must include a certification that the movant has in good faith conferred or attempted to confer with the person or party failing to make disclosure or discovery in an effort to obtain it without court action. FRCP 37(a)(1).

"A party seeking discovery may move for an order compelling an answer, designation, production, or inspection. This motion may be made if: . . . (iii) a party fails to answer an interrogatory submitted under Rule 33; or (iv) a party fails to produce documents or fails to respond that inspection will be permitted—or fails to permit inspection—as requested under Rule 34." FRCP 37(a)(3)(b). "For purposes of this subdivision (a), an evasive or incomplete disclosure, answer, or response must be treated as a failure to disclose, answer, or respond." FRCP 37(a)(4)

### B. THIS COURT SHOULD ORDER PLAINTIFF TO RESPOND TO PROF. MONTGOMERY'S SECOND SETS OF WRITTEN DISCOVERY

Plaintiff is more than two weeks past his deadline to respond to Prof. Montgomery's Second Set of Discovery, has not requested or received any extension for his responses, and after agreeing to a meet and confer, he unilaterally cancelled his own participation in the meet-and-confer. It is clearly apparent at this point that Plaintiff does not wish to abide by the discovery rules. Therefore, pursuant to FRCP 37, Plaintiff should be ordered to immediately serve his responses to Prof. Montgomery's Second Sets of Discovery.

Additionally, any objections to the discovery requested should be deemed waived. Courts have emphasized that a failure to timely object to requests for production or any other discovery request also constitutes a waiver of objections to those discovery requests. "[I]t is well established that a failure to object to discovery requests within the time required constitutes a waiver of any objection." *Richmark Corp. v. Timber Falling Consultants*, 959 F.2d 1468, 1473 (9th Cir. 1992) (internal citations omitted). Even where the untimely objection is based on privilege, the objection is still waived. *Davis v. Fendler*, 650 F.2d 1154, 1160 (9th Cir. 1981).

MAC:14322-003 3236269_1

Here, Plaintiff has failed to timely object to any of Prof. Montgomery's Second Set of Requests for Production, and Plaintiff also has failed to timely object to any of Prof. Montgomery's Second Set of Interrogatories. Therefore, this Court should deem as waived any objections that Plaintiff may have otherwise had to any of the requests or interrogatories of Prof. Montgomery's Second Sets of Discovery.

C. **IF THIS COURT FINDS THAT NEVADA LAW GOVERNS PRIVILEGE, THEN A STATUTORY EXCEPTION APPLICABLE HERE PREVENTS PLAINTIFF'S MENTAL HEALTH RECORDS FROM BEING PRIVILEGED**

It is anticipated that the Plaintiff may claim his mental health records are privileged. Of relevance, Federal Rules of Evidence Rule 501 provides as follows:

> The common law — as interpreted by United States courts in the light of reason and experience — governs a claim of privilege unless any of the following provides otherwise:
> - the United States Constitution;
> - a federal statute; or
> - rules prescribed by the Supreme Court.
>
> But in a civil case, state law governs privilege regarding a claim or defense for which state law supplies the rule of decision.

If this Court determines that Nevada law supplies the rule of decision for the pertinent element(s) of a claim or defense, and therefore the privilege that Plaintiff is claiming as to his mental health records must be determined in accordance with Nevada law, then the applicable Nevada law is found in Nev. Rev. Stat. 49.207 – 49.213.

Therein, one of the exceptions to Nevada's "psychologist and patient" privilege is NRS 49.213(3), which states that there is no psychologist-patient privilege "for communications relevant to an issue of the treatment of the patient in any proceeding in which the treatment is an element of a claim or defense."

Here, because of the manner in which the Plaintiff plead intentional infliction of emotional distress as two of his causes of action, because of Plaintiff's claims, throughout the First Amended Complaint, that his damages include damages for "severe emotional and psychological trauma," and because Plaintiff has designated his treating psychologist as a

MAC:14322-003 3236269_1

witness and stated that he wanted to depose his treating psychologist, Plaintiff's mental health records are relevant and treatment is an element of Plaintiff's claims. The same records are therefore relevant on the same basis to the Defendants' defenses. Therefore, pursuant to NRS 49.213(3), Plaintiff cannot avail himself of Nevada's psychologist-patient privilege as grounds for his refusal to comply with interrogatories and requests to produce pertaining to his mental health records.

### D.   PLAINTIFF HAS WAIVED THE FEDERAL PSYCHOTHERAPIST-PATIENT PRIVILEGE BY PLEADING EMOTIONAL DISTRESS AND PUTTING HIS PSYCHOLOGICAL STATE AT ISSUE

If this Court determines that the common law — as interpreted by United States courts in the light of reason and experience — governs the claim of privilege of here, then Plaintiff has impliedly waived the privilege.

