# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| DARREN HEYMAN, | )<br>) |
| Plaintiff, | ) Case No. 2:15-cv-01228-RFB-GWF<br>) |
| vs. | ) **ORDER**<br>) |
| STATE OF NEVADA EX REL. BOARD OF<br>REGENTS OF THE NEVADA SYSTEM OF<br>HIGHER EDUCATION ON BEHALF OF<br>UNIVERSITY OF NEVADA, LAS VEGAS, et al. | )<br>)<br>)<br>) |
| Defendant. | )<br>) |

This matter is before the Court on Defendant Montgomery's Motion to Compel Discovery (ECF No. 243) and Motion for Sanctions (ECF No. 244), filed on December 13, 2017. Plaintiff filed his Opposition (ECF No. 251) on December 13, 2017.

Defendant Montgomery requests an order compelling Plaintiff to respond to Defendant's second set of Interrogatories and Requests for Production, to provide a HIPPA release form for Plaintiff's mental health records, to supplement his response to Defendant's Request for Production No. 60, and to provide counsel with Plaintiff's responses to Defendant's first set of Interrogatories. Plaintiff represents that since the filing of Defendant's motion to compel he has responded to Defendant's second set of Interrogatories. The Court, therefore, finds that such request is moot.

Defendant Montgomery was initially represented by the Nevada Attorney General's Office. On September 2, 2016, the Court granted Defendant's motion to substitute Timothy Mulliner, Esq. as her counsel of record in place of the Nevada Attorney General's Office. ECF No. 129. On September 7, 2017, the Court granted Defendant's motion to substitute her current counsel in place of Timothy Mulliner, Esq. ECF No. 179. Defendant's current counsel has been unable to obtain a copy

of Plaintiff's responses to Defendant's first set of Interrogatories and former counsel has not retained a copy. Defendant requests that Plaintiff supply her with a copy of his responses to her first set of Interrogatories. Plaintiff argues that he properly served his responses to her first set of Interrogatories to Mr. Mulliner and argues that it is not his responsibility to provide another copy to her current counsel. Plaintiff shall provide Defendant with a copy of his responses to Defendant's first set of Interrogatories. If Plaintiff had voluntarily agreed to provide a copy of his responses to Defendant, he would have been entitled to reasonable costs. However, the Court will not order Defendant to pay Plaintiff for the costs associated with providing a copy of his responses because Defendant was required to file a motion to compel.

Defendant's Request for Production No. 60 is for copies of all of Plaintiff's medical records related to any psychological, psychiatric, or any other mental health related treatment he has received in the last ten (10) years. Plaintiff objects to this request as overly broad, irrelevant, and as an invasion of his right to privacy of his mental health records. Defendant argues that Plaintiff's mental health records are relevant to his claims because he alleged intentional infliction of emotional distress, he is seeking damages for severe emotional trauma, and he designated his treating psychologist as a witness. Plaintiff argues that Defendant failed to request a HIPAA authorization form through a discovery request and that he is not obligated to respond.

Confidential communications between a licensed psychotherapist and a patient in the course of diagnosis or treatment are protected from compelled disclosure. *E.E.O.C. v. Wal-Mart Stores, Inc.*, 276 F.R.D. 637, 640 (E.D. Wash. 2011) (citing *Jaffee v. Redmond*, 518 U.S. 1, 116 S.Ct. 1923, 135 L.Ed.2d 337 (1996)). Where a plaintiff alleges garden-variety emotional distress and does not rely on medical records or medical expert testimony, a number of courts in the Ninth Circuit have held that the physician-patient privilege has not been waived. *Roberts v. Clark Cty. Sch. Dist.*, 312 F.R.D. 594, 607 (D. Nev. 2016) (citing *EEOC*, 276 F.R.D. at 640–41). Courts have found that the psychotherapist-patient privilege is waived whenever the patient places his mental condition at issue. *Roberts*, 312 F.R.D. at 641.

Plaintiff alleges a claim for intentional infliction of emotional distress and seeks damages for emotional trauma regarding actions that took place in 2013. He has placed his mental condition at

issue and his mental health records are relevant to the claims and defenses of this case. Defendants are, therefore, entitled to obtain production of Plaintiff's mental health records. The Court, however, limits Defendant's request for mental health records to treatment Plaintiff has received from 2013 to the present. Plaintiff shall provide the HIPAA authorization to Defendant's counsel to obtain such records within 14 days from the date of this order.

Defendant requests an award of attorney's fees and costs pursuant to Federal Rule of Civil Procedure 37(a)(5) and an award of sanctions against Plaintiff in the form of waiver of untimely objections. Rule 37(a)(5)(A) provides for the recovery of expenses incurred in making a motion to compel that is granted. The Court should not award expenses where the opposing party's nondisclosure, response, or objection was substantially justified or other circumstances make an award of expenses unjust. Fed. R. Civ. P. 37(a)(5)(A)(ii)(iii). The Court finds that an award of attorney's fees, costs, and sanctions against Plaintiff is not warranted and, therefore, denies Defendant's motion for sanctions. Accordingly,

**IT IS HEREBY ORDERED** that Defendant Montgomery's Motion to Compel Discovery (ECF No. 243) is **granted**, in part. Plaintiff shall provide the HIPAA authorization to Defendant's counsel to obtain such records within fourteen (14) days from the date of this order.

**IT IS FURTHER ORDERED** Plaintiff shall provide Defendant with a copy of his responses to Defendant's first set of Interrogatories within fourteen (14) days from the date of this order.

**IT IS FURTHER ORDERED** that Defendant's Motion for Sanctions (ECF No. 244) is **denied**.

DATED this 9th day of February, 2018.

_____
GEORGE FOLEY, JR.
United States Magistrate Judge