# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| DARREN HEYMAN, | Case No. 2:15-cv-01228-RFB-GWF |
| Plaintiff, | **ORDER** |
| v. | |
| THE STATE OF NEVADA EX REL. BOARD OF REGENTS FOR THE NEVADA SYSTEM OF HIGHER EDUCATION ON BEHALF OF THE UNIVERSITY OF NEVADA, LAS VEGAS; NEAL SMATRESK; DONALD SNYDER; STOWE SHOEMAKER, RHONDA MONTGOMERY; CURTIS LOVE; SARAH TANFORD; PHILLIP BURNS; KRISTEN MALEK; LISA MOLL-CAIN; DEBRA PIERUSCHKA; ELSA SIDHU AND DOES I - X INCLUSIVE, | |
| Defendants. | |

Before the Court comes Plaintiff Darren Heyman ("Plaintiff")'s Emergency Objection/Appeal of Magistrate Judge Order, (ECF No. 269), and Plaintiff's Emergency Objection/Appeal of Magistrate Judge Order, (ECF No. 310). For the reasons stated below, Plaintiff's motions are DENIED.

The Court may reconsider pretrial matters decided by a magistrate judge only if it has been established that the magistrate judge's order is clearly erroneous or contrary to law. 28 U.S.C. § 636(b)(1)(A); LR IB 3-1. This standard is deferential. The reviewing court "must ask whether, on the entire evidence, it is left with the definite and firm conviction that a mistake has been committed." In re Optical Disk Drive Antitrust Litig., 801 F.3d 1072, 1076 (9th Cir. 2015) (citations and quotation marks omitted). "A finding is clearly erroneous if it is (1) illogical, (2) implausible, or (3) without support in inferences that may be drawn from the facts in the record."

Ibrahim v. U.S. Dep't of Homeland Sec., 835 F.3d 1048, 1058 (9th Cir. 2016) (citation and quotation marks omitted). Under the contrary to law standard "[t]he reviewing court may not simply substitute its judgment for that of the deciding court." Grimes v. City and Cty. of San Francisco, 951 F.2d 236, 241 (9th Cir. 1991) (citation omitted).

Plaintiff requests emergency reconsideration of the Magistrate Judge's order, (ECF No. 267), regarding Plaintiff's prior Emergency Motion to Stay Proceedings, Extend Discovery Deadlines for Plaintiff, Leave to Amend the Complaint to Name Defendant Doe I, and Postpone Remaining Scheduled Depositions, (ECF No. 262). The Court has reviewed the Magistrate Judge's order, and finds that the order is neither clearly erroneous nor contrary to law. The Court has additionally reviewed the underlying Motion (ECF No. 262) and finds no basis for Plaintiff's arguments.

Plaintiff also requests emergency reconsideration of the Magistrate Judge's order, (ECF No. 305), regarding Plaintiff's prior Emergency Motion for Recusal of Magistrate Judge, (ECF No. 270). The Court has reviewed the order and the underlying Motion. The Court recognizes that Plaintiff has filed a Motion pursuant to 28 U.S.C. 144 and 28 U.S.C. § 455, and that the Motion includes a Section 144 Affidavit stating the alleged grounds for recusal. However, Plaintiff's Affidavit is not legally sufficient as required by Section 144 and United States v. Sibla, 624 F.2d 864, 867-68 (9th Cir. 1980). "An affidavit filed pursuant to [Section 144] is not legally sufficient unless it specifically alleges facts that fairly support the contention that the judge exhibits bias or prejudice directed toward a party that stems from an extrajudicial source." Sibla, 624 F.2d at 868 (citations omitted). The allegations set forth in the affidavit are largely speculative, and are Plaintiff's characterizations of Judge Foley's motivations for ruling. The only fact Plaintiff asserts is that Judge Foley attended UNLV, which alone is not grounds for recusal. The Court therefore finds no clear error in the Magistrate Judge's order.

///

///

///

///

Accordingly,

**IT IS ORDERED** that Plaintiff's Emergency Objection/Appeal of Magistrate Judge Order, (ECF No. 269), is DENIED.

**IT IS FURTHER ORDERED** that Plaintiff's Emergency Objection/Appeal of Magistrate Judge Order, (ECF No. 310), is DENIED.

DATED: February 14, 2018.

**RICHARD F. BOULWARE, II**
**UNITED STATES DISTRICT JUDGE**