UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| DARREN HEYMAN,<br><br>　　　　　　　Plaintiff,<br>v.<br><br>STATE OF NEVADA EX REL. BOARD OF REGENTS OF THE NEVADA SYSTEM OF HIGHER EDUCATION ON BEHALF OF UNIVERSITY OF NEVADA, LAS VEGAS, et al.,<br><br>　　　　　　　Defendants. | Case No. 2:15-cv-1228-RFB-GWF<br><br>**ORDER** |

This matter is before the Court on Defendants State of Nevada ex rel. Board of Regents of the Nevada System of Higher Education on behalf of the University of Nevada, Las Vegas, Neal Smatresk, Donald Snyder, Stowe Shoemaker, Curtis Love, Sarah Tanford, Phillip Burns, Kristin Malek, Lisa Cain, Debra Pieruschka, and Elda Sidhu's Motion for Protective Order (ECF No. 232), filed on March 23, 2018. Also before the Court is Defendants' Motion to Quash Subpoenas Duces Tecum (ECF No. 324), filed on March 23, 2018. Plaintiff filed his Opposition (ECF No. 330) and his Counter-Motion to Extend Discovery (ECF No. 331) on April 2, 2018. Defendants filed their Reply (ECF No. 334) and Opposition to Plaintiff's Counter-motion (ECF No. 335) on April 9, 2018.

**BACKGROUND**

Defendants request an order protecting them from responding to Plaintiff's requests for written discovery because they were served in violation of this court's order denying Plaintiff's request to re-open discovery and to quash his subpoenas duces tecum. Defendants further argue that the discovery requests are overbroad on their face. Plaintiff argues that his subpoenas duces tecum relate to depositions of two non-party individuals that the Court permitted Plaintiff to

1

conduct and that Defendants lack standing to object to third-party subpoenas. Plaintiff requests additional time to conduct the depositions.

**DISCUSSION**

Rule 26(b)(1) of the Federal Rules of Civil Procedure provides that "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, and the importance of the discovery in resolving the issues, and whether the burden and expense of the proposed discovery outweighs its likely benefit. Information within the scope of discovery need not be admissible in evidence to be discoverable."

When a party moves for a protective order, the court "may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." Fed. R. Civ. P. 26(c)(1). "Rule 26(c) confers broad discretion on the trial court to decide when a protective order is appropriate and what degree of protection is required." *Youngevity Int'l, Inc. v. Smith*, 2017 WL 2692928, at *3 (S.D. Cal. June 22, 2017). "The burden is upon the party seeking the [protective] order to 'show good cause' by demonstrating harm or prejudice that will result from the discovery." *Rivera v. Nibco, Inc.,* 364 F.3d 1057, 1063 (9th Cir. 2004). This burden may be met by showing that the discovery requested is irrelevant, overly broad, burdensome, or oppressive. *Youngevity Int'l, Inc.*, 2017 WL 2692928, at *3. When a request is overly broad on its face or when relevancy is not readily apparent, however, the party seeking discovery has the burden to show the relevancy of the request. *Desert Valley Painting & Drywall, Inv. v. United States*, 2012 WL 4792913, at *2 (D.Nev. Oct. 9, 2012) (citing *Marook v. State Farm Mut. Auto. Ins. Co.* 259 F.R.D. 388, 394-95 (N.D. Iowa 2009)). If the court finds that a protective order is appropriate, it may forbid the disclosure, forbid inquiry into certain matters, specify the terms for discovery, or limit the scope of discovery. Fed. R. Civ. P. 26(c)(1).

A party generally has no standing to move to quash or modify a subpoena duces tecum issued to a third person unless the party claims some personal right or privilege with regard to the documents sought. *Hawaii Regional Council of Carpenters v. Yoshimura*, 2017 WL 738554, at

| | |
|---|---|
| 1 | *2 (D.Haw. Feb. 17, 2017) (quoting 9A Charles Alan Wright & Arthur R. Miller, Federal Practice |
| 2 | and Procedure § 2459 (2d ed 2007) and *California Sportfishing Prot. All. v. Chico Scrap Metal,* |
| 3 | *Inc.*, 299 F.R.D. 638, 643 (E.D.Cal. 2014)). "A party's objection that the subpoena issued to the |
| 4 | non-party seeks irrelevant information or imposes an undue burden on the non-party are not |
| 5 | grounds on which a party has standing to move to quash a subpoenas issued to a non-party, |
| 6 | especially where the non-party, itself, has not objected." *Proficio Mortg. Ventures, LLC v. Fed.* |
| 7 | *Sav. Bank*, 2016 WL 1465333, at *2 (D. Nev. Apr. 14, 2016) (citing *G.K. Las Vegas Ltd.* |
| 8 | *Partnership v. Simon Property Group, Inc.*, 2007 WL 119148 at* 4 (D. Nev. Jan. 9, 2007)). "A |
| 9 | party can, however, move for a protective order in regard to a subpoena issued to a non-party if it |
| 10 | believes its own interest is jeopardized by discovery sought from a third party and has standing |
| 11 | under Rule 26(c) to seek a protective order regarding subpoenas issues to non-parties which seek |
| 12 | irrelevant information." *Id*. |

