UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| DARREN HEYMAN,<br><br>                                    Plaintiff,<br><br>        v.<br><br>STATE OF NEVADA EX REL. BOARD OF REGENTS OF THE NEVADA SYSTEM OF HIGHER EDUCATION ON BEHALF OF UNIVERSITY OF NEVADA, LAS VEGAS, et al.,<br><br>                                    Defendants. | Case No. 2:15-cv-1228-RFB-GWF<br><br>**ORDER** |

This matter is before the Court on Defendant Rhonda Montgomery's Motion for Contempt Against Plaintiff for Failure to Comply with this Court's Order (ECF No. 333), filed on April 3, 2018. Plaintiff filed his Response (ECF No. 337) and Counter-Motion for Sanctions (ECF No. 338) on April 13, 2018. Defendant filed her Reply (ECF Nos. 339) and Response (ECF No. 340) to Plaintiff's Counter-Motion for Sanctions on April 16, 2018. Plaintiff filed his Reply (ECF No. 342) on April 19, 2018. Defendant re-filed her Response (ECF No. 346) to Plaintiff's Counter-Motion for Sanctions on April 26, 2018 in an abundance of caution to comply with the Local Rules ("LR").

## **BACKGROUND**

On November 29, 2017, Defendant Montgomery filed a motion to compel (ECF No. 243) and Plaintiff filed his Opposition (ECF No. 251) on December 13, 2017. On February 9, 2018, the Court granted Defendant's motion to compel and instructed Plaintiff to provide a HIPAA authorization form to Defendant's counsel to obtain medical records. *See* ECF No. 309. Defendant Montgomery requests an order from the Court holding Plaintiff in contempt pursuant to Fed. R. Civ. P. 37 for failing to abide by the Court's order. The Court construes Defendant's motion for

contempt as a motion for sanctions under Fed. R. Civ. P. 37. Defendant argues that Plaintiff did not comply with the Court's order because he submitted an HIPAA authorization form that was limited to treatment related to "the false accusation made against Darren Heyman concerning the Qualifying Exam at UNLV and the effects that these accusations had on Darren Heyman…" *See Defendant's Motion* (ECF No. 33), Exhibit A. Plaintiff argues that the Court limited Defendant's request for mental health records to treatment Plaintiff received from 2013 to the present. *See* ECF No. 309. He further argues that because the Court limited Defendant's mental health record request to treatment from 2013, the HIPAA authorization form should only pertain to emotional trauma that took place in 2013. *See Plaintiff's Response* (ECF No. 338), 3.

Plaintiff requests sanctions against Defendant Montgomery for failing to meet and confer and for failing to provide a declaration regarding her good faith meet and confer efforts. Defendant argues that she did not violate the local rules because her motion was not a discovery motion to which the meet and confer requirement applies. She further argues that sanctions are not warranted because she was seeking to enforce this Court's order and because the parties have already met and conferred regarding the subject of mental health records. *See Defendant's Response* (ECF Nos. 340, 346) 3, 4.

## DISCUSSION

Rule 37 of the Federal Rules of Civil Procedure provides the court with a wide range of sanctions for a party's failure to adequately engage in discovery. Rule 37 provides that "[i]f a party…fails to obey an order to provide or permit discovery, including an order under Rule 25(f), 35, or 37(a), the court where the action is pending may issue further just orders." Fed. R. Civ. P. 37(b)(2)(A). "Discovery sanctions serve the objectives of discovery by correcting for the adverse effects of discovery violations and deterring future discovery violations from occurring." *Taylor v. Illinois*, 484 U.S. 400, 425 (1988).

Parties and attorneys are required to follow pretrial orders. *See* Fed. R. Civ. P. 16(f). Rule 16(f) gives the court broad discretion to sanction attorneys and parties who fail to comply with reasonable case management orders of the court. *Gutierrez-Howerton v. Gonzales*, 2014 WL 12694151, at *2 (D. Nev. June 11, 2014). "Violations of Rule 16 are neither technical nor trivial,

2

but involve a matter most critical to the court itself: management of its docket and the avoidance of unnecessary delays in the administration of its cases." *Robles v. APEX Linen LLC*, 2015 WL 5785499, at *2 (D. Nev. Oct. 1, 2015) (quoting *Martin Family Trust v. Heco/Nostalgia Enter. Co.*, 186 F.R.D. 601, 603 (E.D. Cal. 1999). "The goal is to get cases decided on the merits of issues that are truly meritorious and in dispute. Rule 16(f) puts teeth into these objectives by permitting the judge to make such orders as are just for a party's failure to obey a scheduling or pretrial order, including dismissal." *In re Phenylpropanolamine (PPA) Prod. Liab. Litig.*, 460 F.3d 1217, 1227 (9th Cir. 2006). Similar to Rule 16(f), LR IA 11-8 also provides the Court with authority to impose "any and all appropriate sanctions on an attorney or party" that fails to comply with any order of this court. LR IA 11-8.

