UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

DARREN HEYMAN,

Plaintiff,

v.

STATE OF NEVADA EX REL. BOARD OF REGENTS OF THE NEVADA SYSTEM OF HIGHER EDUCATION ON BEHALF OF UNIVERSITY OF NEVADA, LAS VEGAS, et al.,

Defendants.

Case No. 2:15-cv-1228-RFB-GWF

**ORDER**

This matter is before the Court on Plaintiff's Motion to Strike Defendant Montgomery's Second Response (ECF No. 354) and his Motion for Sanctions (ECF No. 355) against Defendant Montgomery, filed on May 8, 2018. Defendant Montgomery filed her Responses (ECF Nos. 358, 359) on May 21, 2018.

On April 13, 2018, Plaintiff filed his Counter-Motion for Sanctions (ECF No. 338) and Defendant filed her Response (ECF No. 340) in the same document as her Reply (ECF No. 339) to her Motion for Contempt. On April 26, 2018, Defendant re-filed her Response (ECF No. 346) to Plaintiff's Counter-Motion for Sanctions. Plaintiff argues that Defendant filed a supplemental response without leave of court and requests that the Court strike the response. Plaintiff further requests that the Court sanction Defendant for failing to abide by the Local Rules and Federal Rules of Civil Procedure. Defendant argues that she filed a separate response to ensure compliance with the Local Rules and that she did not attach additional points and authorities or substantively alter her argument in the second filed response.

Under Rule 12(f), the Court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter. Fed. R. Civ. P. 12(f). The essential function of a Rule 12(f) motion is to avoid the expenditure of time and money that must arise from litigating spurious issues by dispensing with those issues prior to trial. *Fantasy, Inc. v. Fogerty*,

1

984 F.2d 1524, 1527 (9th cir. 1993), *rev'd on other grounds*, 510 U.S. 517, 114 S. Ct. 1023. LR 7-2(g) states that "[a] party may not file supplemental pleadings, briefs, authorities, or evidence without leave of court granted for good cause. The judge may strike supplemental filings made without leave of court." Whether to grant a motion to strike lies within the sound discretion of the district court. *Roadhouse v. Las Vegas Metro. Police Dep't*, 290 F.R.D. 535, 543 (D. Nev. 2013). It appears that Defendant initially filed her response to Plaintiff's counter-motion for sanctions in a combined filing with her reply to her motion for contempt and then re-filed her response to Plaintiff's counter-motion for sanctions with the inclusion of an introductory paragraph. The Court denies Plaintiff's request to strike Defendant's response (ECF No. 346) on the basis that it does not contain substantively supplemental points and authorities in response to Plaintiff's counter-motion for sanctions.

Plaintiff requests sanctions against Defendant Montgomery and her counsel for failing to abide by the Local Rules and the Federal Rules of Civil Procedure pursuant to the Court's inherent power to sanction. Whether to impose sanctions under the Court's inherent power lies within the Court's discretion. *Gomez v. Vernon*, 255 F.3d 1118, 1134 (9th Cir. 2001). A court must exercise its inherent powers "with restraint and discretion," and must make a specific finding of bad faith before sanctioning under its inherent powers. *Yagman v. Republic Ins.,* 987 F.2d 622, 628 (9th Cir.1993). Defendant did not act in bad faith and sanctions against her or her counsel are not warranted. The Court, therefore, denies Plaintiff's request for sanctions. Accordingly,

**IT IS HEREBY ORDERED** on Plaintiff's Motion to Strike Defendant Montgomery's Second Response (ECF No. 354) is **denied**.

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Sanctions (ECF No. 355) is **denied**.

Dated this 27th day of June, 2018.

GEORGE FOLEY, JR.
UNITED STATES MAGISTRATE JUDGE

2