UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

DARREN HEYMAN,

    Plaintiff,

v.

STATE OF NEVADA EX REL. BOARD OF REGENTS OF THE NEVADA SYSTEM OF HIGHER EDUCATION ON BEHALF OF UNIVERSITY OF NEVADA, LAS VEGAS, et al.,

    Defendants.

Case No. 2:15-cv-1228-RFB-GWF

**ORDER**

This matter is before the Court on Defendant Montgomery's Motion for Sanctions (ECF No. 392), filed on July 31, 2018. Plaintiff filed his Response (ECF No. 398) on August 14, 2018.

## **BACKGROUND**

Defendant Montgomery requests sanctions against Plaintiff for not complying with this Court's order by failing to provide a proper HIPAA authorization. On February 9, 2018, the Court granted Defendant's motion to compel and instructed Plaintiff to provide a HIPAA authorization form to Defendant's counsel to obtain medical records. *See* ECF No. 309. He submitted an HIPAA authorization form that was limited to treatment related to "the false accusation made against Darren Heyman concerning the Qualifying Exam at UNLV and the effects that these accusations had on Darren Heyman…" *See* ECF No. 333, Exhibit A. Defendant filed a motion for contempt against Plaintiff for failing to abide by the Court's Order. ECF No. 333. The Court granted Defendant's motion for contempt and again instructed Plaintiff to provide an HIPAA authorization form to obtain all mental health records regarding treatment Plaintiff received from 2013 to the present. *See* ECF No. 362.

1

1  Defendant argues that Plaintiff again failed to comply with the Court's order because he limited the production of his mental health records to only Defendant Montgomery's counsel and counsel's law firm. Defendant argues that Plaintiff's self-imposed limitation should not prevent her from disclosing mental health records obtained through supplemental Fed. R. Civ. P. 26 disclosures. Defendant requests that the Court grant her motion for sanctions and strike Plaintiff's intentional infliction of emotional distress claim. Plaintiff argues that Defendant does not have standing to request relief for other parties and that the issue is not ripe. He further argues that he complied with the Court's order and that Defendant will not be prejudiced if she is not permitted to share the medical records.

**DISCUSSION**

Parties and attorneys are required to follow pretrial orders. *See* Fed. R. Civ. P. 16(f). Rule 16(f) gives the court broad discretion to sanction attorneys and parties who fail to comply with reasonable case management orders of the court. *Gutierrez-Howerton v. Gonzales*, 2014 WL 12694151, at *2 (D. Nev. June 11, 2014). "Violations of Rule 16 are neither technical nor trivial, but involve a matter most critical to the court itself: management of its docket and the avoidance of unnecessary delays in the administration of its cases." *Robles v. APEX Linen LLC*, 2015 WL 5785499, at *2 (D. Nev. Oct. 1, 2015) (quoting *Martin Family Trust v. Heco/Nostalgia Enter. Co.*, 186 F.R.D. 601, 603 (E.D. Cal. 1999). "The goal is to get cases decided on the merits of issues that are truly meritorious and in dispute. Rule 16(f) puts teeth into these objectives by permitting the judge to make such orders as are just for a party's failure to obey a scheduling or pretrial order, including dismissal." *In re Phenylpropanolamine (PPA) Prod. Liab. Litig.*, 460 F.3d 1217, 1227 (9th Cir. 2006). Similar to Rule 16(f), LR IA 11-8 also provides the Court with authority to impose "any and all appropriate sanctions on an attorney or party" that fails to comply with any order of this court. LR IA 11-8. Further, Rule 37 of the Federal Rules of Civil Procedure provides the court with a wide range of sanctions for a party's failure to adequately engage in discovery. Rule 37 provides that "[i]f a party…fails to obey an order to provide or permit discovery, including an order under Rule 25(f), 35, or 37(a), the court where the action is pending may issue further just orders." Fed. R. Civ. P. 37(b)(2)(A).

2

The Court may exercise discretion in fashioning the appropriate sanctions for violations of a court order. *Official Airline Guides, Inc. v. Goss,* 6 F.3d 1385, 1396 (9th Cir.1993). *Von Brimer v. Whirlpool Corp.,* 536 F.2d 838, 844 (9th Cir.1976). The Court considers the objective of Rule 16(f) to deter conduct that "unnecessarily consumes the Court's time and resources that could have been more productively utilized by litigants willing to follow the Court's procedures." *Martin Family Trust,* 186 F.R.D. at 603. The Court also considers the resources wasted by the parties due to their violations of the court's orders. *Hologram USA, Inc. v. Pulse Evolution Corp.*, 2015 WL 5165390, at *5 (D. Nev. Sept. 3, 2015), Fed. R. Civ. P. 16(f)(2).

