UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| DARREN HEYMAN,<br><br>Plaintiff,<br><br>v.<br><br>STATE OF NEVADA EX REL. BOARD OF REGENTS OF THE NEVADA SYSTEM OF HIGHER EDUCATION ON BEHALF OF UNIVERSITY OF NEVADA, LAS VEGAS, et al.,<br><br>Defendants. | Case No. 2:15-cv-1228-RFB-GWF<br><br>**ORDER** |

This matter is before the Court on Defendant Montgomery's Memorandum of Attorney's Fees (ECF No. 410), filed on October 24, 2018. Plaintiff filed his Response (ECF No. 416) on November 7, 2018.

**BACKGROUND**

In its June 18, 2018 order, the Court instructed Plaintiff to provide his HIPAA authorization form to Defendant's counsel within fourteen days. ECF No. 362. On July 31, 2018, Defendant filed her motion for sanctions based on Plaintiff's failure to comply with the Court's order. ECF No. 392. On October 17, 2018, the Court granted, in part, Defendant's motion for sanctions and awarded Defendant her reasonable attorney's fees and costs incurred in preparing and filing her motion for sanctions. ECF No. 405.

**DISCUSSION**

The Supreme Court has held that reasonable attorney fees must "be calculated according to the prevailing market rates in the relevant community," considering the fees charged by "lawyers of reasonably comparable skill, experience, and reputation." *Blum v. Stenson*, 465 U.S. 886, 895-96 n. 11, 104 S.Ct. 1541 (1984). Courts typically use a two-step process when

1 determining fee awards. *Fischer v. SJB-P.D. Inc.*, 214 F.3d 1115, 1119 (9th Cir. 2000). First, the Court must calculate the lodestar amount "by taking the number of hours reasonably expended on the litigation and multiplying it by a reasonable hourly rate." *Id.* Furthermore, other factors should be taken into consideration such as special skill, experience of counsel, and the results obtained. *Morales v. City of San Rafael*, 96 F.3d 359, 364 n. 9 (9th Cir. 1996). "The party seeking an award of fees should submit evidence supporting the hours worked and rates claimed . . . [w]here the documentation of hours is inadequate, the district court may reduce the award accordingly." *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983). Second, the Court "may adjust the lodestar, [only on rare and exceptional occasions], upward or downward using a multiplier based on factors not subsumed in the initial calculation of the lodestar." *Van Gerwen v. Guarantee Mut. Life Co.*, 214 F.3d 1041, 1045 (9th Cir. 2000).

Defendant Montgomery requests attorney's fees in the amount of $1,244.00 for work performed in preparing her motion for sanctions. The amount is based on work performed by Craig Anderson, Esq. at an hourly rate of $160.00 and James Beckstrom, Esq. at an hourly rate of $175.00, which is a reduced rate compared to counsel's customary fee. After reviewing Defendant's counsel's affidavit, the Court finds that Defendants' counsel has provided sufficient evidence showing that their hourly rates are reasonable. However, after reviewing the itemized billing entries, the Court finds that 7.7 hours in attorney labor to prepare Defendant's motion for sanctions and for labor related to such motion is excessive. The Court will not award attorney's fees for Defendant's July 17, 2018 billing entry for time drafting Defendant's reply to its previous motion for attorney's fees as it is unrelated to the preparation of Defendants' motion for sanctions and for labor related to such motion. As a result, the Court will award Defendant Montgomery attorney's fees in the amount of $1,148.00. Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff shall pay the amount of $1,148.00 to Defendant Montgomery.

**IT IS FURTHER ORDERED** that Plaintiff is to make the payment to Defendant

. . .

. . .

| | |
|---|---|
| 1 | Montgomery within **30 days** of the issuance of an order denying his objection (ECF No. 415) to |
| 2 | this Court's order granting, in part, Defendant's motion for sanctions. |
| 3 | Dated this 21st day of November, 2018. |

_____
GEORGE FOLEY, JR.
UNITED STATES MAGISTRATE JUDGE