# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

DARREN HEYMAN,

    Plaintiff

v.

STATE OF NEVADA EX REL. BOARD OF REGENTS OF THE NEVADA SYSTEM OF HIGHER EDUCATION ON BEHALF OF UNIVERSITY OF NEVADA, LAS VEGAS, et al.,

    Defendants

Case No.: 2:15-cv-01228-APG-GWF

**Order Overruling Plaintiff's Objections to Magistrate Judge's Order Denying Plaintiff's Motion to Disqualify Counsel**

[ECF Nos. 202, 216]

On October 2, 2017, Magistrate Judge Foley denied plaintiff Darren Heyman's motion to disqualify defendant Rhonda Montgomery's counsel, Craig Anderson. ECF Nos. 202, 204. Heyman moved to disqualify Anderson because Heyman had previously consulted with other members of Anderson's law firm about potentially representing Heyman in this case and because Anderson did not obtain informed consent from Montgomery before accepting compensation for his services. ECF No. 172. Heyman objects to Judge Foley's ruling, arguing that Judge Foley (1) erroneously found that Heyman had not shown that a conflict of interest existed; (2) erroneously found that Montgomery's counsel and his firm had taken reasonable measures to avoided exposure to potentially disqualifying information; and (3) did not provide adequate rationale for determining that Anderson had not accepted compensation without obtaining informed consent. ECF No. 216.

A magistrate judge's ruling on a pretrial matter such as motion to disqualify is "not subject to *de novo* determination." *Grimes v. City & Cty. of San Francisco*, 951 F.2d 236, 241 (9th Cir. 1991) (quoting *Merrit v. Int'l Bhd. of Boilermakers*, 649 F.2d 1013, 1017 (5th Cir.

1981)). I reconsider the matter only if it "has been shown [that] the magistrate judge's order is clearly erroneous or is contrary to law." Local Rule IB 3-1(a); FRCP 72(a); 28 U.S.C.A. § 636(b)(1).

I have reviewed Judge Foley's ruling, Heyman's objection, and the underlying papers. While I recognize that the circumstances surrounding the appointment of Montgomery's counsel warranted concern on Heyman's part, Judge Foley reasonably concluded that disqualification was not required. His order is not clearly erroneous or contrary to law. Therefore, Magistrate Judge Foley's ruling **(ECF No. 202) is affirmed** in its entirety, and Heyman's objection **(ECF No. 216) is overruled**.

DATED this 22nd day of January, 2019.

_____
ANDREW P. GORDON
UNITED STATES DISTRICT JUDGE