# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| DARREN HEYMAN,<br><br>    Plaintiff<br><br>v.<br><br>STATE OF NEVADA EX REL. BOARD OF REGENTS OF THE NEVADA SYSTEM OF HIGHER EDUCATION ON BEHALF OF UNIVERSITY OF NEVADA, LAS VEGAS, et al.,<br><br>    Defendants | Case No.: 2:15-cv-01228-APG-GWF<br><br>**Order Overruling Plaintiff's Objections to Magistrate Judge's Order Granting Defendants' Motion for Protective Order**<br><br>[ECF Nos. 188, 205] |

On September 26, 2017, Magistrate Judge Foley granted the defendants'[1] motion for a protective order. ECF No. 188. Plaintiff Darren Heyman objected to that ruling, arguing that (1) the defendants' motion violated Federal Rule of Civil Procedure 26(c)(1) and Local Rule 26-7(c) because it did not outline the defendants' efforts to confer with Heyman; (2) the defendants' motion was included in a supplement to a response, so Heyman was unable to file an opposition; (3) Judge Foley's ruling prevents Heyman from collecting evidence relevant to his claims; and (4) Judge Foley's ruling claimed that certain facts were undisputed when they are still unresolved. ECF No. 205.

A magistrate judge's ruling on a pretrial matter such as a protective order is "not subject to *de novo* determination." *Grimes v. City & Cty. of San Francisco*, 951 F.2d 236, 241 (9th Cir. 1991) (quoting *Merrit v. Int'l Bhd. of Boilermakers*, 649 F.2d 1013, 1017 (5th Cir. 1981)). I reconsider the matter only if it "has been shown [that] the magistrate judge's order is clearly

---

[1] The motion for a protective order was filed by all the defendants except Rhonda Montgomery.

erroneous or is contrary to law." Local Rule IB 3-1(a); Federal Rule of Civil Procedure 72(a); 28 U.S.C. § 636(b)(1).

I have reviewed Judge Foley's ruling, Heyman's objection, and the underlying papers. The defendants' motion included a discussion of their "meet and confer" efforts (ECF No. 160 at 5-6); the motion was included in a supplement pursuant to Judge Foley's order (ECF No. 227-7 at 29, 33); Heyman was able to respond both in his own supplement and at a hearing before Judge Foley (ECF No. 162; ECF No. 227-10 at 6); and Judge Foley provided extensive justifications for concluding that the issues covered in the protective order were not relevant to Heyman's underlying claims (ECF No. 188 at 10-17). Judge Foley's order is not clearly erroneous or contrary to law. Therefore, Magistrate Judge Foley's ruling **(ECF No. 188) is affirmed** in its entirety, and Heyman's objection **(ECF No. 205) is overruled**.

DATED this 22nd day of January, 2019.

_____
ANDREW P. GORDON
UNITED STATES DISTRICT JUDGE