# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

DARREN HEYMAN,

    Plaintiff

v.

STATE OF NEVADA EX REL. BOARD OF REGENTS OF THE NEVADA SYSTEM OF HIGHER EDUCATION ON BEHALF OF UNIVERSITY OF NEVADA, LAS VEGAS, et al.,

    Defendants

Case No.: 2:15-cv-01228-APG-GWF

**Order Overruling Plaintiff's Objections to Magistrate Judge's Order**

[ECF Nos. 317, 318]

On February 26, 2018, Magistrate Judge Foley granted defendant UNLV's Motion for Stay of Deposition, Motion to Quash Subpoena Duces Tecum, and Motion for Protective Order. ECF No. 317. Judge Foley also denied plaintiff Heyman's Counter-Motion for Sanctions and granted in part and denied in part Heyman's Motion for Leave to Enlarge the Deposition Limit. *Id*. Judge Foley concluded that Heyman "failed to serve a timely deposition notice and failed to describe his proposed deposition topics with reasonable particularity," that his "request for sanctions [was] convoluted and frivolous," and that Heyman did "not provide[] enough information to make a showing that he should be permitted to exceed the deposition limit."[1] *Id.* at 4-5.

Heyman objects to Judge Foley's ruling. First, he argues that Judge Foley abused his discretion in precluding Heyman from deposing UNLV's Rule 30(b)(6) witness because there was "plenty of time to rectify any deficiencies in the deposition notice," the deficiencies were the

---

[1] Judge Foley granted leave for Heyman to depose one additional individual (for a total of 11) because he was precluded from deposing UNLV's Rule 30(b)(6) witness.

result of his inexperience as a pro se litigant, and the defendant was unwilling to cooperate. Second, he argues that Judge Foley denied him of due process by ruling against him on his Motion to Expand the Deposition Limit without providing him with sufficient opportunity to file a reply to the defendants' response.[2] ECF No. 318.

A magistrate judge's ruling on pretrial matters such as those addressed in Judge Foley's order are "not subject to *de novo* determination." *Grimes v. City & Cty. of San Francisco*, 951 F.2d 236, 241 (9th Cir. 1991) (quoting *Merrit v. Int'l Bhd. of Boilermakers*, 649 F.2d 1013, 1017 (5th Cir. 1981)). I reconsider the matter only if it "has been shown [that] the magistrate judge's order is clearly erroneous or is contrary to law." LR IB 3-1(a); Fed. R. Civ. Proc. 72(a); 28 U.S.C. § 636(b)(1).

I have reviewed Judge Foley's ruling, Heyman's objection, and the underlying papers. Judge Foley's order is not clearly erroneous or contrary to law. And while Local Rule 7-2(b)[3] allows for seven days to serve a reply in support of a motion, Heyman has not shown that any arguments he would or could have included in a reply would have changed the Judge Foley's legal calculus in regard to Heyman's motion.

IT IS THEREFORE ORDERED that Magistrate Judge Foley's ruling **(ECF No. 317) is affirmed** in its entirety, and Heyman's objection **(ECF No. 318) is overruled**.

DATED this 28th day of February, 2019.

_____
ANDREW P. GORDON
UNITED STATES DISTRICT JUDGE

---

[2] The defendants filed their response and joinder on February 21 and 22 (ECF Nos. 315, 316), and Judge Foley ruled on February 27.

[3] Heyman argues it is Federal Rule of Civil Procedure 27 that provides him with seven days to file a reply to a response. It appears, however, that Heyman is referencing Federal Rule of Appellate Procedure 27.

2