|   |   |   |
|---|---|---|
| 1 | **UNITED STATES DISTRICT COURT** | |
| 2 | **DISTRICT OF NEVADA** | |

| | | |
|---|---|---|
| 3 | DARREN HEYMAN, | Case No.: 2:15-cv-01228-APG-GWF |
| 4 | Plaintiff | **Order (1) Overruling Plaintiff Heyman's Objections to Magistrate Judge's Orders, (2) Granting Heyman's Motion for Leave to File a Reply, and (3) Denying Heyman's Motion for Status Conference** |
| 5 | v. | |
| 6 | STATE OF NEVADA EX REL. BOARD OF REGENTS OF THE NEVADA SYSTEM OF HIGHER EDUCATION ON BEHALF OF UNIVERSITY OF NEVADA, LAS VEGAS, et al., | |
| 7 | | [ECF Nos. 362, 376, 396, 399, 404, 405, 415, 417, 418, 419] |
| 8 | | |
| 9 | Defendants | |

Plaintiff Darren Heyman objects to Magistrate Judge Foley's various orders granting defendant Rhonda Montgomery's motions for contempt and imposing attorney's fees on Heyman. Heyman also moves for leave to file a reply to Montgomery's response to one of these objections and moves for a status conference to discuss these objections and Judge Boulware's recusal.

The parties are familiar with the factual and procedural background of this case, so I do not summarize it here. For the reasons outlined below, I deny Heyman's objections, grant his motion for leave, and deny his motion for a status conference.

**I.  BACKGROUND OF ORDERS**

On November 29, 2017, Montgomery moved to compel Heyman to provide a HIPAA authorization form in order to obtain medical records. ECF No. 243. On February 9, 2018, Magistrate Judge Foley granted that motion and ordered Heyman to provide authorization forms that would allow the defendants to access the records of mental health treatment he had received since 2013. ECF No. 309.

Two months later, Montgomery moved for contempt sanctions against Heyman for failure to comply with that order, arguing that Heyman provided authorization only for mental health records specifically relating to the alleged accusations of cheating at issue in this case. ECF No. 333.  On June 18, Judge Foley granted the motion, finding that Heyman "failed to comply with the Court's order instructing him to provide a HIPAA authorization form." ECF No. 362 at 3.  Judge Foley ordered Montgomery to file a memorandum establishing appropriate attorney's fees and re-ordered Heyman to provide full HIPAA authorization. *Id*.  Montgomery filed her memorandum (ECF No. 373), and on August 9, Judge Foley awarded her $1,408.00 in attorney's fees. ECF No. 396.

On July 31, 2018, Montgomery again moved for contempt sanctions against Heyman for failure to comply with Judge Foley's June 18 order, arguing that Heyman inappropriately limited his HIPAA authorization to only Montgomery's counsel and law firm. ECF No. 392.  On October 18, Judge Foley granted that motion in part,[1] finding that Heyman "once again has failed to follow an order of this Court despite warnings of the consequences of doing so." ECF No. 405 at 3.  Judge Foley ordered Montgomery to file another memorandum establishing additional attorney's fees and re-ordered Heyman to provide a full HIPAA authorization. *Id*.  Montgomery filed another memorandum (ECF No. 410) and on November 11, Judge Foley awarded her an additional $1,148.00 in attorney's fees. ECF No. 417.

**II.    HEYMAN'S OBJECTIONS**

Heyman objects to all four sanction orders.  With regard to the June 18 order, he argues he showed a willingness to work with Montgomery, is acting pro se, had never dealt with

---

[1] In addition to sanctions, Montgomery moved to strike Heyman's damages for intentional infliction of emotional distress. ECF No. 392.  Judge Foley granted the sanctions but denied Montgomery's motion to strike. ECF No. 405.

HIPAA releases before, genuinely thought that he provided Montgomery with a release sufficient to meet the requirements of the June 6 order, and was therefore not acting in bad faith. He also argues Judge Foley repeatedly ignored bad faith on Montgomery's part and therefore abused his discretion in imposing sanctions against Heyman. He further contends there is no legal basis for requiring him to provide HIPAA authorization. ECF No. 376. Montgomery responds that Heyman had not been cooperative and that Judge Foley was within his discretion to impose discovery sanctions. ECF No. 383.

