# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| DARREN HEYMAN, | Case No.: 2:15-cv-01228-APG-GWF |
| Plaintiff | **Order Denying Plaintiff Heyman's Counter-Motion for Sanctions Against Montgomery** |
| v. | |
| STATE OF NEVADA EX REL. BOARD OF REGENTS OF THE NEVADA SYSTEM OF HIGHER EDUCATION ON BEHALF OF UNIVERSITY OF NEVADA, LAS VEGAS, et al., | [ECF No. 364] |
| Defendants | |

On June 11, 2018, defendant Montgomery filed a Motion for Leave to Extend the Number of Pages for Summary Judgment. ECF No. 361. Plaintiff Heyman moves for sanctions against defendant Montgomery and her counsel for failing to abide by LR 7-3(c) when she filed her motion for excess pages. ECF No. 364. He argues that they cited Local Rule 7-4 when they should have cited Local Rule 7-3, and that they failed to adequately meet Local Rule 7-3(c)'s declaration standards. He requests that I hold Montgomery and her counsel accountable for wasting his and this court's time and sanction them under Rule 37. *Id.* at 6:9.[1]

The errors in Montgomery's motion are minor, if not simply typographical. These mistakes do not come close to the sort of behavior that would invoke a sanction. *See Operating Engineers Pension Tr. v. A-C Co.*, 859 F.2d 1336, 1344 (9th Cir. 1988) ( "[W]e reserve sanctions for the rare and exceptional case where the action is clearly frivolous, legally unreasonable or without legal foundation, or brought for an improper purpose."). If anything, Heyman's

---
[1] Rule 37 applies to sanctions for discovery abuses. The request to exceed page limits is not a discovery issue, so Rule 37 does not apply here.

Counter-Motion has wasted more of my and the parties' time than the motion to exceed the page limit. I therefore deny Heyman's motion for sanctions.

IT IS THEREFORE ORDERED THAT plaintiff Heyman's Counter-Motion for Sanctions Against Montgomery and Her Counsel **(ECF No. 364) is denied**.

DATED this 28th day of February, 2019.

ANDREW P. GORDON
UNITED STATES DISTRICT JUDGE