# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| DARREN HEYMAN, | Case No.: 2:15-cv-1228-APG-GWF |
| Plaintiff | **Order Denying Plaintiff's Motions for Recusal, to Change Venue, to Stay Case, and for Reconsideration.** |
| v. | |
| STATE OF NEVADA EX REL. BOARD OF REGENTS OF THE NEVADA SYSTEM OF HIGHER EDUCATION ON BEHALF OF UNIVERSITY OF NEVADA, LAS VEGAS, et al. | [ECF Nos. 448, 449, 450, 451] |
| Defendants | |

Plaintiff Darren Heyman filed this lawsuit against t the University of Nevada Las Vegas and several individual defendants. This case was originally randomly assigned to District Judge Boulware and Magistrate Judge Foley, but was randomly reassigned to me after Judge Boulware recused himself. ECF Nos. 1; 406. Magistrate Judge Foley remains assigned to this case.

Heyman moves for (1) my recusal, (2) a change in venue, (3) a stay in the proceedings until a new judge and venue are assigned, and (4) reconsideration by the new judge of all previous orders. ECF Nos. 448; 449; 450; 451.

**I. RECUSAL**

Heyman contends I have ties to the William S. Boyd School of Law at UNLV (UNLV Law School) that render me unable to be fair and impartial or that my impartiality might be reasonably questioned. Thus, I should recuse myself in accordance with 28 U.S.C. §§ 455(a) and 455(b)(1). Heyman alleges that Judge Boulware and I have volunteered together at the Nevada Bar's Annual Meeting (ECF No. 448-1 at 8-9); that I actively volunteer for UNLV Law School

(*Id.* at 10-14); that I have hired from and currently employ a graduate of UNLV Law School (*Id.* at 15-17); that I have supervised judicial externs who were students at UNLV Law School (*Id.* at 18-24); and that I may have been an employee of UNLV Law School (*Id.* at 25-26).[1]  He posits that because these alleged ties were discovered through internet research, they are only "a fraction of the reality that exists." *Id.* at 7.  Heyman also argues that the fact that I did not disclose these alleged relationships, did not address Judge Boulware's recusal in a status conference (ECF No 424), and ruled against him in multiple orders (ECF Nos. 424; 425; 427) also shows bias or produces the appearance of bias.

The defendants respond that Ninth Circuit precedent does not support the conclusion that my alleged ties to UNLV Law School are sufficient grounds for recusal. ECF No. 454.  They also argue that prior rulings are almost never a proper basis for recusal.

Recusal in federal court is governed by 28 U.S.C. § 455.  Subsection 455(b) provides a list of circumstances in which a judge is required to recuse himself, including when "he has a personal bias or prejudice concerning a party . . . ."  Subsection 455(a) requires recusal when "a reasonable person with knowledge of all the facts would conclude that the judge's impartiality might reasonably be questioned." *United States v. Studley*, 783 F.2d 934, 939 (9th Cir. 1986). "The reasonable person is not someone who is hypersensitive or unduly suspicious." *United States v. Holland*, 519 F.3d 909, 913 (9th Cir. 2008) (quotations omitted).

A relationship between a federal judge and a law school does not constitute grounds for recusal in cases in which the affiliated university is a party, particularly when the case does not involve the law school itself. *See*, *In re Complaint of Judicial Misconduct*, 816 F.3d 1266, 1267

---

[1] Heyman also makes similar allegations regarding Judge Boulware. *See* ECF Nos. 448 at 9-10; 448-1 at 1-9.

2

(9th Cir. 2016) ("It is well established that the law 'does not require recusal for . . . minimal alumni contacts . . . [including] when [a] judge was [an] alumnus of defendant-university, served as unpaid adjunct professor who offered internships for the university's law students, gave the university a yearly donation for football tickets,' or served as a 'member of [a] school alumni social organization.'" (quoting *U.S. ex rel. Hochman v. Nackman*, 145 F.3d 1069, 1076 (9th Cir. 1998)). Prior "judicial rulings alone almost never constitute a valid basis for a bias or partiality motion," unless they "display a deep-seated favoritism or antagonism that would make fair judgment impossible." *Likety v. U.S.*, 510 U.S. 540, 555 (1994). Even "judicial remarks . . . that are critical or disapproving of . . . the parties, or their cases, ordinarily do not support a bias or partiality challenge." *Id.*

There is no basis for my recusal in this case. My prior rulings and decisions do not reflect any deep-seated bias against Heyman or his case. While I have and will continue to engage with UNLV Law School through service, teaching, and hiring students,[2] this relationship does not create a personal bias or an appearance of bias such that recusal is appropriate under § 455(b)(1) or § 455(a). Similarly, the non-disclosure of these relationships does not warrant recusal. I therefore deny Heyman's motion for recusal.

**II. VENUE, STAY, AND RECONSIDERATION**

Heyman moves for a change of venue under 28 U.S.C. §1404. ECF No. 449. He relies on the same arguments he made for my recusal and additionally asserts that (1) the same relationship between UNLV and me likely exists for all judges in the United States District Court for the District of Nevada's unofficial southern division (Las Vegas); (2) any Las Vegas judge to whom the case is reassigned will have discussed the case with either Judge Boulware or me; and

---

[2] I am not and have never been an employee of or been paid by UNLV Law School.

3

(3) any jury selected from the Las Vegas area will be biased in favor of the defendants. He suggests that Nevada's unofficial northern division (Reno) would be more appropriate, despite the added inconvenience for both parties. The defendants respond that a change of venue is unnecessary and burdensome.

Heyman's concerns regarding bias and impropriety are misguided. Merely having a relationship with UNLV Law School is not a basis for changing the venue of a case that is now over four years old and has had nearly 500 entries on the docket. I therefore deny Heyman's motion to change venue.

Heyman also moves for reconsideration of all previous motions by the judge who is reassigned to this case and for a stay in the case until the reassignment is made. ECF Nos. 450; 451. I dismiss as moot Heyman's motions for reconsideration and to stay.

## III. CONCLUSION

IT IS THEREFORE ORDERED that Heyman's motions for recusal **(ECF No. 448)**, to change venue **(ECF No. 449)**, to stay the case **(ECF No. 450)**, and for reconsideration **(ECF No. 451) are DENIED**.

DATED this 11th day of July, 2019.

ANDREW P. GORDON
UNITED STATES DISTRICT JUDGE