# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| DARREN HEYMAN,<br><br>　　　Plaintiff<br><br>v.<br><br>STATE OF NEVADA EX REL. BOARD OF REGENTS OF THE NEVADA SYSTEM OF HIGHER EDUCATION ON BEHALF OF UNIVERSITY OF NEVADA, LAS VEGAS, et al.,<br><br>　　　Defendants | Case No.: 2:15-cv-01228-APG-EJY<br><br>**Order (1) Granting UNLV's Supplemental Motion for Summary Judgment, (2) Denying Plaintiff's Supplemental Motion for Summary Judgment, (3) Denying Defendant Rhoda Montgomery's Motion for Attorney's Fees, (4) Denying Plaintiff's Motion for Re-Taxation of Costs, and (5) Denying Plaintiff's Motion for Summary Reconsideration**<br><br>[ECF Nos. 435, 436, 438, 458, 466] |

Plaintiff Darren Heyman sues the University of Nevada, Las Vegas and several affiliated individuals for spreading a false rumor about him, failing to investigate the rumor, mistakenly separating him from his PhD program, and filing a bar complaint against him in retaliation for the current lawsuit. In a prior order, I granted defendant Rhoda Montgomery's motion for summary judgment, granted in part the motion for summary judgment filed by the University and some individual defendants (collectively, UNLV), and ordered supplemental motions for summary judgment on Heyman's claims relating to his separation from the University. ECF No. 427. Heyman and UNLV each filed supplemental summary judgment motions on these claims. ECF Nos. 436, 438. Montgomery moves for an award of attorney's fees, and Heyman moves for re-taxation of Montgomery's costs assessed by the clerk's office. ECF Nos. 435, 458. Heyman also moves for re-consideration of all prior orders issued by Judge Boulware before he recused himself from this case. ECF No. 466.

The parties are familiar with the facts so I do not repeat them here except where necessary.[1] I grant UNLV's supplemental motion and deny Heyman's supplemental motion because UNLV owes no duty of care to Heyman and Heyman has not identified contract terms that he alleges UNLV breached. I deny Montgomery's motion for attorney's fees because I do not find that Heyman acted in bad faith in pursuing his claims. I deny Heyman's motion for re-taxation of costs because he fails to offer an appropriate reason to deny costs. And I deny Heyman's motion for reconsideration of Judge Boulware's prior orders because Heyman fails to analyze the appropriate standard and fails to offer a valid reason for reconsideration.

I. **Supplemental Motions for Summary Judgment [ECF Nos. 436, 438]**

In my prior order, I denied UNLV and Heyman's motions for summary judgment on Claims 27-30, which assert negligence, breach of contract, breach of the implied covenant of good faith and fair dealing, and tortious breach of the implied covenant of good faith and fair dealing. ECF No. 427 at 21-22. I ordered supplemental motions because both parties failed to develop their arguments for summary judgment. *Id.* at 22.[2] I also ordered Heyman to identify which document or verbal statement forms the contract giving rise to his claims. *Id.*

Summary judgment is appropriate if the movant shows "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a), (c). A fact is material if it "might affect the outcome of the suit under the governing law."

---

[1] The facts are detailed in my previous orders in this case. ECF Nos. 427, 465.

[2] Under the heading "additional issues," Heyman requests reconsideration of my denial of his motion for summary judgment and my allowing the defendants to file a supplemental motion. ECF No. 436 at 9-10. I deny Heyman's request because: (1) he fails to comply with the local rules by filing a separate document for each type of relief requested, L.R. IC 2-2(b); (2) he points to an order issued by Judge Boulware in this case as a reason for reconsideration, but that order applied the dismissal standard; and (3) I allowed both parties the opportunity to file supplemental motions because both parties failed to address key issues in the first round of briefing.

*Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A dispute is genuine if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id.*

The party seeking summary judgment bears the initial burden of informing the court of the basis for its motion and identifying those portions of the record that demonstrate the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). The burden then shifts to the non-moving party to set forth specific facts demonstrating there is a genuine issue of material fact for trial. *Fairbank v. Wunderman Cato Johnson*, 212 F.3d 528, 531 (9th Cir. 2000); *Sonner v. Schwabe N. Am., Inc.*, 911 F.3d 989, 992 (9th Cir. 2018) ("To defeat summary judgment, the nonmoving party must produce evidence of a genuine dispute of material fact that could satisfy its burden at trial."). I view the evidence and reasonable inferences in the light most favorable to the non-moving party. *James River Ins. Co. v. Hebert Schenk, P.C.*, 523 F.3d 915, 920 (9th Cir. 2008).

