# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| DARREN HEYMAN,<br><br>    Plaintiff<br><br>v.<br><br>STATE OF NEVADA EX REL. BOARD OF REGENTS OF THE NEVADA SYSTEM OF HIGHER EDUCATION ON BEHALF OF UNIVERSITY OF NEVADA, LAS VEGAS, et al.,<br><br>    Defendants | Case No.: 2:15-cv-01228-APG-DJA<br><br>**Order on Pending Motions Regarding Proposed Pretrial Order**<br><br>[ECF Nos. 488, 489, 490, 496] |

The parties have been unable to agree on the preparation of a Joint Pretrial Order, resulting in the parties submitting their own proposed orders (ECF Nos. 488, 490-1 at 27), plaintiff Darren Heyman filing a motion to compel a good faith "meet and confer" and to extend the time to file a proposed order (ECF Nos. 489, 490), and the defendants moving for permission to file a surreply to rebut Heyman's allegations about the negotiations (ECF No. 496).

Heyman appears to be engaging in gamesmanship, with mock outrage and threats of complaints to the state bar against the defendants' counsel. *Compare* ECF No. 495 at 1-2 *and* ECF No. 496-1 at 26 *with* ECF No. 489-1 at 11 *and* ECF No. 496-1 at 9.  In addition, Heyman's filings are rife with *ad hominem* attacks on the defendants' counsel, which I will not tolerate.

Heyman proposed a "list of [286] undisputed facts" to include in the Joint Pretrial Order. ECF No. 496-1 at 11-21.[1]  Many of those are irrelevant and inadmissible at trial. *See*, *e.g.*, *Id.* at

---

[1] This list was reduced from Heyman's original "400-500" undisputed facts. *See* ECF No. 489-1 at 4.  And at one point Heyman stated that his proposed pretrial order "is about 100 pages long, not including Exhibits and depos. . . ." ECF No. 489-1 at 3.  There is no need for such a large document, especially in this case.  Further significant reductions are needed.

12 ¶¶ 38-40 (regarding who represented UNLV in this case); *Id.* at 14 ¶¶ 85-88 (references to Judge Boulware and me).  Equally problematic is Heyman's request that the defendants stipulate to the admission of all discovery responses and documents they produced.  *Id.* at 22-23; *see also* ECF No. 489-1 at 52-54.  Local Rule 16-3(b)(8) requires parties to list their specific trial exhibits so the other party can stipulate or object to admissibility.  Finally, Heyman lists 21 witnesses he intends to call at trial.  *See* ECF No. 489-1 at 55-57.  He cannot possibly present that many witnesses and offer all of his proposed exhibits while at the same time representing that trial will last five to seven days.  *Id.* at 57.[2]

Local Rules 16-3 and 16-4[3] are designed to streamline the trial preparation and presentation, and to foster settlement.  The parties cannot simply list every document and witness and wait to make trial decisions until the eve of trial.  Rather, they must seriously consider what evidence (exhibits and witnesses) they need to present at trial and list those in the proposed order.  Listing every document and every witness violates the intention of the Local Rules.  Yet that appears to be what Heyman has done.

Heyman complains that the defendants have not made a good faith settlement offer.  I will not require the defendants to make an offer at this point.  If the parties want to engage in further settlement discussions, they are, of course, free to do so.  And after the pretrial order has been entered, I will require the parties to attend a settlement conference with a magistrate judge.  For now, any settlement negotiations are voluntary.

---

[2] This is, by no means, a complete list of the problems with Heyman's proposed facts and evidence.  It is only a small sampling and is not meant to approve Heyman's other proposals.

[3] The parties should be aware that the Local Rules of Practice were recently revised.  The current version can be found on the court's webpage at: https://www.nvd.uscourts.gov/wp-content/uploads/2020/04/Local-Rules-of-Practice-Amended-2020.pdf.

Heyman also complains that the defendants' counsel refused to meet in person to prepare the pretrial order. Because of the Covid-19 pandemic, I will not order the parties to meet in person. Rather, they shall negotiate the pretrial order via telephone (if both sides can be cordial, reasonable, and efficient). If telephonic conversations are not fruitful or become too lengthy, the parties shall negotiate the order by email.

I THEREFORE ORDER that the parties' proposed pretrial orders **(ECF Nos. 488 and 490-1 at 27) are rejected.** The parties shall confer as directed above and submit a Joint Pretrial Order that complies with Local Rules 16-3 and 16-4 by May 15, 2020.

I FURTHER ORDER that Heyman's motion to compel **(ECF No. 489)** and motion to extend time **(ECF No. 490) are denied as moot** based on this order.

I FURTHER ORDER that the defendants' motion to file a surreply **(ECF No. 496) is granted.**

DATED this 24th day of April, 2020.

ANDREW P. GORDON
UNITED STATES DISTRICT JUDGE