UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| DARREN HEYMAN,<br><br>    Plaintiff<br><br>v.<br><br>STATE OF NEVADA, et al.,<br><br>    Defendants | Case No.: 2:15-cv-01228-APG-BNW<br><br>**Order Remanding Case to State Court** |

    Plaintiff Darren Heyman originally filed this suit in state court. ECF No. 1-2.  The defendants removed the case based on a federal question in the operative complaint at that time. *Id.*; ECF No. 1.  Now, the only remaining claims are against defendants Kristen Malek and the University of Nevada, Las Vegas (UNLV) for defamation (claim 1), invasion of privacy/false light (claim 2), intentional infliction of emotional distress (claim 5), constructive fraud (claim 9), fraud and intentional misrepresentation (claim 13), and negligence (claim 16).  UNLV is a defendant based on the allegation that Malek, who was a doctoral student and graduate assistant at the hotel college, was UNLV's agent. *See* ECF Nos. 28 at 9-10; 427 at 14.  Because only state law claims remain, I decline to exercise supplemental jurisdiction over them, and I remand this case to state court.

    I have supplemental jurisdiction over the state law claims under 28 U.S.C. § 1367(a). Under § 1367(c), I may decline to exercise supplemental jurisdiction if:

> (1) the claim raises a novel or complex issue of State law,
> (2) the claim substantially predominates over the claim or claims over which the district court has original jurisdiction,
> (3) the district court has dismissed all claims over which it has original jurisdiction, or
> (4) in exceptional circumstances, there are other compelling reasons for declining jurisdiction.

If I determine that one or more of these conditions exists, I must then consider whether exercising jurisdiction would ultimately serve "the principles of economy, convenience, fairness, and comity . . . ." *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 3357 (1988). If these considerations do not favor exercising supplemental jurisdiction, then "[I] should hesitate to exercise jurisdiction over [the] state claims . . . ." *United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 726 (1966). Whether to decline the exercise of supplemental jurisdiction under § 1367(c) lies within my discretion. *Satey v. JPMorgan Chase & Co.*, 521 F.3d 1087, 1091 (9th Cir. 2008).

There is no longer a federal claim over which I have original jurisdiction. *See Notrica v. Bd. of Sup'rs of Cnty. of San Diego*, 925 F.2d 1211, 1213-14 (9th Cir. 1991) (stating that "in the usual case, the balance of factors to be considered under the pendent jurisdiction doctrine . . . will point toward declining to exercise jurisdiction over state law claims when all federal claims have been dismissed"). The remaining claims are state law torts that, for comity reasons, are best resolved by a state court with appeal to the Supreme Court of Nevada. Indeed, the substantive rulings in this case have predominately been related to the state law claims and thus any appeal of those rulings should be resolved by the Supreme Court of Nevada. Although there have been substantial proceedings in this court, the remaining claims have been narrowed to a subset of state law torts that are ready for trial before a Nevada state judge who can resolve any remaining issues of Nevada law that may arise throughout the remainder of the case. I therefore decline to exercise supplemental jurisdiction, and I remand this case to state court.

/ / / /

/ / / /

/ / / /

I THEREFORE ORDER that the case is remanded to the state court from which it was removed for all further proceedings. The clerk of court is instructed to close this case.

DATED this 21st day of July, 2021.

                                            ANDREW P. GORDON
                                            UNITED STATES DISTRICT JUDGE