In *Jaffee v. Redmond,* 518 U.S. 1, 116 S. Ct. 1923 (1996), the U.S. Supreme Court recognized a qualified privilege available in federal courts, stemming from common law, for the communications between psychotherapists and their patients. "[C]onfidential communications between a licensed psychotherapist and her patients in the course of diagnosis or treatment are protected from compelled disclosure under Rule 501 of the Federal Rules of Evidence." *Jaffee v. Redmond,* 518 U.S. 1, 116 S. Ct. 1923, 1931 (1996). The footnote attached to the preceding quote, however, is that: "Like other testimonial privileges, the patient may of course waive the protection." *Id.,* fn. 14. Furthermore, because the privilege is not self-executing, it can be inadvertently waived by the patient. *See In re Lifschutz,* 467 P.2d 557, 566-67 (Cal. 1970); *see also* Catharina J.H. Dubbelday, *The Psychotherapist-Client Testimonial Privilege: Defining the Professional Involved,* 34 EMORY L.J. 777, 778 (1985).

Neither the U.S. Supreme Court nor the Ninth Circuit have delineated exactly when a party waives the psychotherapist-patient privilege by claiming emotional distress damages or putting their psychological state "in issue." *See, e.g., E.E.O.C. v. Wal–Mart Stores, Inc.,* 276 F.R.D. 637, 640 (E.D.Wash.2011) (discussing this problem).

MAC:14322-003 3236269_1

Prior to and subsequent to *Jaffee,* however, many federal courts ruled that a party waives the federal common law psychotherapist-patient privilege when that party places his mental condition at issue, which includes alleging in the complaint that the plaintiff suffered emotional distress from the defendant's conduct and by seeking monetary damages for that psychological injury. *See, e.g., Sarko v. Penn-Del Directory Co.*, 170 F.R.D. 127, 130 (E.D. Pa. 1997); *see also, e.g., Price v. County of San Diego,* 165 F.R.D. 614, 622 (S.D.Cal.1996) (recognizing federal common law privilege for psychotherapist-patient communications but holding that litigant waived privilege by raising issue as to her psychological state).

This rule protects the due process rights of defendants by enabling them to explore issues of causation and apportionment of the damages that a plaintiff seeks. The plaintiff may have suffered distress from a prior event that actually produced the distress he claims was caused by the alleged actions of defendant(s). Defendants are entitled to explore the truth of plaintiff's allegations regarding the alleged cause of his alleged psychological distress. This rule establishes a bright line rule that a patient who relies on his emotional condition as an element of his claim may not assert the psychotherapist-patient privilege to preclude a defendant from obtaining discovery of her mental health records. It is the patient who decided to file a lawsuit claiming emotional distress damages, and he has the control over the scope of the litigation, and consequently, the scope of her privilege. *See, e.g., Doe v. City of Chula Vista,* 196 F.R.D. 562, 566–67 (S.D. Cal. 1999)

In fact, in *Jaffee,* the Supreme Court specifically analogized the policy considerations supporting recognition of the privilege in *Jaffee* to those underlying the attorney-client privilege, which is waived when the advice of counsel is placed at issue in litigation. *See, e.g., Glenmede Trust Co. v. Thompson*, 56 F.3d 476, 486 (3d Cir.1995); *Rhone–Poulenc Rorer Inc. v. Home Indemnity Co.*, 32 F.3d 851, 863 (3d Cir.1994); *see also Rost v. State Bd. of Psychology*, 659 A.2d 626, 629 (Pa.Cmwlth.1995) (reasoning that Pennsylvania's statutory psychotherapist-patient privilege is waived by placing communications at issue by analogy to the state's attorney-client privilege), app. denied, 543

MAC:14322-003 3236269_1

Pa. 699, 670 A.2d 145 (1995); *Premack v. J.C.J. Ogar, Inc.*, 148 F.R.D. 140, 144–45 (E.D.Pa.1993) (predicting that Pennsylvania Supreme Court would hold that placing mental condition at issue in civil action waives psychologist-patient privilege).

Allowing a plaintiff "to hide ... behind a claim of privilege when that condition is placed directly at issue in a case would simply be contrary to the most basic sense of fairness and justice." *Premack v. J.C.J. Ogar, Inc.*, 148 F.R.D. 140, 145 (E.D.Pa.1993). A privilege holder must not be allowed to thwart the truth-seeking process by using the privilege as both a shield and a sword; "a party cannot inject his or her psychological treatment, conditions, or symptoms into a case and expect to be able to prevent discovery of information relevant to those issues." *Santelli v. Electro–Motive*, 188 F.R.D. 306, 309 (N.D.Ill.1999).