On February 27, 2018, the Court granted, in part, and, denied in part, Plaintiff's motion to amend scheduling order. *See* ECF No. 317. The Court ordered that Plaintiff is permitted to take a total of eleven depositions and granted a forty-five day extension of discovery until April 13, 2018 to allow Plaintiff to conduct his remaining two of the total eleven depositions. The Court denied Plaintiff's request to re-open the expert witness disclosure deadline and did not find excusable neglect or good cause to extend discovery to allow Plaintiff to obtain further supplemental written discovery. The Court will permit Plaintiff's requests for documents at issue as they relate to his final two depositions to the extent that the requests are reasonable, relevant, and proportionate to the needs of the case. Defendants argue that the requests are overbroad and irrelevant and the Court may issue a protective order against the production of documents on that basis.

Plaintiff served a subpoena duces tecum on Dr. Christina Bergman that requests "anything to do with the 2013 Q-Exam including, but not limited to, any written or oral communication you had with any Ph.D. students, faculty, staff, or administration before or after regarding the 2013 Q-Exam, Plaintiff, or this lawsuit, including any correspondence with any defendants or witnesses, defendant's current or former counsel, &/or any investigators since April 2013." *See Defendants'*

*Motion* (ECF No. 323), Exhibit A. The subpoena is overbroad as it requests any communications relating to the Q-Exam, Plaintiff, or his lawsuit. Plaintiff's causes of action are based on alleged false accusations of intending to cheat on the Q-exam. Therefore, the Court limits the requests to communications that relate to Plaintiff cheating on the Q-Exam or accusations of Plaintiff cheating on the Q-Exam.

Plaintiff served a subpoena duces tecum on Dr. Kara Wada that requests "anything to do with the 2016 separation of Darren Heyman from UNLV, including, but not limited to evidence of any written or oral communication you had regarding this separation, and any communication with any faculty, staff, or administration before or after regarding Plaintiff or this suit, including any correspondence with plaintiff, any defendants, defendants' current or former counsel." *See Defendants' Motion* (ECF No. 323), Exhibit A. Plaintiff alleges that he was improperly terminated from the Ph.D. program for failing to return from his leave of absence. Therefore, the request is limited to communications regarding Plaintiff's separation from the Ph.D. program.

On February 27, 2018, the Court granted Plaintiff until April 13, 2018 to conduct his final two depositions. On March 26, 2018, he Court stayed the subpoena response deadline and the taking of depositions until a ruling on Defendants' motion to quash and motion for protective order. *See* ECF No. 326. The Court will extend discovery an additional thirty days from the issuance of this order to allow Plaintiff to conduct his remaining depositions. Therefore, discovery is set to close on **May 21, 2018**. Dispositive motions are due on or before **June 20, 2018** and the joint pretrial order deadline is **July 20, 2018**. Accordingly,

**IT IS HEREBY ORDERED** that Defendants' Motion for Protective Order (ECF No. 323) is **granted**, in part, and **denied**, in part in accordance with the foregoing provisions in this order.

**IT IS FURTHER ORDERED** that Defendants' Motion to Quash Subpoenas Duces Tecum (ECF No. 324) is **denied**.

**IT IS FURTHER ORDERED** that Plaintiff's Counter-Motion to Extend Discovery (ECF No. 331) is **granted**. The discovery and other scheduling deadlines are extended as follows:

(1) Discovery Complete Date: May 21, 2018;

(2) Dispositive Motion Deadline: June 20, 2018;

4

(3)  Joint Pretrial Order Deadline: July 20, 2018 (unless dispositive motions are filed, in which case the joint pretrial order shall be filed within 30 days after the decision(s) on dispositive motions.

Dated this 20th day of April, 2018.

_____
GEORGE FOLEY, JR.
UNITED STATES MAGISTRATE JUDGE