The Court may exercise discretion in fashioning the appropriate sanctions for violations of a court order. *Official Airline Guides, Inc. v. Goss*, 6 F.3d 1385, 1396 (9th Cir.1993). *Von Brimer v. Whirlpool Corp.,* 536 F.2d 838, 844 (9th Cir.1976). The Court considers the objective of Rule 16(f) to deter conduct that "unnecessarily consumes the Court's time and resources that could have been more productively utilized by litigants willing to follow the Court's procedures." *Martin Family Trust,* 186 F.R.D. at 603. The Court also considers the resources wasted by the parties due to their violations of the court's orders. *Hologram USA, Inc. v. Pulse Evolution Corp.*, 2015 WL 5165390, at *5 (D. Nev. Sept. 3, 2015), Fed. R. Civ. P. 16(f)(2).

Plaintiff failed to comply with the Court's order instructing him to provide an HIPAA authorization form to Defendant's counsel to obtain medical records. The Court limited the scope of Defendant's request for mental health records temporally to treatment Plaintiff received from 2013 to the present. The Court, however, did not limit the scope to only mental health records relating to "the false accusation made against [Plaintiff] concerning the Qualifying Exam at UNLV and the effects that these accusations had on [Plaintiff]." Plaintiff limited the HIPAA authorization form based on his "interpretation" of the order. *See Plaintiff's Response* (ECF No. 338), 3. Plaintiff's self-imposed limitation was unreasonable and not made in good faith. The Court, therefore, sanctions Plaintiff and awards Defendant Montgomery reasonable costs and attorney's fees incurred in preparing and filing her motion for contempt. The Court again instructs Plaintiff

to provide an HIPAA authorization form to Defendant's counsel to obtain all mental health records regarding treatment Plaintiff received from 2013 to the present. Plaintiff shall provide the HIPAA authorization to Defendant's counsel to obtain such records within 14 days from the date of this order. If Plaintiff fails to comply with this Court's order by failing to provide the HIPAA authorization form to Defendant as instructed, the Court may impose further sanctions, including but not limited to, striking his claim for emotional damages.

The Court denies Plaintiff's request for sanctions against Defendant Montgomery. Defendant states that she was seeking to enforce this Court's order instructing Plaintiff to produce his HIPAA authorization form and that the parties already met and conferred regarding the subject of mental health records when she filed her motion to compel. ECF No. 243. The Court agrees. Further, the Court does not consider her motion for sanctions to be a discovery motion requiring meet and confer efforts pursuant to LR 26-7. Accordingly,

**IT IS HEREBY ORDERED** that Defendant Rhonda Montgomery's Motion for Contempt Against Plaintiff for Failure to Comply with this Court's Order (ECF No. 333) is **granted**. The Court sanctions Plaintiff in the amount of Defendant Montgomery's reasonable attorney's fees and costs incurred in preparing and filing her motion for contempt (ECF No. 333).

**IT IS FURTHER ORDERED** as follows:

1. Counsel for Defendant Montgomery shall, no later than fourteen (14) days from the entry of this order, up to and including **July 2, 2018**, serve and file a memorandum, supported by affidavit of counsel, establishing the amount of attorneys' fees and costs incurred as addressed in this order. The memorandum shall provide a reasonable itemization and description of work performed, identify the attorney(s) or staff member(s) performing the work, the customary fee of the attorney(s) or staff member(s) for such work, and the experience, reputation and ability of the attorney performing the work. The attorney's affidavit shall authenticate the information contained in the memorandum, provide a statement that the bill has been reviewed and edited, and a statement that the fees and costs charged are reasonable.

2. Counsel for Plaintiff shall have fourteen (14) days from service of the memorandum of costs and attorney's fees, up to and including **July 16, 2018**, in which to file a responsive

4

memorandum addressing the reasonableness of the costs and fees sought, and any equitable considerations deemed appropriate for the court to consider in determining the amount of costs and fees which should be awarded.

**IT IS FURTHER ORDERED** that Plaintiff shall provide his HIPAA authorization to Defendant's counsel to obtain such records within fourteen (14) days from the date of this order in accordance with the foregoing provisions.

**IT IS FURTHER ORDERED** that Counter-Motion for Sanctions (ECF No. 338) is **denied**.

Dated this 18th day of June, 2018.

GEORGE FOLEY, JR.
UNITED STATES MAGISTRATE JUDGE