The disclosure requirements of Rule 26(a)(1)(A) are designed to accelerate "the exchange of basic information that is needed in most cases to prepare for trial or make an informed decision about settlement." Advisory Committee Notes to 1993 Amendments to Fed. R. Civ. Pro. 26(a). *See R & R Sails, Inc. v. Insurance Co. of Pa.*, 673 F.3d 1240, 1246 (9th Cir. 2012); *Jones v. Wal-Mart Stores, Inc.*, 2016 WL 1248707, at *3 (D. Nev. Mar. 28, 2016). "The Rule 26(a)(1) disclosure requirements should be 'applied with common sense in light of the principles of Rule 1, keeping in mind the salutary purposes that the rule is intended to accomplish. The litigants should not indulge in gamesmanship with respect to the disclosure obligations.'" *Sender v. Mann*, 225 F.R.D. 645, 650 (D.Colo. 2003); *See also* Advisory Committee Notes to 1993 Amendments to Fed.R.Civ.P. 26(a).

Plaintiff once again has failed to follow an order of this Court despite warnings of the consequences of doing so. He has not complied with his discovery obligations by refusing to provide a proper HIPAA authorization form. Plaintiff provided an HIPAA authorization form to Defendant with limitations regarding disclosure of his mental health records beyond the Court's order. Plaintiff's conduct has required the Court to once again intervene in the discovery process to manage Plaintiff's technical contrivance of simple instructions. The Court, therefore, sanctions Plaintiff and awards Defendant Montgomery reasonable costs and attorney's fees incurred in preparing and filing her motion for sanctions.

The Court, however, will allow Plaintiff a **final** opportunity to provide a proper HIPAA authorization form to Defendant. Failure to provide such form as directed will result in a

recommendation for dismissal of Plaintiff's intentional infliction of emotional distress claim with prejudice. Plaintiff shall within 14 days of the issuance of this order complete and provide a HIPAA authorization form that does not contain any alteration or modification that limits Defendant's disclosure of records to her Co-Defendants or otherwise to any party permitted to disclosure under the Federal Rules of Civil Procedure. Accordingly,

**IT IS HEREBY ORDERED** that Defendant Montgomery's Motion for Sanctions (ECF No. 392) is **granted**, in part, and **denied**, in part according to the provisions herein. The Court sanctions Plaintiff in the amount of Defendant Montgomery's reasonable attorney's fees and costs incurred in preparing and filing her motion for sanctions (ECF No. 392).

**IT IS FURTHER ORDERED** as follows

1. Defendant Montgomery shall no later than **October 31, 2018** serve and file a memorandum, supported by affidavit of counsel, establishing the amount of attorneys' fees and costs incurred as addressed in this order. The memorandum shall provide a reasonable itemization and description of work performed, identify the attorney(s) or staff member(s) performing the work, the customary fee of the attorney(s) or staff member(s) for such work, and the experience, reputation and ability of the attorney performing the work. The attorney's affidavit shall authenticate the information contained in the memorandum, provide a statement that the bill has been reviewed and edited, and a statement that the fees and costs charged are reasonable.

2. Plaintiff shall have fourteen (14) days from service of the memorandum of costs and attorney's fees, up to and including **November 14, 2018**, in which to file a responsive memorandum addressing the reasonableness of the costs and fees sought, and any equitable considerations deemed appropriate for the court to consider in determining the amount of costs and fees which should be awarded.

**IT IS FURTHER ORDERED** that Plaintiff shall, no later than 14 days from the issuance of this order, up to and including **October 31, 2018**, complete and provide a HIPAA authorization form to Defendant Montgomery that does not contain any alteration or modification that limits Defendant's disclosure of records to her Co-Defendants or otherwise to any party permitted to disclosure under the Federal Rules of Civil Procedure. Failure to comply with this order will result

in a recommendation that Plaintiff's intentional infliction of emotional distress claim be dismissed with prejudice.

Dated this 17th day of October, 2018.

_____
GEORGE FOLEY, JR.
UNITED STATES MAGISTRATE JUDGE