Heyman objects to the August 8 order imposing $1,408.00 in attorney's fees by arguing that the June 18 order explicitly limited Montgomery to fees related to "preparing and filing her motion for contempt," but that 7.6 of the 8.8 hours Montgomery itemized were spent on work done after that motion had been filed.[2] ECF Nos. 399 and 340. He also argues that the fees should not have been imposed because Montgomery's memo did not include confirmation that it was "reviewed and edited" by the moving attorney in accordance with Local Rule 54-14(c), because Judge Foley did not adequately consider Heyman's equitable considerations in accordance with the language of the June 18 order, and because a defendant who is not paying her own legal fees is not entitled to recover attorney's fees. *Id*. Montgomery responds that Judge Foley was aware of Heyman's arguments in this regard and that he understood what his own order required when he made his decision. ECF No. 402.

Heyman objects to the October 17 order granting Montgomery's second motion for sanctions, again arguing that he did his best to cooperate with Montgomery in this matter, is acting pro se, has never dealt with HIPAA releases before, and genuinely thought that he

---

[2] Examples of post-filing work include research for and drafting a reply in support of the motion and research for and drafting the memo for fees. *See* ECF No. 373-1.

3

provided Montgomery with a release sufficient to meet the order's requirements. Heyman also argues that Montgomery lacks standing to move for an order requiring Heyman to provide HIPAA authorization to anyone except Montgomery and her counsel and that the issue was not ripe. ECF No. 415. Montgomery does not respond to this objection.

Heyman objects to the November 21 order imposing an additional $1,148.00 in attorney's fees, arguing that Montgomery's memo included hours spend on work done outside the scope of the October 17 order, that the memo was deficient in a number of ways, and that Montgomery's counsel was artificially inflating hours spent working on the relevant materials. ECF No. 418. Montgomery does not respond to this objection.

A magistrate judge's ruling on non-dispositive matters such as those addressed in Judge Foley's orders are "not subject to *de novo* determination." *Grimes v. City & Cty. of San Francisco*, 951 F.2d 236, 241 (9th Cir. 1991) (quoting *Merrit v. Int'l Bhd. of Boilermakers*, 649 F.2d 1013, 1017 (5th Cir. 1981)). I reconsider a matter only if it "has been shown [that] the magistrate judge's order is clearly erroneous or is contrary to law." LR IB 3-1(a); Fed. R. Civ. Proc. 72(a); 28 U.S.C. § 636(b)(1).

I have reviewed Judge Foley's rulings, Heyman's objections, and the underlying papers. None of Judge Foley's orders is clearly erroneous or contrary to law. As the judge handling discovery in this case from its inception, Judge Foley was in the best position to determine if sanctions were appropriate and how they should be imposed. He considered Heyman's arguments and acted well within his broad discretion in all of the matters to which Heyman objects. I therefore overrule Heyman's objections.

/ / / /

/ / / /

## III. HEYMAN'S MOTION FOR LEAVE

Heyman moves for leave to file a reply in support of his objection to Judge Foley's August 9 order. ECF No. 404. Heyman submitted his reply (ECF No. 403), and I considered it for the present ruling. I therefore grant Heyman's motion for leave.

## IV. HEYMAN'S MOTION FOR STATUS CONFERENCE

Heyman also moves for a status conference to clarify his objections to prior rulings and discuss Judge Boulware's October 17, 2018 recusal. ECF No. 419. Heyman acknowledges that it is within my discretion to grant or deny his motion. There is no need for a conference at this point, so I deny this motion.

## V. CONCLUSION

IT IS THEREFORE ORDERED that Magistrate Judge Foley's rulings **(ECF Nos. 362, 396, 405, and 417) are affirmed** in their entirety, and plaintiff Heyman's objections **(ECF Nos. 376, 399, 415, and 418) are overruled**.

IT IS FURTHER ORDERED that plaintiff Heyman shall pay the amounts of $1,408.00 and $1,148.00 as required by Magistrate Judge Foley's rulings **by April 1, 2019.**

IT IS FURTHER ORDERED that plaintiff Heyman's motion for leave to file a reply **(ECF No. 404) is granted.**

IT IS FURTHER ORDERED that plaintiff Heyman's motion for a status conference **(ECF No. 419) is denied**.

DATED this 28th day of February, 2019.

ANDREW P. GORDON
UNITED STATES DISTRICT JUDGE