**A. Negligence Claim**

The parties dispute whether UNLV owes a duty of care to Heyman. ECF Nos. 436 at 5, 438 at 5-7, 444 at 5-7. Heyman argues that a duty arises from the constitution, the student code of conduct, the UNLV graduate catalog, and the internal processes used to expel a student for enrollment violations. ECF Nos. 438 at 5-7, 444 at 5-7.

"To prevail on a negligence theory, the plaintiff generally must show that (1) the defendant had a duty to exercise due care towards the plaintiff; (2) the defendant breached the duty; (3) the breach was an actual cause of the plaintiff's injury; (4) the breach was the proximate cause of the injury; and (5) the plaintiff suffered damage." *Perez v. Las Vegas Med. Ctr.*, 805 P2P 589, 591 (Nev. 1991). Judges in this district have previously held that UNLV does not owe students a general duty of care. *See Salus v. Nev. ex rel. Bd. of Regents of Nev. Sys. of*

*Higher Educ.*, No. 2:10-CV-01734-GMN, 2011 WL 4828821, at *5 (D. Nev. Oct. 10, 2011); *Lucey v. Nev. ex rel. Bd. of Regents of Nev. Sys. of Higher Educ.*, No. 2:07–cv–00658–RLH–RJJ, 2007 WL 4563466, at *6, (D. Nev., Dec. 18, 2007).

Heyman does not attempt to distinguish *Salus* or *Lucey*. I have reviewed those decision and searched in vain for other authority supporting a duty. I agree that UNLV does not owe its students a general duty of care to protect against unintentional separations like the one at issue here. I will not infer such a duty from the internal processes UNLV employs when expelling a student because the facts here are distinct from an expulsion. And because Heyman brings a tort claim under Nevada law, not a constitutional claim, I will not infer such a duty from the Eleventh Circuit's holding in *Barnes v. Zaccari* that continued enrollment in a state school is protected by the Due Process Clause of the Fourteenth Amendment. 669 F.3d 1295, 1305 (11th Cir. 2012). Even assuming that the UNLV Code of Conduct could create a duty, Heyman points only to a provision ambiguously recognizing that students have "rights and responsibilities of membership in the University's academic and social community," which does not create a duty to protect students against unintentional separations like this one.[3] ECF No. 438 at 6. Because UNLV owes no duty to protect against unintentional separations like this one, I grant summary judgment in favor of UNLV on Claim 27.

/ / / /

/ / / /

---

[3] Heyman also points to a provision in the UNLV Graduate Catalog disclaiming that "it does not constitute a contractual commitment that the university will offer all the courses or programs described," arguing that this specific limitation creates a contractual commitment to all other aspects of the catalog under the canon of *expressio unius est exclusio alterius*. ECF No. 444 at 6. Heyman does not offer any authority for this expansive application of the cannon and does not identify which other aspects of the catalog create a duty of care. I will not infer a duty from the catalog either.

4

**B. Contract-related Claims**

UNLV argues that Heyman fails to identify an existing contract, that an agreement to allow Heyman a leave of absence lacks consideration, and that because Heyman's breach of contract claim fails, so must his claim for breach of the implied covenant of good faith and fair dealing. ECF No. 436 at 6-7. Heyman argues that the UNLV Student Code of Conduct, UNLV Graduate Catalog, and his signed leave of absence form comprise contracts between Heyman and UNLV. ECF Nos. 438 at 7, 444 at 7-9.

Under Nevada law, "the plaintiff in a breach of contract action [must] show (1) the existence of a valid contract, (2) a breach by the defendant, and (3) damage as a result of the breach." *Saini v. Int'l Game Tech.*, 434 F. Supp. 2d 913, 919-20 (D. Nev. 2006). "Basic contract principles require, for an enforceable contract, an offer and acceptance, meeting of the minds, and consideration." *May v. Anderson,* 119 P.3d 1254, 1257 (Nev. 2005). A claim for breach of the implied covenant of good faith and fair dealing requires the existence of a valid contract. *JPMorgan Chase Bank, N.A. v. KB Home*, 632 F. Supp. 2d 1013, 1023 (D. Nev. 2009).