Here, Plaintiff has pleaded intentional infliction of emotional distress among his many alleged causes of action.[5] Additionally, Plaintiff is alleging that his damages include "severe psychological and emotional trauma,"[6] and "emotional, psychological . . . harm."[7] Thereby, Plaintiff waived his psychotherapist-patient privilege. See BLACK'S LAW DICTIONARY (9th ed.2009) (defining claim as "the aggregate of operative facts giving rise to a right enforceable by a court").

Even when using more narrow or middle ground approaches and inquiry under Rule 35(a) as guideposts, the psychotherapist-patient privilege is waived when it is clear that the plaintiff's action brings communications that were divulged within the "atmosphere of confidence and trust" into the courtroom. he contours of the Court's inquiry will necessarily require that the Court – and the Defendants - examine records of the Plaintiff's mental health

---

[5] *See id.,* at 38:14-17, 39:1-4, 39:13-49:6, 101:22-25, 103:15-18, 104:1-105:12., 111:3-112:7, 117:18-22, and 118:4-6.

[6] *See* First Amended Compl., ECF 28, at 36:13-16, 95:22-24, 97:10-13, 101:27-28, 103:25-26, and 108:4-6.

[7] *See id.,* at 37:16-18, 38:19-21, 39:6-9, 39:9-11, 49:3-6, 52: 7-10, 55:26-28, 59:22-24, 61:22-26, 63:19-22, 64:26-28, 67:26-28, 70:12-15, 82:1-2, 86:21-23, 99:19-21, 103:21-23, 113:9-11, 114:12-15, 115:8-11, 116:12-15, and 117:24-27.

MAC:14322-003 3236269_1

treatment to determine whether he is, in fact, suffering from the emotional distress that he alleges, and if he is, if that emotion distress was caused by Prof. Montgomery and/or other defendants in this case.

To insure a fair trial, particularly on the element of causation, Prof. Montgomery must have access to evidence that Plaintiff's alleged "severe emotional and psychological trauma" and emotional distress, if it exists, was caused by something other than the alleged conduct by Prof. Montgomery. Once Plaintiff elected to plead emotional distress and to seek damages for his "severe emotional and psychological trauma," Plaintiff cannot fairly prevent discovery into evidence relating to the element of his claims. *See, Doe v. City of Chula Vista*, 196 F.R.D. 562, 569 (S.D. Cal. 1999). Plaintiff seeks compensation for damage to his emotional and psychological condition. As a result, Prof. Montgomery is entitled to explore the circumstances caused that injury. Plaintiff waived his privilege by seeking compensatory damages for injuries to his emotional and psychological health. *See, e.g., Doe v. City of Chula Vista*, 196 F.R.D. 562, 569 (S.D. Cal. 1999).

Here, because of the way the Plaintiff plead his claims, namely intentional infliction of emotional distress and that his damages include damages for "severe emotional and psychological trauma," and because Plaintiff has designated his treating psychologist as a witness and stated that he intends to depose his treating psychologist, Plaintiff has put his mental health at issue in this case.

Therefore, Plaintiff has impliedly waived his psychotherapist-patient privilege, and because he has done so, this Court should order Plaintiff to supplement his "response" (in reality, it is merely objection and a refusal to produce) to Prof. Montgomery's Request for Production No. 60.

### E. THIS COURT ALSO SHOULD ORDER PLAINTIFF TO EXECUTE A HIPAA FORM AUTHORIZING THE RELEASE OF PLAINTIFF'S MENTAL HEALTH RECORDS

As demonstrated above, Plaintiff has impliedly waived his psychotherapist-patient privilege. Therefore, Plaintiff has no viable or valid reason to not execute a HIPAA form

MAC:14322-003 3236269_1

authorizing the release of Plaintiff's mental health records as requested by Prof. Montgomery. This Court's authority to order the execution of such an authorization form was recognized and exercised in *Pham v. Wal-Mart Stores, Inc.*, 2:11-CV-01148-KJD, 2012 WL 3730565, at *3 (D. Nev. Aug. 28, 2012).[8]

### F. THIS COURT MUST ORDER PLAINTIFF TO SEND A PHOTOCOPY OF HIS ANSWERS TO PROF. MONTGOMERY'S FIRST SET OF INTERROGATORIES

Unfortunately, it is necessary to request this Court to order the Plaintiff to merely send a photocopy of his purportedly already served answers to Prof. Montgomery's first set of interrogatories. None of Prof. Montgomery's counsel, nor counsel for other Defendants in this case, appear to have a copy and because Plaintiff is unwilling to simply produce a copy, he must be compelled to produce it.