Assuming without deciding that the Code of Conduct and Graduate Catalog[4] form valid contracts, Heyman does not identify any terms governing unintentional separations like that at issue here, or any terms that he alleges UNLV breached. And because Heyman has not shown that additional consideration is required in exchange for a leave of absence, he has not shown that the leave of absence form is a valid contract. Because Heyman has not shown the existence of a valid contract governing his separation from UNLV, he cannot make out claims for breach

---

[4] As discussed above, I do not accept Heyman's interpretation of the Graduate Catalog as a contractual commitment to all aspects not mentioned in a specific disclaimer.

of contract or breach of the implied covenant. So I grant summary judgment in favor of UNLV on those claims.

### C. Tortious Breach of Implied Covenant of Good Faith and Fair Dealing Claim

A claim for tortious breach of the covenant of good faith and fair dealing arises only in rare and exceptional cases where there is "a special element of reliance or fiduciary duty, and is limited to rare and exceptional cases." *Great Am. Ins. Co. v. Gen. Builders, Inc.*, 934 P.2d 257, 263 (Nev. 1997) (quotations and citations omitted). "Tort liability for breach of the good faith covenant is appropriate where "the party in the superior or entrusted position" has engaged in "grievous and perfidious misconduct." *Id.* Heyman offers a conclusory argument for the existence of a special relationship between him and UNLV, but he has not identified and I have not found any authority supporting the existence of a special relationship between a university and its students. ECF Nos. 438 at 8, 444 at 10. In any event, an unintentional separation that was fixed in a matter of weeks does not amount to grievous and perfidious misconduct. *Cf. George v. Morton*, No. 2:06-CV-1112- PMP-GEF, 2007 WL 680788, at *9 (D. Nev. Mar. 1, 2007) (making misrepresentations and refusing to compensate plaintiff for services rendered may be viewed as grievous and perfidious). I grant summary judgment in favor of UNLV on Heyman's tortious breach of the implied covenant of good faith and fair dealing claim.

### II. Motion for Attorney's Fees [ECF No. 435]

Montgomery argues that an award of attorney's fees is appropriate under 28 U.S.C. § 1927 and Nevada Revised Statutes § 18.010(2) because Heyman knew he had no claims against Montgomery. ECF No. 435. Heyman responds that (1) the issue is unripe, (2) Montgomery is not entitled to recover fees that she is not obligated to pay because she was found to be acting with the scope of her employment, (3) 28 U.S.C. § 1927 and Nevada Revised

Statutes § 18.010 do not apply in this case, and (4) Heyman has conducted the litigation in good faith. ECF No. 442.

### A. 28 U.S.C. § 1927

Under 28 U.S.C. § 1927, "[a]ny attorney or other person admitted to conduct cases in any court of the United States . . . who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct." 28 U.S.C. § 1927. "The purpose of § 1927 may be to deter attorney misconduct, or to compensate the victims of an attorney's malfeasance, or to both compensate and deter." *Haynes v. City & Cty. of San Francisco*, 688 F.3d 984, 987 (9th Cir. 2012). "Section 1927 sanctions may be imposed upon a pro se plaintiff." *Wages v. I.R.S.*, 915 F.2d 1230, 1235-36 (9th Cir. 1990).

To be awarded, § 1927 sanctions "must be supported by a finding of subjective bad faith." *New Alaska Dev. Corp. v. Guetschow*, 869 F.2d 1298, 1306 (9th Cir. 1989). "Bad faith is present when an attorney knowingly or recklessly raises a frivolous argument, or argues a meritorious claim for the purpose of harassing an opponent." *Estate of Bias v. Winkler*, 792 F.2d 858, 860 (9th Cir. 1986) (citations omitted). Frivolousness by itself does not establish bad faith. *T.W. Elec. Serv., Inc. v. Pac. Elec. Contractors Ass'n*, 809 F.2d 626, 638 (9th Cir. 1987) (internal quotations and citations omitted). Determining whether and what sanctions are appropriate is within the court's discretion. *See Trulis v. Barton*, 107 F.3d 685, 694 (9th Cir. 1995). Nevertheless, "[d]iscretionary choices are not left to a court's inclination, but to its judgment; and its judgment is to be guided by sound legal principles." *Id.* (internal quotations omitted).