### G. THIS COURT SHOULD AWARD PROF. MONTGOMERY HER ATTORNEY'S FEES AND COSTS, AND SHOULD SANCTION PLAINTIFF FOR HIS DISCOVERY ABUSES

Should the Court grant Prof. Montgomery's Motion to Compel, this Court should award Prof. Montgomery her attorney fees and costs incurred in bringing this Motion as provided by FRCP 37(a)(5), which states:

> If the motion [to compel] is granted—or if the disclosure or requested discovery is provided after the motion was filed—the court must, after giving an opportunity to be heard, require the party or deponent whose conduct necessitated the motion, the party or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees.
> But the court must not order this payment if:
> (i) the movant filed the motion before attempting in good faith to obtain the disclosure or discovery without court action;
> (ii) the opposing party's nondisclosure, response, or objection was substantially justified; or

---

[8] In that same case, U.S. Magistrate Judge George Foley Jr. also ordered the plaintiff to supplement her responses to an interrogatory to provide additional information relating to her 2002 and 2008 motor vehicle accidents and related medical care, including but not limited to the location including city, state and county of the accident, the name of the state or local agency that presided over the accidents, the names and addresses of all medical and insurance providers and any other identifying information known by plaintiff or discovered through reasonable diligence. *Pham v. Wal-Mart Stores, Inc.*, 2:11-CV-01148-KJD, 2012 WL 3730565, at *3 (D. Nev. Aug. 28, 2012)

MAC:14322-003 3236269_1

(iii) other circumstances make an award of expenses unjust.

Here, none of the exceptions (i-iii) bar the award of fees and costs. Movant did attempt in good faith to obtain the disclosure and discovery, on multiple occasions, without court action. *See* Decl. of Brianna Smith, attached hereto as Exhibit A and incorporated herein. Plaintiff's nondisclosure, refusal to respond, objections, and evasive and incomplete disclosures, answers, and responses were not substantially justified. And finally, there are no circumstances that make an award of expenses unjust here.

Plaintiff has been licensed to practice law since 1999 and has been a practicing attorney for more than 18 years. Therefore, Plaintiff either is or should be well-versed in the rules of discovery and case law and doctrine as to privileges, and consequently Plaintiff should be held accountable for his failures and outright refusals to comply with this Court's rules.

As demonstrated above and in the Declaration of Brianna Smith attached hereto, Defendant's counsel attempted, on several occasions to resolve the issue short of Court intervention, to no avail. As such, the Plaintiff did not allow the undersigned to timely attempt to resolve the discovery issues, thereby forcing the instant Motion.

Because the undersigned made a good faith attempt to timely resolve the discovery short of Court intervention, but was not able to do so as a result of Plaintiff's conduct, Prof. Montgomery should be awarded her reasonable attorneys fees and costs incurred in bringing the instant Motion. In the event the Court is inclined to issue sanctions against the Plaintiff in the form of an award of attorney's fees and costs, Prof. Montgomery will separately apply for fees and costs.

## IV.   CONCLUSION

Based on the foregoing, Prof. Montgomery respectfully requests the Court grant her Motion to Compel and order Plaintiff to: 1) immediately respond to Prof. Montgomery's Second Set of Interrogatories and Second Set of Requests for Production; 2) provide a HIPAA release form with a HIPAA release for Plaintiff's mental health records; 3)

MAC:14322-003 3236269_1

supplement his response to Prof. Montgomery's Request for Production No. 60; and 4) provide to Prof. Montgomery's current counsel with Plaintiff's responses to Prof. Montgomery's First Set of Interrogatories.

Additionally, Prof. Montgomery asks this Court to sanction Plaintiff for his failure to properly participate in discovery and for forcing Prof. Montgomery to bring this Motion to Compel. Those sanctions should include waiver of all untimely objections and leave to Prof. Montgomery to supplement to allow for an award to Prof. Montgomery of her attorney's fees and costs incurred in bringing this Motion to Compel.

Dated this 29th day of November, 2017.

MARQUIS AURBACH COFFING

By: _____
Craig R. Anderson, Esq.
Nevada Bar No. 6882
Brianna Smith, Esq.
Nevada Bar No. 11795
10001 Park Run Drive
Las Vegas, Nevada 89145
Attorneys for Defendant
Professor Rhonda Montgomery

MAC:14322-003 3236269_1

## CERTIFICATE OF SERVICE

I hereby certify that I electronically filed the foregoing **DEFENDANT RHONDA MONTGOMERY'S MOTION TO COMPEL DISCOVERY FROM PLAINTIFF DARREN HEYMAN, AND MOTION FOR SANCTIONS** with the Clerk of the Court for the United States District Court by using the court's CM/ECF system on the 29th day of November, 2017.

☒ I further certify that all participants in the case are registered CM/ECF users and that service will be accomplished by the CM/ECF system.

☐ I further certify that some of the participants in the case are not registered CM/ECF users. I have mailed the foregoing document by First-Class Mail, postage prepaid, or have dispatched it to a third party commercial carrier for delivery within 3 calendar days to the following non-CM/ECF participants:

N/A

_____
An employee of Marquis Aurbach Coffing

MAC:14322-003 3236269_1