Judge Boulware allowed some of Heyman's claims against Montgomery to proceed to summary judgment, and I ruled that Heyman raised genuine issues of material fact on claims

against other defendants. ECF Nos. 27; 225; 427. Heyman also points to an affidavit from a third party supporting his defamation and defamation-related claims against Montgomery. Although the affidavit did not create a genuine issue of fact, it provides some basis for Heyman's defamation claim against Montgomery. ECF No. 427 at 9. I do not find that Heyman pursued the defamation claim against Montgomery in bad faith. Although the defendants may be correct that Heyman pursued other claims against Montgomery in bad faith, they fail to identify what fees are directly attributable to these claims. The purpose of § 1927 is to deter misconduct and compensate the victims of malfeasance, so the fees awarded, if any, should relate directly to the misconduct. I will not parse Montgomery's billing statements to determine which fees are attributable to the misconduct. Consequently, I deny Montgomery's motion for attorney's fees under § 1927.[5]

**B. Nevada Revised Statutes § 18.010(2)**

Under Nevada Revised Statutes § 18.010(2), a party may recover attorney's fees where (a) "the prevailing party has not recovered more than $20,000" or (b) the court finds that a claim or defense "was brought or maintained without reasonable ground or to harass the prevailing party." Nev. Rev. Stat. §§ 18.010(2)(a)-(b). "A party to an action cannot be considered a prevailing party within the contemplation of [N.R.S. §] 18.010, where the action has not proceeded to judgment." *N. Nevada Homes, LLC v. GL Constr., Inc.*, 422 P.3d 1234, 1237 (Nev. 2018). And Nevada law does not apply to a request for attorney's fees in federal court "based upon misconduct by an attorney or party in the litigation itself, rather than upon a matter of [state] substantive law . . . ." *In re Larry's Apartment, L.L.C.*, 249 F.3d 832, 838 (9th Cir. 2001);

---

[5] Montgomery was previously awarded sanctions for other misconduct in this case. ECF Nos. 396, 426.

*see also Oliva v. Nat'l City Mortg. Co.*, 490 Fed. Appx. 904, 906 (9th Cir. 2012) ("Defendants were not entitled to attorney's fees under Nev. Rev. Stat. §§ 7.085 and 18.010 because plaintiffs' alleged misconduct was procedural in nature and, thus, is governed by federal law."); *Taylor v. Beckett*, No. 13-CV-02199-APG-VCF, 2017 WL 3367091, at *3 (D. Nev. Aug. 4, 2017) (denying motion for attorney's fees under § 18.010(2)(b) for filing or maintaining groundless claims).

Montgomery requests fees under both parts of § 18.010(2). I deny her request under subsection (a) because Montgomery is not a prevailing party under the statute until I enter final judgment. Montgomery's request under subsection (b) is premised on Heyman's filing and maintenance of claims without a reasonable basis. ECF No. 435 at 10-11. Because this alleged misconduct is procedural in nature, it is governed by federal law. So, I deny Montgomery's request under subsection (b) as well.

**III.   Motion for Re-taxation of Costs [ECF No. 458]**

Heyman moves for re-taxation of $1,271.95 in costs taxed by the clerk's office. ECF Nos. 453, 458. Heyman contends that (1) Montgomery's counsel acted in bad faith; (2) Montgomery failed to attach an affidavit as required by the local rules; (3) Montgomery was indemnified by the state of Nevada for her fees and costs; (4) he has limited resources and imposing costs could have a chilling effect; (5) Montgomery failed to provide evidence that checks for some costs were cashed; and (6) final judgment has not been entered. *Id.*

"An award of standard costs in federal district court is normally governed by Federal Rule of Civil Procedure 54(d), even in diversity cases." *Champion Produce, Inc. v. Ruby Robinson Co.*, 342 F.3d 1016, 1022 (9th Cir. 2003). Rule 54(d)(1) provides that "[u]nless a federal statute, these rules, or a court order provides otherwise, costs—other than attorneys'

9

fees—should be allowed to the prevailing party." The court may deny costs for any appropriate reason, including "(1) the substantial public importance of the case, (2) the closeness and difficulty of the issues in the case, (3) the chilling effect on future similar actions, (4) the plaintiff's limited financial resources, and (5) the economic disparity between the parties." *Escriba v. Foster Poultry Farms, Inc.*, 743 F.3d 1236, 1247 (9th Cir. 2014). Local Rule 54-1 requires that a bill of costs must be filed "no later than 14 days after the judgment or decree," but does not specifically require entry of judgment prior to filing a bill of costs. Instead, the Ninth Circuit has held that "each case should be analyzed individually to determine whether there is a prevailing party" under Rule 54(d)(1). *Pedrina v. Chun*, 182 F.3d 927 at *1 (9th Cir. 1999) (table decision).

Having reviewed Montgomery's bill of costs, Heyman's objections, the clerk's memorandum, and Heyman's motion, I deny Heyman's motion for re-taxation. Montgomery is a prevailing party because I have entered summary judgment in her favor on all of Heyman's claims. ECF No. 427. Although this may seem to conflict with my finding that Montgomery is not a prevailing party under Nevada Revised Statutes § 18.010(2)(a), the federal standard is more flexible than Nevada's. I do not find that Montgomery's request was made in bad faith. The amount of costs is modest and Heyman has not submitted an affidavit to support his claimed lack of resources. Montgomery's bill of costs complies with Local Rule 54-14(c). *See* 28 U.S.C. 1746. Heyman has not identified and I have not found any controlling authority requiring the denial of costs when those costs are indemnified by a third party.[6] There is also no requirement

---

[6] Heyman points to a state court decision, but the award of costs in federal courts is governed by the Federal Rules of Civil Procedure.

10

that a party provide evidence that checks have been cashed. I deny Heyman's motion for re-taxation of costs.

## IV. Motion for Reconsideration [ECF No. 466]

Heyman previously moved for reconsideration of all orders issued by Judge Boulware prior to his recusal. ECF No. 451. I denied the motion as moot. ECF No. 465 at 4. Heyman moves for reconsideration on grounds that newly-discovered evidence shows that Judge Boulware was paid as an adjunct professor at UNLV's law school during the time this case was assigned to him. ECF No. 466. UNLV responds that Heyman's motion for reconsideration is improper and fails to identify any authority requiring reconsideration of Judge Boulware's prior orders. ECF No. 468.

A district court "possesses the inherent procedural power to reconsider, rescind, or modify an interlocutory order for cause seen by it to be sufficient," so long as it has jurisdiction. *City of L.A., Harbor Div. v. Santa Monica Baykeeper*, 254 F.3d 882, 885 (9th Cir. 2001) (quotation and emphasis omitted); *see also Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 12 (1983) (citing Fed. R. Civ. P. 54(b)). "Reconsideration is appropriate if the district court (1) is presented with newly discovered evidence, (2) committed clear error or the initial decision was manifestly unjust, or (3) if there is an intervening change in controlling law." *Sch. Dist. No. 1J, Multnomah Cnty., Or. v. ACandS, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993).

The disqualification statute "neither prescribes nor prohibits any particular remedy for a violation," and "[t]here need not be a draconian remedy for every violation of [28 U.S.C.] § 455(a)." *Liljeberg v. Health Servs. Acquisition Corp.*, 486 U.S. 847, 862, 864 (1988). In determining whether an order should be vacated, "it is appropriate to consider the risk of

11

injustice to the particular parties, the risk that the denial of relief will produce injustice in other cases, and the risk of undermining the public's confidence in the judicial process." *Id.* (vacating judgment by district court under Rule 60(b)(6)); *see also United States v. Bulger*, 928 F. Supp. 2d 305, 315 (D. Mass. 2013) (*Liljeberg* factors apply to determine whether to allow prior orders to stand).

Assuming without deciding that Heyman's evidence that Judge Boulware was a paid adjunct professor is newly discovered and would have disqualified Judge Boulware under 28 U.S.C. § 455, Heyman fails to apply the *Liljeberg* factors or otherwise explain why Judge Boulware's orders should be reconsidered. There is no risk of injustice here because many of Heyman's claims survived Judge Boulware's rulings and Heyman does not identify any orders that were wrongly decided or the product of bias. I also do not find that denial of relief will produce injustice in other cases. The risk to the public's confidence in the judicial process is insubstantial because: (1) Judge Boulware was a paid adjunct professor at UNLV's law school, while this case is focused on UNLV's hospitality school; (2) Judge Boulware was paid a modest amount for his teaching; and (3) federal judges play an important in legal education. *See* Code of Conduct for United States Judges Canon 4(A)(1) ("A judge may speak, write, lecture, teach, and participate in other activities concerning the law, the legal system, and the administration of justice[.]"). So I deny Heyman's motion for reconsideration.

## V. Conclusion

I THEREFORE ORDER that Heyman's supplemental motion for summary judgment **[ECF No. 438] is DENIED** and UNLV's supplemental motion for summary judgment **[ECF No. 436] is GRANTED.** Claims 27-30 are dismissed against all defendants.

I FURTHER ORDER that Montgomery's motion for attorney's fees **[ECF No. 435] is DENIED.**

I FURTHER ORDER that Heyman's motion for re-taxation of costs **[ECF No. 458] is DENIED.**

I FURTHER ORDER that Heyman's motion for re-reconsideration **[ECF No. 466] is DENIED.**

DATED this 27th day of January, 2020.

_____
ANDREW P. GORDON
UNITED STATES DISTRICT JUDGE